**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICE OF ROBERT L. TEEL**
ROBERT L. TEEL (SBN 127081)
*lawoffice@rlteel.com*
207 Anthes Ave, 2nd Floor
Telephone:(866) 833-5529
Facsimile: (855) 609-6911

*Attorneys for Plaintiff and the Proposed Class*

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMERO and FRANK TISCARENO, on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC,<br><br>Defendant. | Case No.: **'16CV1283 JM   MDD**<br><br><u>CLASS ACTION</u><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO CALIFORNIA PENAL CODE § 636 AND BASED ON NEGLIGENCE**<br><br><u>DEMAND FOR JURY TRIAL</u> |

**INTRODUCTION**

1.      Plaintiffs Juan Romero ("Romero") and Frank Tiscareno ("Tiscareno"), individually referred to herein as a "Plaintiff" and collectively as the "Plaintiffs", individually and on behalf of all other persons similarly situated, by their undersigned attorneys, for their complaint against defendants, file this lawsuit to stop Securus Technologies, Inc. ("Securus" or "Defendant") from illegally monitoring, recording, maintaining, storing, and disclosing private phone calls by detainees to or from their attorneys without either party's permission and without warning, and allege the following based upon personal knowledge as to themselves and their own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through their attorneys, which includes, without limitation, a review of the Defendant's public documents, announcements, and wire and press releases published by and regarding Securus, and information readily obtainable on the internet.

**JURISDICTION AND VENUE**

2.      This Court has original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (a) at least one member of the putative Class is a citizen of a state different from Securus; (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; (c) the proposed class consists of more than 100 class members; and (d) none of the exceptions under the subsection apply to this action.

3.      This Court has supplemental jurisdiction over the California Invasion of Privacy Act, Penal Code §§ 630, *et seq*. ("CIPA") and common law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction over pendant state law claim).

1

4.      This Court has jurisdiction over Defendant because: (a) it is registered to conduct business in California; and (b) has sufficient minimum contacts in California, or otherwise intentionally avails itself of the markets within California through the promotion, sale, marketing, and distribution of its products and services, to render the exercise of jurisdiction by this Court proper and necessary.

5.      Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiffs are residents of and domiciled in this District, Defendant conducts substantial business in this District, and a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

6.      Plaintiff Juan Romero is a resident of San Diego, California and the county of San Diego, who was a detainee and prisoner held at one or more of San Diego county's detention facilities, and a user of the Securus phone system who has used Securus' phone system to communicate with his attorney.

7.      Plaintiff Frank Tiscareno is a resident of Menifee, California and the county of Riverside, who was a detainee and prisoner held at one or more of San Diego county's detention facilities, and a user of the Securus phone system who has used Securus' phone system to communicate with his attorney.

8.      Defendant Securus Technologies, Inc. is a Texas corporation with its principal place of business at 14651 Dallas Parkway, Suite 600, Dallas. Texas 75254-8815.

## SUMMARY AND COMMON FACTUAL ALLEGATIONS

9.       Plaintiffs are attorney and client users of the Securus phone system who bring this proposed class action lawsuit on behalf of all detainees and attorneys

2

who used the Securus phone system from June 1, 2008 to the present to communicate and converse whose private phone calls were unlawfully recorded without permission of all parties.   Plaintiffs seek injunctive relief requiring Securus to implement and maintain policies and practices to comply with laws and regulations designed to protect privacy rights, and to prevent and remedy these types of unlawful private and confidential recordings, as well as restitution, damages, statutory remedies, disgorgement, and other relief.

10.     Throughout the country, a person arrested is typically brought to a detention facility or jail to be booked by law enforcement authorities.    Attorneys routinely contact, communicate, and converse with persons in jail by phone or videoconference to discuss confidential matters.   They do so under the express understanding, representation, and promise from Securus that their conversations are private, confidential, and privileged, and are not to be recorded without permission from all parties.  Similarly, Securus represents and promises, and detainees are told and understand, their conversations with their attorneys are private, confidential, and privileged and not to be recorded without permission from all parties.

