Adam R. Fox (State Bar # 220584)
adam.fox@squirepb.com
Marisol C. Mork (State Bar # 265170)
marisol.mork@squirepb.com
Chassica Soo (State Bar # 287427)
chassica.soo@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: +1 213 624 2500
Facsimile: +1 213 623 4581

Gretchen A. Ramos (State Bar # 198689)
gretchen.ramos@squirepb.com
Tania L Rice (State Bar # 294387)
tania.rice@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
44 Montgomery Street, Suite 400
San Francisco, California 94104
Telephone: +1 415 989 5900
Facsimile: +1 415 989 0932

Attorneys for Defendant
Securus Technologies, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMERO and FRANK TISCARENO, on behalf of themselves, and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>SECURUS TECHNOLOGIES, INC,<br><br>        Defendant. | Case No. 3:16-cv-01283-JM -MDD<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:      October 3, 2016<br>Time:     10:00 a.m.<br>Courtroom: 5D<br>Judge:   Hon. Jeffrey T. Miller<br><br>**Oral Argument Requested** |

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## NOTICE OF MOTION AND MOTION

## TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on October 3, 2016 at 10:00 a.m., or as soon thereafter as this matter can be heard before the Honorable Jeffrey T. Miller, in Courtroom 5D of the Edward J. Schwartz United States Courthouse, located in Suite 5190, 221 West Broadway, San Diego, California 92101, Defendant Securus Technologies, Inc. ("Securus") will and hereby does move the Court for an order dismissing with prejudice the First Amended Complaint asserted against it in this action. Securus brings this motion pursuant to Rules 8(a), 9(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, because Plaintiffs lack standing and failed to plead exhaustion of their administrative remedies (both jurisdictional defects), and their complaint fails to plead with the requisite degree of particularity a plausible and therefore cognizable claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the supporting Declaration of Ian Jones, and upon such oral argument and other submissions that may be presented at or before the hearing on this Motion.

Dated: August 26, 2015

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

*s/*Adam R. Fox
_____
Adam R. Fox
Gretchen A. Ramos

Attorneys for Defendant
Securus Technologies, Inc.
adam.fox@squirepb.com
gretchen.ramos@squirepb.com

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................... 1

II.     STATEMENT OF ALLEGED (AND ACTUAL) FACTS ..................... 3

III.    LEGAL STANDARDS .......................................................................... 5

IV.     ARGUMENT ......................................................................................... 7

        A.   Plaintiffs Lack Standing To Bring Their Claims In This Forum .......... 7

             1.   Mr. Elliott Lacks Standing Because He Has No Right To Privacy Independent Of His Clients In Privileged Calls ............ 7

             2.   Messrs. Romero And Tiscareno Lack Standing Because Their Phone Calls Were Not Recorded ...................................... 8

             3.   All Three Plaintiffs Lack Standing, Because They Were Not Harmed By Any Recording Of Calls .................................. 9

             4.   Plaintiffs Also Lack Standing To Seek Prospective, Injunctive Relief, Because They Are Unlikely To Be Harmed In the Future ..................................................... 11

        B.   Plaintiffs' Failure To Allege Exhaustion Of The Available Administrative Remedies Deprives This Court Of Subject Matter Jurisdiction Over This Case ...................................... 12

        C.   Plaintiffs' FAC Fails To State A Cognizable Claim ......................... 14

             1.   Plaintiffs Have Not Met Rule 9(b)'s Heightened Pleading Standards .......................................................... 14

             2.   Plaintiffs Fail To Plead Essential Elements of Their Claims .............................................................. 15

V.      CONCLUSION .................................................................................... 16

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

-i-

**Cases**

*Algarin v. Maybelline, LLC*,
  300 F.R.D. 444 (S.D. Cal. 2014) ........................................................................ 12

*Allen v. Wright*,
  468 U.S. 737 (1984) ............................................................................................ 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................... 6, 8, 14, 16

*Baker v. County of Sonoma*,
  No. 08-3433-EDL, 2010 U.S. Dist. LEXIS 26035 (N.D. Cal. Mar.
  19, 2010) ........................................................................................................... 12

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1988) ............................................................................. 6

*Bates v. UPS*, 511 F.3d 974 (9th Cir. 2007) .......................................................... 2, 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................... 6

*Cansino v. Bank of Am.*,
  224 Cal. App. 4th 1462 (2014) .......................................................................... 7

*Evans v. Inmate Calling Solutions*,
  3:08-cv-00353-GMN-VPC, 2011 U.S. Dist. LEXIS 153972 (D.
  Nev. July 29, 2011) ......................................................................................... 1, 7

*Fox v. California Sierra Fin. Servs.*,
  120 F.R.D. 520 (N.D. Cal. 1988) ...................................................................... 7

*In re Fruit Juice Products Marketing and Sales Practices Litig.*,
  831 F. Supp. 2d 507 (D. Mass. 2011) .............................................................. 10

*Garrison v. Whole Foods Mkt. Grp., Inc.*,
  No. 13-cv-05222-VC, 2014 U.S. Dist. LEXIS 75271 (N.D. Cal.
  June 2, 2014) .................................................................................................... 12

