UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMERO, FRANK TISCARENO, and KENNETH ELLIOTT, on behalf of themselves, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>Defendant. | Case No.:  16cv1283 JM (MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE CLASS ACTION ALLEGATIONS** |

Plaintiffs Juan Romero, Frank Tiscareno, and Kenneth Elliott, on behalf of themselves and all others similarly situated, filed a first amended complaint ("FAC") against Defendant Securus Technologies on July 26, 2016.  (Doc. No. 8.)  Plaintiffs are two former inmates and a criminal defense attorney, all of whom used Defendant's telephone systems to make calls to and from certain correctional facilities in California.  Plaintiffs allege that Defendant recorded a number of attorney-client calls in violation of California law.  The FAC alleges (1) violations of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 636, (2) violations of California Business & Professions Code section 17200 ("section 17200"), (3) fraudulent concealment/omission,

(4) fraudulent misrepresentation, (5) negligence, (6) unjust enrichment, and (7) conversion.

Defendant moves to dismiss the FAC for (1) lack of standing, (2) failure to exhaust administrative remedies, and (3) failure to state a claim. (Doc. No. 11.) Separately, Defendant also moves to strike the class action allegations. (Doc. No. 12.) For the following reasons, the court grants Defendant's motion to dismiss in part and denies it in part, and the court denies Defendant's motion to strike.

## DISCUSSION

The court will first address Defendant's motion to dismiss,[1] and then will address Defendant's motion to strike the class allegations.

---

[1] Defendant requests judicial notice of Exhibit A to its motion to dismiss—a printout from the Utility Contact System Search database, obtained on the California Public Utilities Commission ("CPUC") website, which purports to demonstrate that Securus is a public utility. Federal Rule of Evidence 201 provides that courts may take judicial notice of facts that are not subject to reasonable dispute because they are generally known or are capable of accurate and ready determination. See Fed. R. Evid. 201(b). While matters of public record are proper subjects of judicial notice, a court may take notice only of the existence and authenticity of an item, not the truth of its contents. See Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir. 2001). Under these rules, the court can take judicial notice of "public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (internal quotations omitted).

With these principles in mind, the court grants Defendant's request for judicial notice of Exhibit A, (Doc. No. 11-2), but notes that its argument based on that exhibit is meritless if not disingenuous. While, as Defendant points out, CIPA section 632 contains an exemption from liability for public utilities in certain circumstances, section 636—the section at issue in this case—only provides an exemption for a public utility employee "who listens in to conversations for the limited purpose of testing or servicing equipment." Despite the misleading assertion in its reply brief that section 636 "provides an exemption for public utilities," (Doc. No. 18 at 16), and its "see also" citation to section 636(c) in its opening brief, (Doc. No. 11 at 22), Defendant does not actually make the argument that it listened in on conversations to test or service its equipment. Thus,

I.      **DEFENDANT'S MOTION TO DISMISS**

   A.      **Standing**

Defendant first moves to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(1), arguing that the court does not have subject matter jurisdiction over Plaintiffs' claims because Plaintiffs do not have standing to sue in federal court.

   1.      **Legal Standards**

Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998). As the party putting the claims before the court, Plaintiffs bear the burden of establishing jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

There is no subject matter jurisdiction without standing, and the "irreducible constitutional minimum" of standing consists of three elements. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). A plaintiff must have (1) suffered an injury in fact,

---

based on Plaintiff's claims under section 636, it is irrelevant whether Defendant is a public utility.

As for Plaintiffs' requests for judicial notice, for the reasons stated above, and because Defendant does not oppose the request, the court takes judicial notice of Plaintiffs' Exhibit A. The court declines to take judicial notice of Exhibit B, a screenshot of Defendant's website listing the facilities it serves, because the particular facilities Defendant served during the relevant time period cannot be readily and accurately determined from an undated screenshot. And for the limited purpose of determining what information has been put into the public realm, but not for the truth of their contents, the court takes judicial notice of Exhibit C, a printout of Defendant's May 12, 2012, "Customer Integrity Pledge" signed by Defendant's Chief Executive Officer Richard A. Smith, which remains readily available on Defendant's website, and Exhibits D and E, printouts of press releases issued by Defendant that also remain readily available on Defendant's website.