11.     Prison and jail communications is a $1.2 billion a year business.  Securus provides phone and videoconferences services to detainees nationwide and, without limitation, the San Diego county, San Bernardino county, Riverside county, and other California county detention facilities.   The company is a leading provider of phone services inside the country's prisons and jails.

12.     Securus claims on its website that it is the largest inmate communications provider in the country serving thousands of correctional facilities and more than 1 million inmates in at least 45 states.  The company processes over one million calls per day.   In 2014, Securus is reported to have generated over $400 million dollars in revenue from tolls and fees it charges detainees and their families, friends, lawyers, and others for speaking with detainees.

3

13.     Securus records communications between detainees and the outside world on servers, electronic storage devices, cables, and software separate from what connects the callers.  The equipment it uses to intercept, record, and share detainees' and lawyers' telephone calls facilitates such calls.   The recordings are not a necessary incident of the calls.

14.     Securus gives local law enforcement agencies direct eavesdropping ability and online access to recorded phone calls and the ability to listen in and review them at any time.  In fact, some if not all of Securus' contracts with law enforcement require Securus to provide inmate call recording and tracking and allow law enforcement, including without limitation prosecuting attorneys, to search the contents of those recordings at will and without notice.

**Promises About Recording of Private Attorney-Client Phone Calls**

15.     Securus promises Plaintiffs, attorneys, and the public that it does not record telephone calls between attorneys and their clients. For instance, its "Video Visitation" brochure states in connection with an inmate's calls to their attorney, "These private sessions will not be recorded or monitored."  Securus thereby leads detainees and their attorneys to believe calls between them are not recorded without permission of all parties, and are private and confidential.

16.     But in reality, Securus does eavesdrop on, listen in on, record, and store private and confidential attorney-client phone calls without permission of all parties, and Securus shares access and recordings with law enforcement personnel, including prosecutors, as evidenced by, *inter alia*, reports by lawyers of production of such recorded calls from prosecutors in discovery.  The opportunity for the prosecution to use the knowledge acquired through eavesdropping and listening to the recorded phone calls to their tactical advantage, with or without admitting they eavesdropped

4

or obtained or listened to the recordings, creates a huge potential for mischief and abuse.

## Invasion of Privacy

17.     Civil detainees, like other citizens, have a right to expect that their phone calls, and especially private and confidential attorney-client phone calls, will not be recorded or stored without their permission.  Law enforcement is not free to record and make use of telephone conversations, and especially attorney-client telephone conversations and recordings, without limitation.

18.     Plaintiffs and their attorneys have a right to privacy when making or receiving attorney-client phone calls.  Securus' conduct seriously violates Plaintiffs' statutory and common law rights of privacy.

## Securus Is Not So Secure

19.     Securus, it turns out, is not so secure.  On or about November 11, 2015, the online journalism publication, *The Intercept*, announced it had received "an enormous cache of phone records" and other material, which revealed a major data breach by Securus of ***70 million*** stored phone call recordings, including what has now been determined to be over ***57,000 confidential attorney-client phone calls***, and counting, as well as other personal information, in not less than 37 states.  The recorded and leaked calls span a nearly two and one-half year period beginning in December 2011 and ending in the spring of 2014 in calls that range from under a minute to over an hour in length.  Securus makes money when the call is connected, regardless of how long it lasts, and gets more revenue the longer the call goes on.

20.      Securus advertises and promotes itself as having a superior phone system called the "Secure Call Platform" that is able to monitor, record, and securely store

5

phone call recordings and make them accessible only to authorized users within the criminal justice system.  Securus' promotional material touts itself as a provider of "the most technologically advanced audio and video communications platform to allow calls with a high level of security."

21.     Securus also states that it does "not sell, trade, or otherwise transfer to outside parties, including law enforcement, personally identifiable information," except under certain limited circumstances.  In fact, Securus does extensive business with local and county governments and private contractors, state departments of correction, the federal Bureau of Prisons, and the U.S. Marshal's Service, all of which operate the nation's jails and run the nation's prison systems.  Securus derives substantial revenue from "site commissions," which it kicks back in the form of payments to government law enforcement from revenue generated by inmate calls.