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

*In re Gilead Scis., Sec. Litig.*,
 536 F.3d 1049 (9th Cir. 2008) ................................................................ 6, 9, 15

*In re Grand Jury Proceedings*,
 87 F.3d 377 (9th Cir. 1996) ..................................................................... 1, 7

*Gubala v. Time Warner Cable, Inc.*,
 No. 15-cv-1078-pp, 2016 U.S. Dist. LEXIS 79820 (E.D. Wis. June
 17, 2016) ................................................................................................. 10

*Hamilton v. Greenwich Investors XXVI, LLC*,
 195 Cal. App. 4th 1602 (2011) .................................................................. 7

*Jou v. Kimberly-Clark Corp.*,
 No. C-13-03075 JSC, 2013 U.S. Dist. LEXIS 173216 (N.D. Cal.
 Dec. 10, 2013) ......................................................................................... 11

*Kane v. Chobani, Inc.*,
 973 F. Supp. 2d 1120 (N.D. Cal. 2014) .................................................. 7, 14

*Kearns v. Ford Motor Co.*,
 567 F.3d 1120 (9th Cir. 2009) ............................................................ 3, 7, 14

*Lazar v. Superior Court*,
 12 Cal. 4th 631 (1996) ............................................................................. 15

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992) .................................................................................. 5

*Maya v. Centex Corp.*,
 658 F.3d 1060 (9th Cir. 2011) .................................................................... 5

*McVicar v. Goodman Glob., Inc.*,
 1 F. Supp. 3d 1044 (C.D. Cal. 2014) .................................................... 14, 16

*Navarro v. Block*,
 250 F.3d 729 (9th Cir. 2001) ..................................................................... 6

*Papasan v. Allain*,
 478 U.S. 265 (1986) ............................................................................. 6, 15

*Parthemore v. Col*,
 221 Cal. App. 4th 1372 (2013) ............................................................ 12, 13

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

*Reddy v. Litton Indus. Inc.*,
   912 F.2d 291 (9th Cir. 1990) ............................................................... 16

*Romero v. Dep't Stores Nat'l Bank*,
   No. 15-CV-193-CAB-MDD, 2016 U.S. Dist. LEXIS 110889 (S.D.
   Cal. Aug. 5, 2016) .......................................................................... 9

*Safe Air For Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2000) ......................................................... 5, 8

*Safjr v. BBG Communs., Inc.*,
   No. 10-CV-2341 H NLS, 2011 U.S. Dist. LEXIS 26407 (S.D. Cal.
   Mar. 15, 2011) ............................................................................... 8

*Savage v. Glendale Union High Sch.*,
   343 F.3d 1036 (9th Cir. 2003) ........................................................... 6

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ................................................... 2, 8, 10, 11

*Starr v. Baca*,
   633 F.3d 1191 (9th Cir. 2011) ........................................................... 6

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ............................................................. 7

*Varsam v. Lab. Corp. of Am.*,
   120 F. Supp. 3d 1173 (S.D. Cal. 2015) ....................................... 2, 13, 14

*Welco Elecs., Inc. v. Mora*,
   223 Cal. App. 4th 202 (2014) ........................................................... 16

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) ........................................................... 1

*Williamson v. Reinalt-Thomas Corp.*,
   No. 5:11-CV-03548-LHK, 2012 U.S. Dist. LEXIS 58639 (N.D.
   Cal. Apr. 25, 2012) .......................................................................... 9

*Wilson v. Brown*,
   No. 05-cv-1774-BAS-MDD, 2015 U.S. Dist. LEXIS 166443 (S.D.
   Cal. Dec. 11, 2015) .................................................................. 11, 12

## Statutes

15 Cal. Code Regs. § 3282(g)(8) .................................................................*passim*

California Penal Code sections 630, *et seq.* ...........................................*passim*

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

This case presents a putative class action that should be dismissed because the representative plaintiffs lack standing, did not exhaust available administrative remedies before filing suit, and fail to state a cognizable claim.

Plaintiffs, criminal defense attorney Kenneth Elliott, and former San Diego County prisoners Juan Romero and Frank Tiscareno, aver that they were harmed when Defendant Securus Technologies, Inc. ("Securus") recorded their attorney-client phone calls. They were not.

Mr. Elliott can claim no injury from the recording of his calls because the "attorney-client privilege exists for the benefit of the client, not the attorney." *In re Grand Jury Proceedings*, 87 F.3d 377, 381 (9th Cir. 1996); *see, e.g., Evans v. Inmate Calling Solutions*, No. 3:08-cv-00353-GMN-VPC, 2011 U.S. Dist. LEXIS 153972, at *29-32 (D. Nev. July 29, 2011) (rejecting assertion of privacy rights by attorney in case alleging his conversation with an inmate client was improperly recorded because only the latter "has the right to protect privileged attorney-client information").