(2) which is fairly traceable to the challenged conduct of the defendant, and (3) which is likely to be redressed by a favorable judicial decision. Id. at 560–61. To establish injury in fact—the relevant element here—the plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Id. at 560 (internal quotations omitted). "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016) (internal quotations and alterations omitted). "In a class action, standing is satisfied if at least one named plaintiff meets the requirements." Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007).

### 2. Methods for Attacking Standing

A party may make either a facial or factual attack on subject matter jurisdiction. See, e.g., Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). In resolving a facial challenge, the court considers whether "the allegations contained in [the] complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The court must accept the allegations as true and must draw all reasonable inferences in the plaintiff's favor. Wolfe v. Strankman, 392 F.3d 358 (9th Cir. 2004). In resolving a factual challenge, the court may consider evidence outside the complaint and ordinarily "need not presume the truthfulness of the plaintiff's allegations." Safe Air for Everyone, 373 F.3d at 1039. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id. At the motion to dismiss stage, standing is demonstrated by allegations of "specific facts plausibly explaining" why the requirements are met. Barnum Timber Co. v. EPA, 633 F.3d 894, 899 (9th Cir. 2011).

### 3. Analysis

In this case, Defendant makes a factual attack on subject matter jurisdiction,

arguing that because the evidence does not bear out that Plaintiffs calls were recorded, Plaintiffs did not suffer an injury and therefore do not have standing to sue.

### a.     Defendant's Declaration Does Not Justify Dismissal

In support of its argument, Defendant filed with its motion to dismiss a declaration by Ian Jones, Defendant's Director of Support Services.  In his declaration, Mr. Jones states that Defendant's Senior Vice President of Operations asked him to review all Securus calls made by Plaintiffs Romero and Tiscareno from 2008 until the present to determine whether any of their calls with an attorney had been monitored or recorded. (Doc. No. 11-1 at 2.)  Mr. Jones thus searched all call records in Defendant's "possession, custody, or control from all detention facilities within the United States for records of calls involving" Plaintiffs.  According to Mr. Jones, Defendant did not record or monitor any calls between Plaintiff Romero or Plaintiff Tiscareno and their respective attorneys.[2] (Id.)  Mr. Jones also states that he "searched call records for the attorney telephone numbers listed in Paragraph 44 of Plaintiffs' First Amended Complaint[, and] Securus does not have any recordings of calls made to or from those phone numbers, as any potential recordings were purged shortly after they were made."  (Id. at 3.)  Notably, Mr. Jones does not say that Defendant never recorded any calls to or from those attorney telephone numbers, but only that Securus does not have any recordings of those calls, as any potential recordings have been purged.[3]

While the court may consider Mr. Jones's declaration in evaluating Defendant's factual attack on subject matter jurisdiction, the Ninth Circuit has made clear that "where

---

[2] Mr. Jones also declares that while some fields in his summary report have no information, he reviewed those calls and confirmed that none were made to attorneys. (Doc. No. 11-1 at 2.)

[3] Mr. Jones submitted a second declaration with Defendant's reply brief.  (Doc. No. 18-1.)  In it, Mr. Jones defends the completeness of his search and the sufficiency of Defendant's records.  But he once again does not state that no attorney phone numbers were recorded.  Instead, he repeats his assertion that "no calls involving an attorney *and either Mr. Romero or Mr. Tiscareno* were recorded."  (Id. at 3 (emphasis added).)

the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). Indeed, a district court risks error by ignoring this direction. See Safe Air for Everyone, 373 F.3d at 1040. In Safe Air for Everyone, the Ninth Circuit held that a district court erred by dismissing a case pursuant to Rule 12(b)(1) where "the jurisdictional issue and substantive issues in th[e] case [were] so intertwined that the question of jurisdiction [was] dependent on the resolution of factual issues going to the merits." Id. Because of this error, the court reviewed the district court's order "as a grant of summary judgment on the merits" rather than a dismissal for lack of subject matter jurisdiction. Id.

Here, the jurisdictional and substantive issues are significantly intertwined. The salient question in evaluating Plaintiffs' standing is whether Defendant recorded Plaintiffs' calls. Likewise, the salient question in determining which party prevails on the merits will also be whether Defendant recorded Plaintiffs' calls. Thus, if the court were to decide this question now, it would for all intents and purposes be granting summary judgment in favor of Defendant. See id. The court is not willing to take that step at this time.