22.     Securus' website claims that its database contains the billing names and addresses of over half a million people who are ***not*** incarcerated, as well as information about 1,000,000 inmates from over 2,000 correctional facilities, that includes over 100 million call records.  Securus recognizes that this is valuable data and boasts it can make it available at the fingertips of law enforcement and correctional authorities.  Securus states that the data, which is available and being sold to corrections and law enforcement authorities through so-called "site commissions," is "growing every day" and can be provided to law enforcement investigators on demand.

**Securus Breaches Its Duties and Obligations**

23.     In addition to the duties and obligations Securus has voluntarily undertaken and committed to, Securus has statutory obligations not to record private and confidential attorney-client phone calls without permission of all the parties.  For example, Securus has a duty and obligation to follow all federal, state, and local laws in conducting its business, yet it breached this duty by, amongst other things, recording

6

private and confidential attorney-client privileged communications without permission.

24.     In a 2011 bid to provide phone service to inmates in Missouri's state prisons, Securus undertook a duty and obligation to record and monitor each call, with the exception of attorney-client calls.  But, the database provided to *The Intercept* shows that over 57,000 recordings of inmate-attorney communications were recorded, collected, stored, disclosed, and ultimately hacked.

25.     *The Intercept* arrived at the 57,000 figure by looking up each of the nearly 1.3 million phone numbers that inmates called in a public directory of businesses to find out whether a law firm or attorney's office is associated with that number.  Those numbers, however, do not include calls to attorney cellphone or other attorneys' numbers not listed in a public business directory and the number of recorded attorney-client calls is undoubtedly higher.

26.     Securus has undertaken other similar duties and obligations not to record private attorney-client conversations and communications, both directly to users of the Securus system, and in its contracts with law enforcement, yet it appears Securus has no intention of ceasing its unlawful, unconstitutional eavesdropping, recording, and invasion of private attorney-client communications.  Detainees and lawyers are all at substantial risk of having their conversations monitored, recorded, and used against them to prejudice their criminal cases and that Defendant will continue to violate their rights

27.     Securus claims on its website that it has a superior, revolutionary technology that collects intelligence from more than 2,600 law enforcement and correction agencies "providing unbeatable lead generation."  It also promotes itself as "SAS 70 and Sarbanes-Oxley compliant."

28.     Securus also promises that it's platform will "allow calls with a high level of security and that it "understands that confidentiality of calls is critical, and [it] will

follow all federal, state, and local laws in the conduct of [its] business." It also pledges to "provide and invest in security features that will make all parties and the public safe while maintaining the critical family connection to inmates."

29.     However, the sheer scale of the Securus hack of over 70 million recordings shows that the company's promotional and advertising claims are false and misleading and that Securus has failed to live up to its own duties, obligations, and undertakings.

30.     In addition, the quantitative nature of the data hack reveals the falsity of Securus' promotional and advertising material.  The Securus database reveals that the recordings contained prisoners' first and last names; the phone numbers they called; the date, time, and duration of the calls; the inmates' Securus account numbers; as well as other information.  In addition to metadata, each phone call record includes a "recording URL" which provides a link to where the audio recordings of the calls can be downloaded with the click of a mouse.

31.     On November 12, 2015, Securus admitted the data breach and flaws in its security measures for the first time when it emailed *The Intercept* and stated "evidence suggests that an individual or individuals with authorized access to a limited set of records may have used that access to inappropriately share those records."

32.     According to *The Intercept*, in an email thread from July 21, 2014, two Securus employees discussed the breach.  "OMG……..this is not good!" reads one email contained in the document. "The company will be called to task for this if someone got in there that shouldn't have been."  There is no indication the 2014 hack had been made public prior to *The Intercept* article.

33.     The private phone calls Securus recorded between detainees and their attorneys while in physical custody in San Diego county were ***not*** included in *The Intercept* cache of phone calls.

8

**Securus Does Not Warn Attorney Client Users**

34.     Since at least 2013, users of the Securus phone system for phone calls between attorneys and their clients have only heard the Securus prompt associated with the Securus' marketing information, but not the prompt warning them that the phone call was being monitored and recorded.