With regard to Messrs. Romero and Tiscareno, the First Amended Complaint ("FAC") does not allege that their phone calls were actually recorded. Instead, the FAC only alleges that some calls to certain attorneys' phone numbers were recorded, without specifically averring that Messrs. Romero and Tiscareno were participants in those recorded calls. (FAC ¶¶ 44-48, 86, 88). Moreover, the actual facts demonstrate that Messrs. Romero's and Tiscareno's phone calls with their attorneys were never recorded. (*See* Declaration of Ian Jones ("Jones Decl.") ¶ 4 & Ex. 1.) Such evidence enables Securus to mount this dispositive motion to dismiss, which presents an authorized, "factual attack" on the Court's subject matter jurisdiction arising from Plaintiffs' lack of standing. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Plaintiffs lack standing because they have suffered no actual harm for the additional reason that Plaintiffs admit Securus promptly purged any recordings upon being notified of their existence in 2014. (FAC ¶¶ 53, 56, 60, 66). Plaintiffs do not allege that any confidential or privileged information was ever heard or shared prior to the purging. And it bears noting that the United States Supreme Court recently reemphasized—in another putative class action alleging a company's improper breach of privacy—that harm to the plaintiffs "**must actually exist**." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (emphasis added).

Further, Plaintiffs allege that the wrongful recording only occurred between April 2013 and August 2014, and that Plaintiffs would not use Securus's services again, now knowing what they believe to be true about those services. (FAC ¶¶ 66, 69). These facts render it so unlikely that Plaintiffs will be harmed by future use of Securus's services as to deprive Plaintiffs of standing to pursue the prospective injunctive relief they seek. *See Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007) (a plaintiff seeking injunctive relief must show "'a sufficient likelihood that he will again be wronged in a similar way'") (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983)).

The Court also lacks subject matter jurisdiction for another independent reason—Plaintiffs have failed to exhaust their administrative remedies. California's regulations outline a specific appeals process for those with grievances concerning "procedures related to confidential phone calls" in prisons and similar facilities. 15 Cal. Code Regs. § 3282(g)(8). Plaintiffs admit that they have not exhausted these administrative remedies, and instead allege only that such efforts would be "futile." (FAC ¶ 71). It is unclear how this could be so, and merely reciting this conclusion fails to excuse Plaintiffs from their pleading requirements. Since Plaintiffs do not plead facts related to their efforts to exhaust administrative remedies, their FAC should be dismissed. *Varsam v. Lab. Corp. of Am.*, 120 F. Supp. 3d 1173, 1182-83 (S.D. Cal. 2015).

Aside from these jurisdictional bars, Plaintiffs' FAC fails to state a claim. The heightened pleading standard of Federal Rule of Civil Procedure 9(b) governs Plaintiffs' allegations, which are based on averments of fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Plaintiffs fail to plead key details with particularity, including the time the allegedly false statements appeared or whether any class members heard or saw them. Plaintiffs also fail to allege when and which particular attorney-client calls were recorded, and do not plead in a plausible way the required elements for several claims.

For each of these reasons, the Court should dismiss Plaintiffs' FAC.

## II.    STATEMENT OF ALLEGED (AND ACTUAL) FACTS

Plaintiffs allege that Securus is "the largest inmate communications provider in the country." (FAC ¶ 13). They further allege that in addition to providing telephonic and videoconferencing services to inmates, "Securus records communications between detainees and the outside world." (*Id.* ¶ 14). Plaintiffs also aver that "Securus gives local law enforcement agencies direct eavesdropping ability and online access to recorded phone calls and the ability to listen in and review them at any time." (*Id.* ¶ 15). Of course, these practices are consistent with California's prison regulations. *See* 15 Cal. Code Regs. § 3282(e) (subjecting "[a]ll inmate calls . . . to monitoring and recording at any time").

Plaintiffs also allege that, in the context of its "Video Visitation" service which is **not** at issue here, "Securus promises Plaintiffs, attorneys, and the public that it does not record telephone calls between attorneys and their clients." (FAC ¶ 16). Plaintiffs vaguely reference some advertisements and website promotions pledging confidentiality and security. (FAC ¶¶ 17, 23, 24, 30, 31). But Plaintiffs provide few details about this marketing, and do not even allege if or when they saw these Securus advertisements, let alone that Plaintiffs relied upon them. Plaintiffs contend that these representations are false, and that "Securus does eavesdrop on, listen in on, record, and store private and confidential attorney-client

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

phone calls without permission of all parties." (*Id.* ¶ 19). As factual support, Plaintiffs point to emails between the Sheriff's Office and persons at Securus that identify certain attorney phone numbers that were allegedly—and "randomly"— recorded. (*Id.* ¶ 49).

Plaintiffs do not specify when these alleged recordings occurred, alleging instead only that they happened "at some point" between 2013 and 2014. (*Id.* ¶¶ 44, 66). Plaintiffs omit such details as the number of attorney-client calls recorded, whether each call included privileged content (or simply scheduled meetings or the like), the name of participants, and even whether each call was answered. Plaintiffs likewise fail to allege which inmates' calls to attorneys were recorded, rendering their assertions that Messrs. Romero and Tiscareno were on any of these recorded calls speculative at best. (*Id.* ¶¶ 46-48). Indeed, Plaintiffs allege that any inadvertent recording was caused by a "problem that is allowing these calls to be **randomly** recorded." (*Id.* ¶ 49) (emphasis added). But competent evidence establishes that Securus **never recorded or eavesdropped on** any calls between an attorney and either Mr. Romero or Mr. Tiscareno, so there is no reason to credit Plaintiffs' conjecture. (Jones Decl. ¶ 4 & Ex. 1).