### b. Plaintiffs' Allegations Are Sufficient Under Spokeo

Defendant also argues that, even if Plaintiffs' calls were recorded, Plaintiffs lack standing to sue based on a bare statutory violation of CIPA.[4] Defendant points to Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016), in support of its argument. In Spokeo, the Supreme Court discussed the "concrete" and

---

[4] Defendant's additional argument that Plaintiff Elliott lacks standing because the attorney-client privilege exists only for the benefit of the client misses the point. Plaintiff Elliott is not seeking to protect his rights under the attorney-client privilege. Rather, he is seeking to defend his rights under CIPA.

6

"particularized" components of the injury-in-fact requirement. For an injury to be concrete, it "must be '*de facto*'; that is, it must actually exist." Id. at 1548. "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." Id. (internal quotations omitted). The Supreme Court noted that a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Id. at 1549. Instead, "Article III standing requires a concrete injury even in the context of a statutory violation." Id. The Supreme Court acknowledged, however, that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." Id. Spokeo thus distinguishes between "bare procedural violation[s]" and violations that "cause harm or present any material risk of harm." Id. at 1549–50.

The statute at issue in this case, CIPA, prohibits unauthorized interceptions of communications in order "to protect the right of privacy." Cal. Penal Code § 630. "[I]nvasion of privacy . . . [is] a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." Id.; see also Flanagan v. Flanagan, 27 Cal. 4th 766, 775 (2002) (stating that the "legislative purpose of the Privacy Act" is to "giv[e] greater protection to privacy interests"). In keeping with this priority, CIPA section 636 makes it a felony to, "without permission from all parties to the conversation, eavesdrop[] on or record[], by means of an electronic device, a conversation, or any portion thereof, between a person who is in the physical custody of a law enforcement officer or other public officer, or who is on the property of a law enforcement agency or other public agency, and that person's attorney . . . ." Notably, unlike section 632, section 636 does not require that the conversation be confidential and that the parties intend it as such. Compare Cal. Penal Code § 632 with id. § 636. Section 637.2 provides a private right of action to any person injured by a violation of section

636.[5]

A violation of CIPA involves much greater concrete and particularized harm than a technical violation of the Fair Credit Reporting Act ("FRCA"), the statute at issue in Spokeo. While "[a] violation of one of the FCRA's procedural requirements may result in no harm," such as reporting of "an incorrect zip code," Spokeo, 136 S. Ct. at 1549, a violation of CIPA is a violation of privacy rights.

Judge Koh of the Northern District of California recently engaged in a lengthy and thoughtful analysis of whether CIPA violations, without more, constitute injury in fact. In Matera v. Google Inc., No. 15-CV-04062-LHK, 2016 WL 5339806 (N.D. Cal. Sept. 23, 2016), Judge Koh first recognized that Spokeo teaches that "two factors may be relevant to whether the violation of statutory rights constitutes injury in fact: (1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." Id. at *9 (quoting Spokeo, 136 S. Ct. at 1549). As to the first factor, Judge Koh noted that invasion of privacy, which CIPA exists to prevent, "has been recognized as a common law tort for over a century." Id. at *10. As to the second factor, Judge Koh found that CIPA created "enforceable, substantive legal rights . . . ." Id. at *13. Based on her analysis, Judge Koh concluded "that the judgment of . . . the California Legislature indicate[s] that the alleged violations of Plaintiff's statutory rights under . . . CIPA constitute concrete injury in fact. This conclusion is supported by the historical practice of courts recognizing that the unauthorized interception of communication constitutes cognizable injury." Id. at *15.[6]

---

[5] A September 30, 2016, amendment to section 637.2 provides that an injured person may recover $5,000 per statutory violation.