35.     Securus recorded private and confidential phone calls from detainees to the San Diego county Public Defender's Office and Alternate Public Defender's Office, as well as other criminal defense attorneys, without their permission and without any warning at various times from at least 2013 until at least August, 2014.

36.     During the period from May 2013 to July 2014 attorney-client calls, including to the Public Defender's Office, Alternate Public Defender's Office, and other attorney offices, including without limitation Plaintiffs' lawyer, were recorded without permission or warning.

37.     Securus knew these calls were being recorded unlawfully and covered it up by suppressing and concealing the true facts.  Securus had a duty and was bound to disclose its unlawful eavesdropping and recording due to its superior and exclusive knowledge of the true facts which were not known or reasonably accessible to Plaintiffs.  Instead, Securus actively concealed, suppressed, omitted, and failed to disclose these true facts concerning the recording, storage, and security of private, confidential, and privileged attorney-client phone calls with the intent to induce Plaintiffs to continue to purchase Securus' communications services.

38.     Plaintiffs were unaware of these suppressed and omitted material facts at the time they used the Securus system.  Plaintiffs relied on the truthfulness and reliability of the statements made by Securus.  Plaintiffs did not know, or have any reason to know, of these facts, conditions or circumstances.  If they had known the true facts at the time of their purchases, Plaintiffs would not have used or paid for Securus'

9

services for their attorney-client communications and would have taken action sooner to protect their privacy rights.

39.     The total number of private phone calls between detainees and their lawyers recorded without permission or warning is currently unknown, but the recording of private attorney-client calls appears endemic to the Securus system on a California-wide, and indeed a nationwide, basis.

40.     Securus, though, can tell us how many private calls were unlawfully recorded.   Securus brags it has the capability at its fingertips to query its system and know exactly which, and how many, private calls were recorded.

41.     In addition to San Diego county (population 3.2M), Securus also does business in Riverside county (population 2.2M), San Bernardino county (populations 2M), San Mateo county (population 700K) other California counties.  In all, Securus claims to serve 70 detention facilities in California alone.  Based on an extrapolation of the Missouri statistics, the potential number of private attorney-client phone calls unlawfully recorded by Securus is staggering, with well over 500,000 calls estimated per year made just to the Public Defenders' offices in the four counties listed above.

42.     Securus has been wrongly and unjustly enriched by payments illegally collected by Securus, and the retention of such payments is unfair and unlawful given the true facts regarding the eavesdropping, listening to, recording, storage, disclosure, and security of the conversations between Plaintiffs and their attorney, and other attorney-client users of the Securus system.  Securus should not be allowed to retain the proceeds from the benefits conferred upon it by Plaintiffs and other attorney-client users of the Securus system.

## PLAINTIFFS' EXPERIENCE

### Plaintiff Romero

43.     Plaintiff Juan Romero is a resident of San Diego, California and the county of San Diego who formerly was a detainee and prisoner of, without limitation, the San Diego County George Bailey Detention Facility.  During the Class Period, Mr. Romero used the Securus phone systems in private conversations with his attorney.  Mr. Romero's attorney's phone conversations with detainees were recorded.   On information and belief, Securus recorded Mr. Romero's private, confidential, and privileged phone calls with his attorney without warning to, or permission from, all parties.

44.     Neither Plaintiff Romero nor his attorney have received any notice of the recording of their phone calls.  Securus' unlawful recordings have compromised the private, confidential, and privileged conversations of Mr. Romero and his lawyer.

### Plaintiff Tiscareno

45.     Plaintiff Frank Tiscareno is a resident of Menifee, California and the county of Riverside who formerly was a detainee and prisoner of, without limitation, the San Diego County Central Jail.  During the Class Period Mr. Tiscareno used the Securus phone systems in private conversations with his attorney.  Mr. Tiscareno's attorney's phone conversations with detainees were recorded.  On information and belief, Securus recorded his private, confidential, and privileged phone calls with his attorney without warning to, or permission from, all parties.

46.     Neither Plaintiff Tiscareno nor his attorney have received a notice of the recording of their phone calls.  Securus' unlawful recordings have compromised

11

the private, confidential, and privileged conversations of Mr. Tiscareno and his lawyer.