Plaintiffs also tellingly admit that, upon being notified of inadvertent recordings, Securus promptly cured any concerns by purging the unintended recordings from its system. (FAC ¶¶ 53-60, 66(e)). Although Plaintiffs make a single, speculative reference to the calls being "listened in on," this charge is bereft of any plausible factual allegations. (FAC ¶ 64). Despite failing to competently allege that anyone ever listened to the recorded calls—or that any involved Messrs. Romero or Tiscareno—Plaintiffs claim infringement of their right to privacy and effective assistance of counsel.

Plaintiffs further allege that they would not have paid for any calls "had they known of Securus's conduct." (*Id.* ¶ 79). But then Mr. Elliott expressly concedes that he "continues to use[] the Securus phone system in private conversations with

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1   his clients" despite his knowledge of the inadvertently recorded calls that were later

2   purged. (*Id.*¶ 90). Mr. Elliott alleges ongoing harm based on his so-called

3   "Hobbesian's [*sic*] choice" in deciding whether to continue using Securus's

4   services. (*Id.* ¶ 77).

5       Plaintiffs seek damages and prospective injunctive relief. They bring a

6   statutory claim under the California Penal Code, a claim under California's Unfair

7   Competition Law, and common law claims for fraudulent concealment, intentional

8   misrepresentation, negligence, unjust enrichment, and conversion.

9   **III.   LEGAL STANDARDS**

10      This Court should dismiss an action if it lacks jurisdiction over the subject

11  matter of the suit. Fed. R. Civ. P. 12(b)(1); *see also, e.g., Maya v. Centex Corp.*,

12  658 F.3d 1060, 1067 (9th Cir. 2011). "Article III of the Constitution confines the

13  federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*,

14  468 U.S. 737, 750 (1984). This constitutional limit on federal judicial power

15  requires a litigant to have standing before he may invoke the subject matter

16  jurisdiction of the court and is fundamental to the justiciability of the controversy.

17  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

18      "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For*

19  *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2000). "In a facial attack, the

20  challenger asserts that the allegations contained in a complaint are insufficient on

21  their face to invoke federal jurisdiction." *Id.* "[I]n a factual attack, the challenger

22  disputes the truth of the allegations that, by themselves, would otherwise invoke

23  federal jurisdiction." *Id.*

24      When "resolving a factual attack on jurisdiction, the district court may

25  review evidence beyond the complaint without converting the motion to dismiss

26  into a motion for summary judgment." *Id.* "The court need not presume the

27  truthfulness of the plaintiff's allegations." *Id.* Instead, "[o]nce the moving party has

28  converted the motion to dismiss into a factual motion by presenting affidavits or

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1   other evidence properly brought before the court, the party opposing the motion

2   must furnish affidavits or other evidence necessary to satisfy its burden of

3   establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343

4   F.3d 1036, 1039 n.2 (9th Cir. 2003).

5       Even if standing exists, a plaintiff must plead a cognizable claim to survive a

6   motion to dismiss. Such a motion filed pursuant to Rule 12(b)(6) tests the legal

7   sufficiency of a plaintiff's allegations in support of his claims. *Navarro v. Block*,

8   250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a

9   cognizable legal theory or the absence of sufficient facts alleged under a cognizable

10  legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

11  A legal theory is not cognizable simply because it is alleged; mere "labels and

12  conclusions, and a formulaic recitation of the elements of a cause of action will not

13  do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court may likewise

14  disregard any "legal conclusion couched as a factual allegation." *Papasan v. Allain*,

15  478 U.S. 265, 286 (1986). The Court should not accept "allegations that are merely

16  conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re*

17  *Gilead Scis., Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

18      Even if a legal theory is cognizable and the factual allegations are detailed, if

19  such "well-pleaded facts do not permit the court to infer more than the mere

20  possibility of misconduct," they still fail to state a claim. *Ashcroft v. Iqbal*, 556 U.S.

21  662, 679 (2009). A claim is "plausible" and therefore cognizable only if offers more

22  than the "possibility that a defendant has acted unlawfully" or is "'merely

23  consistent with' a defendant's liability." *Id.* at 678 (quoting *Twombly*, 550 U.S. at

24  557). Only a genuinely plausible claim may survive a motion to dismiss and

25  therefore "require the opposing party to be subjected to the expense of

26  discovery." *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011).

27      Moreover, allegations of fraud, or those sounding in fraud, must be pleaded

28  with the particularity required by Rule 9(b). Plaintiffs must plead facts showing

"how, when, where, to whom, and by what means the representations were tendered." *Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602, 1614 (2011); *see also Kearns*, 567 F.3d at 1125. In other words, plaintiffs who plead fraud must provide "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

The pleading detail required in such a case is not to be underestimated. "[W]hen a plaintiff asserts fraud against a corporation, the plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" *Cansino v. Bank of Am.*, 224 Cal. App. 4th 1462, 1469 (2014) (citation omitted). Even allegations of reliance must be pleaded with particularity. *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120, 1136-37 (N.D. Cal. 2014).