[6] Judge Koh also rejected the claim that state statutes like CIPA cannot confer Article III standing, noting that Spokeo "said nothing about the ability of state legislatures to create rights sufficient to confer Article III standing," and "the Ninth Circuit has held that 'state

The court agrees with Judge Koh's well-reasoned order. Rather than being a "bare procedural violation," a CIPA violation is "the violation of a procedural right granted by statute . . . sufficient . . . to constitute injury in fact." See Spokeo, 136 S. Ct. at 1549. The California Court of Appeal appears to agree, stating that section 637.2 of CIPA "is fairly read as establishing that no violation of the Privacy Act is to go unpunished. Any invasion of privacy involves an affront to human dignity which the Legislature could conclude is worth at least $[5,000]. The right to recover this statutory minimum accrued at the moment the Privacy Act was violated." Friddle v. Epstein, 16 Cal. App. 4th 1649, 1660–61 (1993), opinion modified on denial of reh'g (July 7, 1993); see also Bona Fide Conglomerate, Inc. v. SourceAmerica, No. 314CV00751GPCDHB, 2016 WL 3543699, at *8 (S.D. Cal. June 29, 2016) (holding that allegation of CIPA violation is sufficient to confer standing). The alleged harm to all Plaintiffs—an invasion of their privacy rights—coupled with the additional harm to Plaintiffs Romero and Tiscareno of forfeiting the protections of the attorney-client privilege, constitute a concrete and particularized injury that is actual and imminent. Accordingly, the court finds that Plaintiffs have sufficiently alleged an injury in fact to support standing and subject matter jurisdiction, and the court denies Defendant's motion to dismiss the FAC on those grounds.[7]

**B.    Administrative Remedies**

Defendant next argues that Plaintiffs failed to exhaust available administrative remedies, and thus, under California law, are barred from seeking judicial relief. Though

---

law can create interests that support standing in federal courts' and 'state statutes constitute state law that can create such interests.'" Id. at *14 (quoting Cantrell v. City of Long Beach, 241 F.3d 674, 684 (9th Cir. 2001)).

[7] The court rejects Defendant's argument that Plaintiffs lack standing to seek an injunction. While Plaintiffs Romero and Tiscareno may no longer be incarcerated, Plaintiff Elliott, as a criminal defense attorney, may require Defendant's services to communicate with other clients in the future. As standing is satisfied if at least one named plaintiff meets the requirements, Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007), Plaintiffs here have standing to seek an injunction.

Defendant states that the "exhaustion requirements applicable to Plaintiffs' claims are straightforward," in reality they are anything but. It is true that the California Code of Regulations sets forth appeals processes for prisoner grievances, but it is far from certain that those processes apply to the claims in this case, and Defendant has presented no authority that persuades the court of that position.

That is because this case is not like the Private Attorney General Act ("PAGA") case that Defendant cites in support of its argument, nor is it like other comparable statutes. PAGA expressly provides, within the statute itself, that before commencing a suit, an aggrieved employee must "give written notice . . . [to] the Labor and Workforce Development Agency and . . . the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Lab. Code § 2699.3. The employee must then wait a specified period of time or until the Labor and Workforce Development Agency gives notice that it will not investigate the grievance. Id. The California Fair Employment and Housing Act ("FEHA") is a similar example. FEHA provides that persons claiming violations must file an administrative complaint with the Department of Fair Employment and Housing and obtain a "right to sue" letter from the Department before commencing a civil action. Cal. Gov't Code §§ 12960, 965(b).

Here, by contrast, CIPA expressly provides a judicial remedy with no mention of any preliminary administrative requirement. Cal. Penal Code § 636. Section 637.2 simply states that "[a]ny person who has been injured by a violation of this chapter may bring an action against the person who committed the violation . . . ." Defendant did not cite, nor is the court aware of, any CIPA case that even mentions a plaintiff's duty to first exhaust administrative remedies.[8] The procedures Defendant cites are "intended to provide a remedy for inmates and parolees with identified grievances and to provide an

---

[8] Even if the administrative procedures apply to the claims of Plaintiffs Romero and Tiscareno, they certainly do not apply to Plaintiff Elliott.

10

administrative mechanism for review of departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect" upon inmates or parolees' "health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1. Thus, while the regulations cover identified prison grievances relating to inmates' welfare, there is no indication they also cover violations of a generally applicable California privacy statute, or allegations of fraud based on misrepresentations or omissions made far outside the prison walls, or violations of section 17200 premised on either of those claims.