## **CLASS ACTION ALLEGATIONS**

47.     Plaintiffs brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and the Class preliminarily defined as:

The Class

> All persons and his or her attorneys, that were physically in California: (a) whose conversation, or any portions thereof were listened to, eavesdropped on, or recorded by Securus from June 1, 2008 to the present, inclusive: (b) without permission of all parties to such conversation; (c) by means of an electronic device; (d) while such person was in the physical custody of a law enforcement officer or other public officer, or who was on the property of a law enforcement agency or other public agency.

Such persons are collectively referred to herein individually as a "Class Member" and collectively as the "Class" or "Class Members."

48.     Excluded from the Class are the Defendant herein, law enforcement agencies and personnel, members of the foregoing persons' immediate families and their legal representatives, heirs, successors or assigns and any entity or person in which Defendant have or had a controlling or supervisory interest or control over at all relevant times.

49.     Plaintiffs satisfy the numerosity, commonality, typicality, adequacy, and predominance prerequisites for suing as representative parties pursuant to Rule 23.

50.     Numerosity.   The exact number of proposed Class Members is currently not known, but is believed to consist of thousands of former or current Securus detainees and attorneys who have or are using Securus' phone system and

have had their attorney-client phone conversations recorded without their permission or warning, making joinder of each individual Class Member impracticable.

51.    <u>Commonality.</u>   Common questions of law and fact exist for the proposed Class' claims and predominate over questions affecting only individual Class Members. Common questions include, without limitation:

a.  Whether the recording of a telephone call between a detainee and his or her or her attorney without permission or warning constitutes a violation of each Class Member's CIPA rights and the common law tort of invasion of privacy;

b.  What monitoring, limiting, and supervisory procedures and practices should Securus be required to implement to ensure ongoing protection of each Class Member's CIPA rights and as part of any injunctive relief ordered by the Court;

c.  Whether Securus violated the Class Members' rights under California Penal Code Section 636 by recording of a telephone call between a detainee and his or her attorney without permission or warning;

d.  Whether Securus acted negligently by, without limitation:  (i)  failing to adequately protect Class Members' privacy rights; (ii) eavesdropping on, listening in to, recording, disclosing, and storing private, confidential, and privileged telephone calls between detainees and their attorneys without permission of all parties; (iii) failing to follow all applicable laws; (iv) failing to notify, warn, or get permission of Plaintiffs and Class Members, at

13

the point of call or otherwise, to record the call; (v) failing to notify Plaintiffs and Class Members after the recording of private telephone calls and conversations between a detainee and his or her attorney without permission or warning that the call had been recorded; and (vi) failing to maintain adequate monitoring, limiting, and supervisory procedures, policies, and practices;

e. Whether Class Members may obtain damages, restitution, disgorgement, declaratory, and injunctive relief against Securus; and

f. What monitoring, limiting, supervisory, policies procedures and practices, security procedures, and recording warning and notification procedures Securus should be required to implement as part of any injunctive relief ordered by the Court.

52. <u>Typicality.</u> Plaintiffs' claims are typical of the claims of the proposed Class because, among other things, Plaintiffs and Class Members sustained similar injuries and statutory damages as a result of Securus' uniform wrongful conduct and their legal claims all arise from the same core Securus practices.

53. <u>Adequacy.</u> Plaintiffs will fairly and adequately protect the interests of the Class. Their interests do not conflict with Class Members' interests and they have retained counsel competent and experienced in complex, privacy, and class action litigation to vigorously prosecute this action on behalf of the Class. In addition to satisfying the prerequisites of Rule 23(a), Plaintiffs satisfy the requirements for maintaining a class action under Rule 23(b)(3).

54. Common questions of law and fact predominate over any questions affecting only individual Class Members and a Class action is superior to individual

14

litigation.  The amount of damages available to individual Plaintiffs are insufficient to make litigation addressing Securus' conduct economically feasible in the absence of the Class action procedure.   Individualized litigation also presents a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case.  By contrast, the Class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

55.      In addition, Class certification is appropriate under Rule 23(b)(1) or (b)(2) because:

a.      the prosecution of separate actions by the individual Members of the proposed Class would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Securus;

b.      the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.      Securus has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief described herein appropriate with respect to the proposed Class as a whole.