## IV.   ARGUMENT

### A.   Plaintiffs Lack Standing To Bring Their Claims In This Forum

#### 1.   Mr. Elliott Lacks Standing Because He Does Not Have An Independent  Right To Privacy In Privileged Calls

The "attorney-client privilege exists for the benefit of the client, not the attorney." *In re Grand Jury Proceedings*, 87 F.3d at 381; *Fox v. California Sierra Fin. Servs.*, 120 F.R.D. 520, 527 (N.D. Cal. 1988) ("the attorney-client privilege is held by the client and may only be waived by the client"). Thus, although Plaintiffs claim that Securus violated Mr. Elliott's rights by recording his privileged conversations with his clients, Mr. Elliott lacks standing to assert such claims as a matter of law. *See, e.g., Evans*, 2011 U.S. Dist. LEXIS 153972, at *29-32 (D. Nev. July 29, 2011) (rejecting attorney's standing to pursue similar claim because only the client "has the right to protect privileged attorney-client information"), *adopted by* 2012 U.S. Dist. LEXIS 31485, at *2 (D. Nev. Mar. 7, 2012). To the extent any confidential information was shared, the party with a right to maintain its

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

confidentiality was the client, not the attorney, and Mr. Elliott accordingly suffered no injury as a matter of law. *See Spokeo, Inc.*, 136 S. Ct. at 1548 (holding that a concrete harm to a plaintiff "must actually exist" to support standing).

### 2. Messrs. Romero And Tiscareno Lack Standing Because Their Phone Calls Were Not Recorded

Messrs. Romero and Tiscareno separately lack standing because they have not suffered "an injury in fact." *Spokeo, Inc.*, 136 S. Ct. at 1548. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 644 (quoting *Lujan*, 504 U. S. at 560). In this case, despite asserting it as the basis for their claims, Messrs. Romero's and Tiscareno's calls were not, in fact, recorded. Indeed, Plaintiffs establish at most that their *attorneys'* phone numbers were "randomly" recorded "at some point" during a period of about one year. (FAC ¶¶ 44-49, 86, 88). This Court should not assume that Messrs. Romero and Tiscareno participated in the recorded calls because Plaintiffs fail to plead that point as anything more than a "mere possibility," and accordingly do not establish the required plausible result. *Iqbal*, 556 U.S. at 679.

Regardless, the Court may consider evidence outside of the pleadings when faced with a factual challenge to jurisdiction. *Safe Air For Everyone*, 373 F.3d at 1039. Such evidence in this case reveals that Securus did not record any of Messrs. Romero and Tiscareno's calls. (Jones Decl. ¶ 4 & Ex. 1). They accordingly have not been injured as a matter of fact, and dismissal for lack of standing is warranted. *Safjr v. BBG Communs., Inc.*, No. 10-CV-2341 H NLS, 2011 U.S. Dist. LEXIS 26407, at *5-*6 (S.D. Cal. Mar. 15, 2011) (dismissing claim because evidence disclosed that the plaintiff was not a party to a telephone call for which the defendant had allegedly charged fees without prior notice).

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

### 3. All Three Plaintiffs Lack Standing Because They Were Not Harmed By Any Recording Of Calls

Aside from the foregoing dispositive issues, Plaintiffs do not even allege that any of the inadvertently recorded calls were ever improperly shared or listened in on. They also do not allege that any privileged information was communicated during any recorded call. Instead, they simply and generally claim that the recordings "invaded their legally, statutorily, and constitutionally protected interests of the right to privacy and the right to effective assistance of counsel," and that they would not have paid for the calls had they known they would be recorded. (FAC ¶ 75). These charges are both vague and "merely conclusory," and therefore insufficient to establish an injury in fact. *In re Gilead*, 536 F.3d at 1055; *see also Romero v. Dep't Stores Nat'l Bank*, No. 15-CV-193-CAB-MDD, 2016 U.S. Dist. LEXIS 110889, at *7-10 (S.D. Cal. Aug. 5, 2016) (a plaintiff must establish that he suffered an injury in fact for each individual violation alleged, and "a statutory violation alone does not eliminate the requirement that a plaintiff establish a concrete injury caused by that statutory violation").

Plaintiffs also admit that Securus promptly purged any inadvertently recorded calls upon being notified of them. (FAC ¶¶ 53-60). Having been purged before any person ever listened to the calls, any inadvertent recording did not infringe upon Plaintiffs' privacy rights or their right to effective assistance of counsel. (*See* Jones Decl. ¶ 5). To the extent Plaintiffs' alleged harm is based on their having paid for calls, the FAC fails to specify whether the charges were paid by attorney or client. (FAC ¶ 75). A passing reference to one "collect" call made to Mr. Elliott does not even reveal whether he accepted the charges, much less that he answered the call; there is no allegation that any actionable conduct even occurred. (*Id.* ¶ 77).