Simply put, this is not a traditional prison grievance case. Compare for example, the issues that have served to generate some of the foremost California cases on this topic: the suitability of medical treatment while in prison, see Wright v. State, 122 Cal. App. 4th 659 (2004); Parthemore v. Col, 221 Cal. App. 4th 1372 (2013), or the ability of prisoners to access to their inmate records, see In re Muszalski, 52 Cal. App. 3d 500 (1975). Those are prison grievance issues. This is not, and for that reason, the court denies Defendant's motion to dismiss on the grounds that Plaintiffs failed to exhaust administrative remedies.

**C.     Failure to State a Claim**

Defendant moves to dismiss the remainder of the FAC under Rule 12(b)(6) for failure to state a claim.

**1.     Section 17200 claim**

Section 17200, California's unfair competition law, "prohibits any unfair competition, which means 'any unlawful, unfair or fraudulent business act or practice.'" In re Pomona Valley Med. Group, 476 F.3d 665, 674 (9th Cir. 2007) (quoting Cal. Bus. & Prof. Code § 17200, et seq.). Section 17200's coverage is "sweeping," and its standard for wrongful business conduct is "intentionally broad." In re First Alliance Mortg. Co., 471 F.3d 977, 995 (9th Cir. 2006). Each prong of section 17200 provides a separate and distinct theory of liability. Lozano v. AT & T Wireless Servs., Inc., 504 F.3d 718, 731 (9th Cir. 2007). "Injunctions are the primary form of relief available under [section 17200] to protect consumers from unfair business practices, while restitution is a type of

11

16cv1283 JM (MDD)

ancillary relief." Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 337 (2011).

To pursue either an individual or a representative claim under section 17200, a plaintiff "must have suffered an injury in fact and lost money or property as a result of such unfair competition." Hall v. Time Inc., 158 Cal. App. 4th 847, 849 (2008). The court has already determined that Plaintiffs have adequately alleged an injury in fact based on Defendant's CIPA violations. The question, then, is whether Plaintiffs have also properly alleged that they lost money or property as a result. In Kwikset, 51 Cal. 4th 310 (2011), the California Supreme Court recently clarified what constitutes "lost money or property" for purposes of section 17200. The court in Kwikset held that a "consumer who relies on a product label and challenges a misrepresentation contained therein can satisfy the standing requirement of [section 17200] by alleging, as plaintiffs have here, that he or she would not have bought the product but for the misrepresentation. That assertion is sufficient to allege causation—the purchase would not have been made but for the misrepresentation. It is also sufficient to allege economic injury." Id. at 330.

While some courts prior to Kwikset held that there was no loss if a consumer got what he or she paid for, see Hall, 158 Cal. App. 4th at 855, which is the thrust of Defendant's argument here, Kwikset explicitly rejected that "benefit of the bargain" defense, see 51 Cal. 4th at 332; Hinojos v. Kohl's Corp., 718 F.3d 1098, 1107 (9th Cir. 2013). As the Ninth Circuit stated in Hinojos, "the benefit of the bargain defense is permissible only if the misrepresentation that the consumer alleges was not material. A representation is material, however, if a reasonable consumer would attach importance to it or if the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action." 718 F.3d at 1107 (internal quotations omitted). "Furthermore, the materiality of a misrepresentation is typically an issue of fact, and therefore should not be decided at the motion to dismiss stage." Id. n.7.

Here, Plaintiffs allege Defendant violated all three prongs of section 17200. (Doc. No. 8 ¶¶ 121–23.) And Plaintiffs state that they "would not have paid for and used the