15

# FIRST CAUSE OF ACTION

## Violation of the California Invasion of Privacy Act

## Cal. Pen. Code §§ 630, *et seq*.

## On Behalf of the Plaintiffs Individually and the Class

56.     Plaintiffs incorporate by reference the foregoing allegations.

57.     The California Invasion of Privacy Act, Cal. Pen. Code §§ 630, *et seq*. ("CIPA"), states that "The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society."

58.     Plaintiffs and the Class Members made and received private, confidential, and privileged telephone calls which were recorded by Securus without permission of all parties and without disclosure to both parties that the phone calls may be or were being recorded.

59.     California Penal Code § 636(a) prohibits "[e]very person" from 'without permission from all parties to the conversation, eavesdrop[ping] on or record[ing], by means of an electronic device, a conversation, or any portion thereof, between a person who is in the physical custody of a law enforcement officer or other public officer, or who is on the property of a law enforcement agency or other public agency, and that person's attorney, religious adviser, or licensed physician . . ."

60.     Pursuant to California Penal Code § 632(b), Securus is a "person."

61.     Securus violates the CIPA when it listens to, eavesdrops, or records, stores, and discloses, without permission private, privileged, and confidential phone calls made and received by the Class Members without permission of all parties.

62.     Securus does not have express or implied permission of all parties to eavesdrop upon or record private, confidential, and privileged telephone calls to or from attorneys with their clients without warning.   To the contrary, Securus expressly undertook a duty and obligation to the Plaintiffs and Class Members when it told them their calls would not be recorded.

63.     The Class Members do not consent, expressly or impliedly, to Securus' eavesdropping upon and recording of their private, confidential, and privileged phone calls between attorneys and their clients.  Securus does not disclose to or warn the Class Members that their private, confidential, and privileged calls may be recorded, stored, and disclosed to third parties.  Plaintiffs and the Class Members do not know or expect, or have any reason to know or suspect that Securus records their private, confidential, and privileged phone calls between attorneys and their clients.

64.     California Penal Code Section 637.2 provides: "Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:

(a)   Five thousand dollars ($5,000).

(b)   Three times the amount of actual damages, if any, sustained by the Plaintiffs.

(c)   Any person may, in accordance with Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, bring an action to enjoin and restrain any violation of this chapter, and may in the same action seek damages as provided by subdivision (a).

17

(d)   It is not a necessary prerequisite to an action pursuant to this section that the Plaintiff has suffered, or be threatened with, actual damages."

65.     Accordingly, Plaintiffs request the Court issue declaratory relief declaring Securus' practice of eavesdropping on, listening to, recording, disclosing, or using private, confidential, and privileged between detainees and their attorney without permission of all parties unlawful.

66.     Plaintiffs request the Court enter an injunction requiring Securus to cease the unlawful practices described herein and enjoining Securus from eavesdropping on, listening to, recording, disclosing, or using private, confidential, and privileged communications between detainees and their attorneys without permission of all parties and order Securus to seek, obtain, and destroy all existing recordings in their possession or the possession of third parties to whom they have given access or disclosed unlawfully recorded communications.

67.     Plaintiffs request that the Court enter an injunction ordering that Securus:  (a) engage a third party ombudsman as well as internal compliance personnel to monitor, conduct test, and audit Securus' safeguards and procedures on a periodic basis; (b) audit, test, and train its internal personnel regarding any new or modified safeguards and procedures; (c) conduct regular checks and tests on its safeguards and procedures; (d) periodically conduct internal training and education to inform internal personnel how to identify violations when they occur and what to do in response; and (e) meaningfully educate its former and current users about their privacy rights by pre-recorded statements at the beginning of recorded phones calls, as well as any steps they must take to safeguard such rights.

68.     Plaintiffs request the Court enter an order pursuant to Cal. Penal Code Section 637.2 awarding statutory damages of $5,000 to Plaintiffs and each Class Member for each phone call unlawfully recorded without permission of all parties.