These fatal omissions aside, Plaintiffs do not plausibly allege how they lost the benefit of any bargain. *See, e.g., Williamson v. Reinalt-Thomas Corp.*, No. 5:11-

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1    CV-03548-LHK, 2012 U.S. Dist. LEXIS 58639, at *22-25 (N.D. Cal. Apr. 25,

2    2012) (dismissing for lack of standing a putative UCL class action in which

3    plaintiff alleged he paid more for tires than he assumed, because he received the

4    tires he purchased at the quoted price); *In re Fruit Juice Products Marketing and*

5    *Sales Practices Litig.*, 831 F. Supp. 2d 507, 512 (D. Mass. 2011) (dismissing claims

6    for lack of standing, rejecting plaintiffs' "allegation of 'economic' injury" for

7    purchasing a purportedly contaminated juice, because "[t]he fact is that Plaintiffs

8    paid for fruit juice, and they received fruit juice, which they consumed without

9    suffering harm").

10         Plaintiffs' allegations are especially similar to the claims recently rejected by

11    the court in *Gubala v. Time Warner Cable, Inc.*, No. 15-cv-1078-pp, 2016 U.S.

12    Dist. LEXIS 79820 (E.D. Wis. June 17, 2016), which applied *Spokeo* to dismiss a

13    case for the plaintiff's lack of standing. *Gubala* was a putative class action in which

14    the representative plaintiff alleged that the defendant cable services provider had

15    improperly retained his personal information after he had terminated its services. *Id.*

16    at *1-*2. The plaintiff further alleged that defendant's conduct had violated the

17    Cable Communications Policy Act. *See id.* at *2. Just as in this case, the plaintiff in

18    *Gubala* filled his complaint with "a detailed discussion of media articles" and

19    sought to emphasize how putative class members "highly value the[ir] privacy." *Id.*

20    at *13. But the court observed that "[a] statement that consumers highly value the

21    privacy of their personally identifiable information . . . does not demonstrate that

22    the plaintiff has suffered a concrete injury." *Id.* Finding that the plaintiff lacked

23    standing, the court explained that "[h]e does not allege that the defendant has

24    disclosed his information to a third party. Even if he had alleged such a disclosure,

25    he does not allege that the disclosure caused him any harm." *Id.*

26         The same can be said of each of the named Plaintiffs in the present

27    controversy. Even if Plaintiffs could establish a "statutory violation" of California

28    Penal Code sections 630, *et seq.*, they would still lack standing in this forum,

because "Article III standing requires a concrete injury even in the context of a statutory violation," and a "bare procedural violation, divorced from any concrete harm" is insufficient. *Spokeo*, 136 S. Ct. at 1549.

### 4. Plaintiffs Also Lack Standing To Seek Prospective, Injunctive Relief, Because They Are Unlikely To Be Harmed In the Future

Plaintiffs independently lack standing to pursue injunctive relief. The law requires that one seeking such relief must "demonstrate that he has suffered or is threatened with a concrete and particularized legal harm *coupled with a sufficient likelihood that he will again be wronged in a similar way*." *Jou v. Kimberly-Clark Corp.*, No. C-13-03075 JSC, 2013 U.S. Dist. LEXIS 173216, at *10-*11 (N.D. Cal. Dec. 10, 2013) (quoting *Bates*, 511 F.3d at 985) (internal quotation marks omitted & emphasis added). In other words, a plaintiff who seeks an injunction must establish a "real and immediate threat of repeated injury." *Bates*, 511 F. 3d at 985.

Although Plaintiffs seek injunctive relief (FAC ¶¶ 10, 117-119, 129 & Prayer ¶ b), they do not plead facts from which to reasonably infer the existence of a real and immediate threat that they will again be wronged. They instead admit that Messrs. Romero and Tiscareno are no longer even incarcerated. (*Id*. ¶¶ 86, 88). Further, the allegations indicate that any inadvertent recording of calls was cured in 2014, and no improperly recorded calls are alleged since then. (*Id*. ¶¶ 54-60, 66). Upon these facts, there is no imminent threat that Plaintiffs will suffer future harm.

*Wilson v. Brown*, No. 05-cv-1774-BAS-MDD, 2015 U.S. Dist. LEXIS 166443 (S.D. Cal. Dec. 11, 2015), is instructive. In that case, a prisoner under the supervision of the California Department of Corrections brought a putative class action alleging his denial of constitutionally adequate medical care at the Calipatria State Prison resulted in "valley fever." *Id.* at *2. Among other things, he sought an injunction to "rectify existing inadequacies in preventative health care policies and procedures at Calipatria." *Id.* at *11. The court in that case found that the plaintiff lacked standing to seek such relief because he was transferred to another facility

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

and had "no immediate prospect" of returning to Calipatria. *Id.* at *12. Even if there was an imminent prospect of returning to Calipatria, there was no imminent threat of again suffering from the same infection. *Id.* at *10, 12. Similarly, in this case, there is no imminent threat of Messrs. Romero or Tiscareno returning to prison. None of the Plaintiffs face the immediate prospect of repeated harm as the allegedly improper recordings were purged and ceased in 2014. (FAC ¶¶ 54-60, 66).