Securus telephone system for private and privileged phone conversations as they did, or would not have paid as much for them, had they known" that Defendant was allegedly fraudulently concealing facts (as discussed below) and recording their calls in violation of CIPA.  (Doc. No. 8 ¶ 126.)  Following Kwikset, that is sufficient to state a claim for relief under the unlawful and fraudulent[9] prongs of section 17200.  Cf. Stoba v. Saveology.com, LLC, No. 13-CV-2925-BAS NLS, 2014 WL 3573404, at *5 (S.D. Cal. July 18, 2014) (dismissing section 17200 claim based on CIPA violation because plaintiffs "fail[ed] to direct this Court's attention to any allegations in the complaint that provide any facts plausibly demonstrating lost money or property"); Archer v. United Rentals, Inc., 195 Cal. App. 4th 807, 816 (2011), as modified on denial of reh'g (June 13, 2011) (dismissing section 17200 claim where plaintiffs claimed "the unlawful collection and recordation of their personal identification information, [which was] an invasion of their right of privacy," but "failed to demonstrate how such privacy violation translate[d] into a loss of money or property"); Folgelstrom v. Lamps Plus, Inc., 195 Cal. App. 4th 986, 993 (2011), as modified (June 7, 2011) (stating that in the typical section 17200 case, a plaintiff alleges "that he made a purchase or otherwise parted with money on account of [the defendant's] allegedly unfair practices").  Moreover, because section 17200's standing requirements do not apply to absent class members at this stage, In re Tobacco II Cases, 46 Cal. 4th 298, 324 (2009), nothing more is required right now.[10]

---

[9] "Generally, to be actionable under the UCL, a concealed fact must be material in the sense that it is likely to deceive a reasonable consumer.  Unlike a common law fraud claim, a UCL fraud claim requires no proof that the plaintiff was actually deceived.  Instead, the plaintiff must produce evidence showing a likelihood of confounding an appreciable number of reasonably prudent purchasers exercising ordinary care." Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1025–26 (9th Cir. 2008); see also Daugherty v. Am. Honda Motor Co., 144 Cal. App. 4th 824, 838 (2006), as modified (Nov. 8, 2006) ("In order to be deceived, members of the public must have had an expectation or an assumption about the matter in question.").

[10] It of course remains to be seen whether Plaintiffs can prove that they are entitled to "disgorgement and restitution of all monies acquired" by Defendant, (Doc. No. 8 ¶ 130),

### 2. Fraud Claims

The FAC alleges fraud in the form of both fraudulent concealment/intentional omission of material facts, (Doc. No. 8 ¶¶ 131–139), and intentional misrepresentation, (id. ¶¶ 140–150). The elements of fraud in California are: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 990 (2004). For an omission to be actionable, "the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." Daugherty v. Am. Honda Motor Co., 144 Cal. App. 4th 824, 835 (2006). A defendant may be obliged to disclose a fact "when the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff" or "when the defendant actively conceals a material fact from the plaintiff." Collins v. eMachines, Inc., 134 Cal. Rptr. 3d 588, 593 (Cal. App. 3d Dist. 2011), as modified (Dec. 28, 2011).

Defendant contends Plaintiffs have failed to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement, which applies to state causes of action made in federal court. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In cases involving misstatements, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess, 317 F.3d at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). "A plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth

---

by proving that they paid more than market rate for telephone calls or would not have used Defendant's services had they been aware of Defendant's conduct. But for now, given that the court must accept as true Plaintiffs' allegations to that effect, Plaintiffs have adequately pled a section 17200 claim.

what is false or misleading about a statement, and why it is false." Id. (internal quotations and alterations omitted). "Where a fraudulent omission is at issue, the requirements of Rule 9(b) are relaxed, but not eliminated." UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc., 117 F. Supp. 3d 1092, 1107 (C.D. Cal. 2015); see also Huntair, Inc. v. Gladstone, 774 F. Supp. 2d 1035, 1044 (N.D. Cal. 2011) (stating that the Rule 9(b) standard is somewhat relaxed when a claim rests on an alleged fraudulent omission because "a plaintiff cannot plead either the specific time of [an] omission or the place, as he is not alleging an act, but a failure to act"). Either way, "Rule 9(b) demands that . . . the circumstances constituting the alleged fraud be specific enough to "give [Defendant] notice of the particular misconduct so that [it] can defend against the charge and not just deny that [it has] done anything wrong." Vess, 317 F.3d at 1106 (internal quotations and alterations omitted).

The court finds that Plaintiffs have met Rule 9(b)'s requirement as to their omissions claim, but failed to meet Rule 9(b)'s requirements as to their false representations claim. Regarding the omissions, Plaintiffs allege that sometime between April 14, 2014, and August 21, 2014 (when), Defendant employee Christopher Hudson (who) knew that Defendant was improperly recording attorney-client calls (what), in San Diego (where), but failed to disclose this information to the victims or the general public (how). Because Defendant had "exclusive knowledge of material facts not known or reasonably accessible to the plaintiff," Collins, 202 Cal. App. 4th at 255, Defendant owed a duty to disclose these facts. This, along with Plaintiffs' claims that they would not have used Defendant's services if the omitted facts had been disclosed, see Mirkin v. Wasserman, 5 Cal. 4th 1082, 1093 (1993), satisfies Rule 9(b).