## SECOND CAUSE OF ACTION

### Negligence

### On Behalf of Plaintiffs Individually and the Class

69.     Plaintiffs incorporate the above allegations by reference.

70.     In providing telecommunications products and services to Plaintiffs and the Class, Securus owed a duty to exercise reasonable care in safeguarding and protecting private, confidential, and privileged attorney-client phone calls. This duty included, among other things, taking reasonable measures to implement and maintain reasonable procedures to protect the rights of Class Members in compliance with applicable law, including, but not limited to, procedures and policies to supervise, restrict, limit, and determine:  (a) whether any conversation between a detainee and his or her attorney is or was being recorded; (b) whether all parties had given their permission to have their conversation recorded; (c) whether the conversation is being, or had in fact been, recorded; (d) how long after discovery any recordings, whether they were lawfully obtained or not, can be retained before being destroyed and notice given to the injured persons; (e) and under what circumstances the recordings, whether lawfully obtained or not, may be sold, transferred, reviewed, disclosed, or released to third parties.

71.     In providing services to the Plaintiffs and the Class, Securus owed them a duty to exercise reasonable care: (a) in obtaining permission to record their conversations; (b) in recording and adequately securing the privacy of attorney-client telephone calls and the privilege applicable to such calls; and (b) in protecting the content of Plaintiffs and the Class' attorney-client phone calls from unauthorized eavesdropping, listening in, recording, storage, disclosure, and access and use.

72.     Securus' systems, policies, and procedures for handling the private, confidential, and privileged information of attorney-client phone calls were intended

19

to affect Plaintiffs and the Class.  Securus was aware that by providing phone products and services to the attorney-client users of its systems, it had a responsibility to take reasonable measures to protect the phone calls from being eavesdropped on or recorded and not to provide access to law enforcement, prosecutors, or other third parties without restriction.

73.     The duty Securus owed to Plaintiffs and Class Members to protect their private, confidential, and privileged attorney-client phone calls is also underscored by the California Invasion of Privacy Act, which recognizes the importance of maintaining the confidentiality of attorney-client phone calls and was established to protect individuals from improper recording of such calls.

74.     Additionally, Securus had a duty to timely disclose to and/or warn Plaintiffs and Class Members that their private, confidential, and privileged were, had been, or were reasonably believed to have been recorded.  Timely disclosure is appropriate so that Plaintiffs and Class Members could, among other things, undertake appropriate measures to avoid such recordings and prevent or mitigate the risk of unlawful recording and disclosure.

75.     There is a very close connection between Securus' failure to take reasonable measures to protect attorney-client users of its systems and the injury to Plaintiffs and the Class.  When individuals have their private, confidential, and privileged attorney-client phone calls recorded: (a) they are at risk for improper use of such recordings by law enforcement, prosecutors, and other parties, and of having their privacy rights violated; and (b) they may need to incur additional costs and expense to protect themselves from such invasions of privacy.

76.     Securus is legally responsible and to blame for such unlawful eavesdropping and recordings and the violations of the privacy rights of the attorney-client users of its service because it failed to take reasonable privacy and recording measures.  If Securus had taken reasonable privacy and recording security measures,

20

private, confidential, and privileged phone calls of attorney-client users of Securus' products and services would not have been eavesdropped on or recorded.

77.    The policy of preventing future harm weighs in favor of finding a special relationship between Securus and the Class.  Securus' attorney-client users of its telecommunications products and services count on Securus to keep their attorney-client phone calls private.  Indeed, they are captive users.  If Defendant is not held accountable for failing to take reasonable privacy security and recording measures to protect the attorney-client users of their system, they will not take the steps that are necessary to protect against future invasions of privacy and rights.

78.    It was foreseeable that if Securus did not take reasonable security measures, the private, confidential, and privileged attorney-client phone calls of Plaintiffs and Members of the Class would be recorded and unlawfully disclosed. Securus should have known to take precautions to secure such attorney-client calls.