Additionally, Plaintiffs do not plausibly allege that they will suffer future harm because they now assert an awareness of the truth related to Securus's alleged misrepresentations. Mr. Elliott even continues to willingly use Securus's services for his attorney-client calls despite his knowledge of the past inadvertent recordings. (FAC ¶ 90). Moreover, far from alleging that Messrs. Romero or Tiscareno intend to use Securus's services in the future, the FAC states instead that they would not use Securus's service knowing about the alleged recordings. (*Id.* ¶ 69). For each of these Plaintiffs, their knowledge deprives them of claiming they will be similarly deceived or injured in the future. *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 458 (S.D. Cal. 2014) ("These consumers will not benefit from the injunctive relief as they cannot demonstrate a probability of future injury; if they know the 'truth' they cannot be further deceived."); *Garrison v. Whole Foods Mkt. Grp., Inc.,* No. 13-cv-05222-VC, 2014 U.S. Dist. LEXIS 75271, at *20 (N.D. Cal. June 2, 2014) (employing same analysis). With no likelihood of future injury redressable through injunctive relief, Plaintiffs lack standing to pursue it.

**B.** **Plaintiffs' Failure To Allege Exhaustion Of The Available Administrative Remedies Deprives This Court Of Subject Matter Jurisdiction Over This Case**

Because Plaintiffs advance only claims that are anchored in California law, this Court should apply California's state exhaustion requirements, which are jurisdictional. *See Baker v. County of Sonoma*, No. 08-3433-EDL, 2010 U.S. Dist. LEXIS 26035, at *62-*63 (N.D. Cal. Mar. 19, 2010); *see also Parthemore v. Col*, 221 Cal. App. 4th 1372, 1379 (2013) (holding that "a party must exhaust

administrative remedies before resorting to the courts"). "[A] party bringing a civil action must plead compliance with the pre-filing notice and exhaustion requirements" or face dismissal. *Varsam*, 120 F. Supp. 3d at 1182.

The exhaustion requirements applicable to Plaintiffs' claims are straightforward. Inmate and attorney grievances related to any "departmental policies, staff decisions and institution/facility procedures related to confidential phone calls," must follow a designated appeals process. 15 Cal. Code Regs. § 3282(g)(8). A current or former inmate must follow "established inmate appeals procedures," *id.* § 3179(a), which require the inmate to "submit the appeal within 30 days of . . . first having knowledge of the action or decision being appealed." *Id.* § 3084.8(b)(2). Appeals by a visitor (in this case, the attorneys) must be made in writing to the institution head. *Id.* § 3179(b). One must adhere to this timeline and complete the appeal to exhaust these administrative remedies. *See id.* §§ 3084.1(b) & (g).

Plaintiffs concede that they did not exhaust their administrative remedies, and speculate that adhering to them would have been futile. (FAC ¶¶ 71-72). But because it fails to explain this conjecture with the factual details required by California law, the FAC should be dismissed. *Varsam*, 120 F. Supp. 3d at 1182-83.

California's requirement of exhaustion in this context "promote[s] judicial economy; encourage[s] prisoners to make full use of the prison grievance processes; . . . and provide[s] a record for courts to review." *Parthemore*, 221 Cal. App. 4th at 1381. In this case, these rationales are especially significant because the available process would have alerted Mr. Romero and Mr. Tiscareno to the fact that none of their calls to their attorneys were actually recorded. It may well have similarly revealed to Mr. Elliott his lack of standing to claim infringement of a right enjoyed only by his clients, and not by him. Plaintiffs' failure to exhaust the available administrative procedures therefore rationally constitutes an independent

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

basis to dismiss their case for want of jurisdiction. *See Goodman*, 298 F.3d at 1054-55; *Varsam*, 120 F. Supp. 3d at 1182.

**C.**  **Plaintiffs' FAC Fails To State A Cognizable Claim**

**1.**  **Plaintiffs Have Not Met Rule 9(b)'s Heightened Pleading Standards**

The FAC also fails to state a claim upon which relief may be granted. Plaintiffs' claims are based on allegations that Securus acted fraudulently in misrepresenting its recording practices and then "concealing" the recordings. (FAC ¶¶ 11, 16-18, 66-69). Accordingly, Plaintiffs must meet Rule 9(b)'s heightened pleading standard with respect to all claims asserted. *Kearns*, 567 F.3d at 1125. They fail to do so.

For example, Plaintiffs do not allege with particularly when the allegedly misleading statements in any Securus brochure or website was made or viewed by them, when they made any supposedly recorded calls in reliance upon those statements, or even the identity of each person participating in each allegedly recorded call. (*See* FAC ¶¶ 16, 17, 23, 24, 30, 31). Indeed, Plaintiffs do not even allege that they actually saw the representations about which they complain, let alone where, when, and whether they truly relied upon them. *Kane*, 973 F. Supp. 2d at 1137 (dismissing for lack of standing a UCL claim because plaintiffs' allegations of reliance lacked "the particularity required by Rule 8(a) and Rule 9(b)").[1] Plaintiffs' allegations instead fall short of satisfying the heightened pleading standard applicable to their claims and do even not permit the Court to infer more than "the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

---

[1] The specifics Plaintiffs provide for statements made by individuals at the San Diego County Sheriff's Office are to no avail because those statements are not alleged to be attributed to or adopted by Securus. (FAC ¶¶ 38-41).