Regarding the false representations, however, while Plaintiffs allege that Defendant pledged to follow state laws regarding confidentiality, they do not allege who at Securus made that statement, when he made it, or that he knew Securus was in fact not following California law. Similarly, while Plaintiffs allege Defendant issued a press release stating that Securus "found absolutely no evidence of attorney-client calls that

were recorded without the knowledge and consent of those parties," they fail to allege who made that statement and when.[11]  Finally, though Plaintiffs allege that Defendant knew it was recording the calls of individuals who added their telephone numbers to a "Do Not Record" list with the San Diego Sheriff's Office, they do not plead that Defendant made any active false statements in connection with that list.[12]

Thus, for the foregoing reasons, the court dismisses, with leave to amend, Plaintiffs' Fourth Cause of Action (Fraud and Intentional Misrepresentation).

### 3. Negligence Claims

Defendant does not directly address Plaintiffs' negligence claim.[13] (See generally Doc. Nos. 11, 18.)  Thus, the court presumes that in moving to dismiss this claim, Defendant relies on its previously discussed argument that Plaintiffs have not suffered damages and therefore lack an element of negligence under California law.  See Brown v. Ransweiler, 171 Cal. App. 4th 516, 534 (2009) (stating elements of negligence are (1) a legal duty to use due care, (2) breach of that duty, (3) the breach was the proximate or legal cause of the resulting injury, and (4) actual loss or damage resulting from the breach of the duty of care).  Because the court finds that Plaintiffs have satisfactorily alleged damages in this case, the court denies Defendant's motion to dismiss this claim.

### 4. Unjust Enrichment Claims

As Defendant correctly pointed out, there is not a standalone cause of action for unjust enrichment in California.  Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350,

---

[11] The court notes that Plaintiffs attached documents to their opposition that may address these insufficiencies.  But Plaintiffs must satisfy Rule 9(b) in the pleading, not through exhibits to their arguments.

[12] Plaintiffs also allege that a brochure for Defendant's "Video Visitation" service states that those sessions will not be recorded or monitored, but that service is not at issue in this case.

[13] Plaintiffs' negligence claim is not subject to Rule 9(b)'s heightened pleading standard. Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) ("Where fraud is not an essential element of a claim, only those allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleading standard.").

1370 (2010). But unjust enrichment is synonymous with restitution, and when a plaintiff alleges unjust enrichment, a court may "construe the cause of action as a quasi-contract claim seeking restitution." Rutherford Holdings, LLC v. Plaza Del Rey, 223 Cal. App. 4th 221, 231 (2014). There are "several potential bases for a cause of action seeking restitution." Durell, 183 Cal. App. 4th at 1370. For example, "restitution may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct." Id.

Plaintiffs are free to seek restitution in the alternative to their other claims, see Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015) (citing Fed. R. Civ. P. 8(d)(2)), and one basis for restitution—a benefit obtained by fraud—is at issue here. Accordingly, the court denies Defendant's motion to dismiss this claim.

### 5. Conversion Claim

"Conversion is the wrongful exercise of dominion over the property of another." Welco Elecs., Inc. v. Mora, 223 Cal. App. 4th 202, 208 (2014), reh'g denied (Feb. 19, 2014). The elements of conversion are: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." Id. "Money may be the subject of conversion if the claim involves a specific, identifiable sum." Id.

"California cases permitting an action for conversion of money typically involve those who have misappropriated, commingled, or misapplied specific funds held for the benefit of others." PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384, 396 (2007). That is not Plaintiffs' claim here. Instead, the crux of Plaintiffs' claim is that Defendant charged them for services they otherwise would not have used, or at a minimum, overcharged them. But as the California Court of Appeal has noted, there is no support for the position that an overcharge, without more, gives rise to a claim for conversion. McKell v. Washington Mut., Inc., 142 Cal. App. 4th 1457, 1492 (2006); see also Gutierrez v. Wells Fargo & Co., 622 F. Supp. 2d 946, 956 (N.D. Cal. 2009) (same). Accordingly, the court

dismisses, without leave to amend, Plaintiffs' Seventh Cause of Action (Conversion).