79.    Securus breached its duty to exercise reasonable care in protecting the private attorney-client phone calls of Plaintiffs and the Class by:  (a) failing to implement and maintain adequate recording and security measures to safeguard phone calls; (b) failing to monitor its systems to identify unlawful activity; (c) allowing unauthorized recording and access to the private attorney-client phone calls of Plaintiffs and the Class; and (d) failing to otherwise prevent unauthorized eavesdropping, recording, listening to, or disclosure of such calls.

80.    Securus breached its duty to timely warn or notify Plaintiffs and the Class about the unlawful recordings.  Securus has failed to issue any warnings to its current and former attorney-client users of its systems affected by the recordings. Additionally, Securus was, or should have been, aware of the unlawful recordings as early as June 1, 2008.

81.    But for Securus' failure to implement and maintain adequate measures to protect the privacy and confidentiality of the Plaintiffs' and Class Members

21

attorney-client calls and conversations, and its failure to monitor its systems to identify unlawful recordings and suspicious activity, the private recording of Plaintiffs and Class Members would not have been made, and they would not be at a heightened risk of unlawful recordings in the future.

82.     Securus' negligence was a substantial factor in causing harm to Plaintiffs and Class Members and in violating the Class' CIPA and common law privacy rights.

83.     As a direct and proximate cause and result of Securus' failure to exercise reasonable care and use reasonable measures to safeguard the private, confidential and privileged nature of the recorded attorney-client phone calls, such calls of Plaintiffs and the Class attorney-client users of the Securus telecommunications services were eavesdropped on, listened to, recorded, stored, and disclosed, such that unauthorized individuals could use the information to compromise Plaintiffs privacy rights.  Plaintiffs and the Class face a heightened risk of such invasions of privacy in the future.

84.     Members of the Class have also suffered economic damages, including incurring additional legal costs and expenses and charges for phone calls they would not have otherwise incurred and paid.

85.     Neither Plaintiffs nor other Class Members contributed to the unlawful conduct set forth herein, nor did they contribute to Securus' unlawful eavesdropping, listening to, recording, or storage of attorney-client phone calls, nor to the insufficient measures to safeguard the private nature of such calls and conversations.

86.     Plaintiffs and the Class seek compensatory damages and punitive damages with interest, the costs of suit and attorneys' fees, and other and further relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, request the Court:

a.      Certify this case as a Class action on behalf of the Class defined above appoint Juan Romero and Frank Tiscareno as Class representatives, and appoint the Law Offices of Ronald A. Marron and Robert Teel as Class counsel;

b.      Award declaratory, injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and Class Members;

c.      Award restitution and damages to Plaintiffs and Class Members in an amount to be determined at trial;

d.      Order disgorgement of Defendant's unjustly acquired revenue, profits, and other monetary benefits resulting from their unlawful conduct for the benefit of Plaintiffs and Class Members in an equitable and efficient manner determined by the Court;

e.      Order the imposition of a constructive trust upon Defendant such that its enrichment, benefit, and ill-gotten gains may be allocated and distributed equitably by the Court to and for the benefit of Plaintiffs and the Class Members.

f.      Award Plaintiffs and Class Members their reasonable litigation expenses and attorneys' fees;

g.      Award Plaintiffs and Class Members pre- and post-judgment interest to the extent allowable; and

h.      Award such other and further relief as equity and justice may require.

23

1
## JURY DEMAND

2
Plaintiff hereby demands a trial by jury on all issues so triable.

3

4
Dated:  May 27, 2016                    */s/ Ronald A. Marron*

5
By: Ronald A. Marron

6
**LAW OFFICES OF RONALD A. MARRON**

7
RONALD A. MARRON

8
ALEXIS WOOD
KAS GALLUCCI

9
651 Arroyo Drive

10
San Diego, California 92103
Telephone: (619) 696-9006

11
Facsimile: (619) 564-6665

12

13
**LAW OFFICE OF ROBERT L. TEEL**

13
ROBERT L. TEEL

14
*lawoffice@rlteel.com*

15
207 Anthes Ave, 2nd Floor
Telephone:   (866) 833-5529

16
Facsimile:   (855) 609-6911

17

18
***Attorneys for Plaintiffs***
***and the Proposed Class***

19

20

21

22

23

24

25

26

27

28

24