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## 2. Plaintiffs Fail To Plead Essential Elements Of Their Claims

Plaintiffs' claims fail to satisfy even the less exacting plausibility standard imposed by Rule 8(a). Plaintiffs' first claim for violation of California's Invasion of Privacy Act is not applicable to Securus. Although Plaintiffs aver that Securus is a "person" pursuant to Section 632(b) of—and is therefore subject to—the Act (FAC ¶ 110), the referenced section specifically excludes liability for public utilities, their agents and employees "engaged in the business of providing communications services and facilities" such as Securus.[2] Cal. Penal Code § 632(e); *see also id.* § 636(c). Accordingly, Securus is exempt from liability under the Act.

Plaintiffs' third and fourth claims for misrepresentation likewise fail because Plaintiffs do not allege beyond mere conclusory statements that Plaintiffs relied on (or even saw) Securus's supposedly false representations. (FAC ¶ 69). Such allegations lack the grounding in fact to be considered by the Court. *Papasan*, 478 U.S. at 286; *In re Gilead*, 536 F.3d at 1055. Plaintiffs also fail to allege in any plausible way that Securus intended to induce Plaintiffs' reliance. Instead, they admit the contrary—that the alleged recordings were inadvertent and random, and that Securus purged all recordings after learning of the error. (FAC ¶¶ 44-49, 53-60, 66, 86, 88). These claims cannot survive absent plausible allegations that Securus intended to induce reliance, and that Plaintiffs actually relied on its misrepresentations. *See Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) (identifying "intent . . . to induce reliance" and "justifiable reliance" as elements of fraud). Plaintiffs' second claim for unfair competition also fails because it relies on Securus's culpability for fraud or a violation of the Invasion of Privacy Act from which Securus is exempt.

---

[2] Securus is a public utility, *see* Cal. Pub. Util. Code § 216(a), and it is registered with the California Public Utilities Commission as a public utility engaged in the business of providing communications services. *See* Request for Judicial Notice, Ex. A (https://apps.cpuc.ca.gov/apex/f?p=102:1:0::NO:RP::).

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Plaintiffs' sixth claim, for unjust enrichment, fails because is not a valid claim under California law. *See McVicar v. Goodman Glob., Inc.*, 1 F. Supp. 3d 1044, 1059 (C.D. Cal. 2014) ("Courts consistently have held that unjust enrichment is not a proper cause of action under California law.") And Plaintiffs' seventh claim for conversion fails because Plaintiffs have not identified, as California law requires, a specific sum of money that has been converted. *See Welco Elecs., Inc. v. Mora*, 223 Cal. App. 4th 202, 216 (2014) ("A plaintiff must specifically identify the amount of money converted.").

Underlying all of these defects is the reality that Plaintiffs have not alleged how they have been damaged short of making conclusory formulaic assertions. The failure to allege a plausible injury certainly defeats Plaintiffs' standing to maintain this action, but also separately means their second through seventh claims, each of which requires allegations of actual damages, are not cognizable. Plaintiffs have simply failed to plead sufficient facts to demonstrate anything other than a speculative "possibility of misconduct" by Securus that *might have* impacted Plaintiffs. *Iqbal*, 556 U.S. at 679. Accordingly, each claim should be dismissed.

## V.    **CONCLUSION**

For all of the foregoing reasons, Securus respectfully requests the Court to grant its motion to dismiss, and because further amendment is futile, the Court should dismiss the FAC without leave to further amend. *See Reddy v. Litton Indus. Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990).

Dated: August_26, 2016

*s/ Adam R. Fox*
Adam R. Fox
Gretchen A. Ramos

Attorneys for Defendant
Securus Technologies, Inc.
adam.fox@squirepb.com
gretchen.ramos@squirepb.com

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California  90071

## PROOF OF SERVICE

The undersigned certifies and declares as follows:

I am a resident of the State of California and over 18 years of age and am not a party to this action.  My business address is 555 South Flower Street, 31st Floor, Los Angeles, California  90071-2300.

On August 26, 2016, a copy of the following document(s):

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

was served on:

| | |
|---|---|
| Ronald A. Marron, Esq.<br>Alexis Wood, Esq.<br>Kas Galluci, Esq.<br>LAW OFFICES OF RONALD A. MARRON<br>651 Arroyo Drive<br>San Diego, CA 92103<br>Tel:  (619) 696-9006<br>Fax:  (619) 564-6665<br>ron@consumersadvocates.com<br>alexis@consumersadvocates.com<br>kas@consumersadvocates.com | Robert L. Teel, Esq.<br>LAW OFFICE OF ROBERT L. TEEL<br>207 Anthes Avenue, 2nd Floor<br>Langley, WA 98260<br>Tel:  (866) 833-5529<br>Fax:  (855) 609-6911<br>lawoffice@rlteel.com |

Service was accomplished as follows.

☒ **By Electronic Means.**  On the above date, I filed the above-mentioned document(s) by electronic means with the Court.  As such, the Court electronically mailed such document(s) to the parties noted above, whose electronic mail address is set forth above.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on August 26, 2016 , at Los Angeles, California.

s/Adam R. Fox
Adam R. Fox

Proof of Service

010-8235-9479/1/AMERICAS