## II. MOTION TO STRIKE CLASS ACTION ALLEGATIONS

### A. Legal Standards

Federal Rule of Civil Procedure 12(f) states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (internal quotations omitted). "'Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic.'" Varrasso v. Barksdale, No. 13-CV-1982-BAS-JLB, 2016 WL 1375594, at *1 (S.D. Cal. Apr. 5, 2016) (quoting Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)). "The motion should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt the court should deny the motion." Obesity Research Inst., LLC v. Fiber Research Int'l, LLC, No. 15-CV-00595-BAS(MDD), 2016 WL 739795, at *3 (S.D. Cal. Feb. 25, 2016) (internal quotations and alterations omitted). When deciding a Rule 12(f) motion, courts must accept the nonmoving party's allegations as true and liberally construe the pleadings in their favor. Multimedia Patent Trust v. Microsoft Corp., 525 F. Supp. 2d 1200, 1211 (S.D. Cal. 2007).

### B. Analysis

Class allegations are generally not tested at the pleadings stage and instead are usually tested after one party has filed a motion for class certification. E.g., Thorpe v. Abbott Labs., Inc., 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); In re Wal-Mart Stores, Inc. Wage & Hour Litig., 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007). As the Supreme Court has explained, however, "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160

(1982). Thus, the court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained. Sanders v. Apple, Inc., 672 F. Supp. 2d 978, 990–91 (N.D. Cal. 2009).

Defendant argues that the court should strike Plaintiffs' class allegations because the putative class contains "persons who have no conceivable basis to claim injury." This is because, according to Defendant, the subclasses include inmates and attorneys who may have had non-confidential attorney-client conversations listened to, eavesdropped on, or recorded by Defendant, as well as attorneys who cannot assert the attorney-client privilege for themselves.

These arguments miss the mark. First, Defendant ignores the plain language of section 636, which does not require that conversations be confidential. See Cal. Penal Code § 636. Thus, Defendant's focus on the individualized inquiry required to determine whether calls were confidential is completely misguided. The cases Defendant cites in support of its argument dealt with claims under section 632, which, unlike section 636, is only actionable for confidential calls. See Torres v. Nutrisystem, Inc., 289 F.R.D. 587 (C.D. Cal. 2013); NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc., No. 12-CV-01685-BAS JLB, 2015 WL 1309938, at *1 (S.D. Cal. Mar. 24, 2015), on reconsideration, sub nom. NEI Contracting & Eng'g, Inc. v. Hanson Aggregates, Inc., No. 12-CV-01685-BAS JLB, 2015 WL 4923510 (S.D. Cal. Aug. 18, 2015). Moreover, those decisions came about at the class certification stage rather than the pleading stage, further undermining their usefulness to Defendant. Second, as discussed in footnote 4, the attorney class is alleging violations of section 636—not the attorney client-privilege—and thus the attorney subclass does not lack standing for that reason.

All told, Defendant's motion to strike falls far short of the high threshold for disposing of class action allegations under Rule 12(f). At this stage, the court simply cannot be certain, from the face of the complaint, that the class claims cannot be maintained. Thus, Defendant's motion is premature, and a later motion for class certification is the more appropriate vehicle for Defendant's arguments. Given that

"[a]ny doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike," In re Wal-Mart, 505 F. Supp. 2d at 614, the court denies Defendant's motion to strike.

## CONCLUSION

For the foregoing reasons, the court dismisses, with leave to amend, Plaintiffs' Fourth Cause of Action (Fraud and Intentional Misrepresentation). The court dismisses, without leave to amend, Plaintiffs' Seventh Cause of Action (Conversion). The court denies the remainder of Defendant's motion to dismiss, and the court denies Defendant's motion to strike. If Plaintiffs wish to file a second amended complaint to address their claim for intentional misrepresentation, they must do so within fourteen days of the entry of this order.

IT IS SO ORDERED.

DATED: October 24, 2016

JEFFREY T. MILLER
United States District Judge