UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMERO, FRANK TISCARENO, and KENNETH ELLIOTT, on behalf of themselves, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>Defendant. | Case No.: 16cv1283 JM (MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Defendant Securus Technologies moves to dismiss the fourth cause of action in the second amended class action complaint ("SAC") of Plaintiffs Juan Romero, Frank Tiscareno, and Kenneth Elliott (collectively, "Plaintiffs"). (Doc. No. 23.) For the following reasons, the court grants Defendant's motion in part and denies it in part.[1]

---

[1] In addition, the court grants Plaintiffs' request for judicial notice insomuch as Plaintiffs ask the court to recognize the existence of the documents contained in Exhibits A–C to their opposition to Defendant's motion. But as matters of public record, the court takes notice only of the existence of those documents, and does not credit the truth of their contents. See Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir. 2001).

# BACKGROUND

Plaintiffs are two former inmates and a criminal defense attorney, all of whom used Defendant's telephone systems to make calls to and from certain correctional facilities in California.  Plaintiffs filed a first amended complaint against Defendant on July 26, 2016, alleging seven causes of action: (1) violations of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 636, (2) violations of California Business & Professions Code section 17200 ("section 17200"), (3) fraudulent concealment/omission, (4) fraudulent misrepresentation, (5) negligence, (6) unjust enrichment, and (7) conversion.  (Doc. No. 8.)  Defendant moved to dismiss the first amended complaint, and on October 24, 2016, the court granted that motion in part and denied it in part. (Doc. No. 21.)  The court dismissed Plaintiffs' conversion claim without leave to amend and dismissed Plaintiffs' fourth cause of action for fraudulent misrepresentation with leave to amend.  The court denied the remainder of Defendant's motion.  Plaintiffs timely amended the fourth cause of action, filing the SAC on November 7, 2016.  (Doc. No. 22.) In the motion now before the court, Defendant once again moves to dismiss Plaintiffs' fourth cause of action for fraudulent misrepresentation.[2]

---

[2] In addition, Defendant once again moves to dismiss the SAC in its entirety, spending a significant portion of its papers challenging the court's previous determination that Plaintiffs alleged an injury in fact sufficient to confer standing.  Among other complaints, Defendant objects to the court "rel[ying] on Matera v. Google Inc., No. 15-CV-04062-LHK, 2016 U.S. Dist. LEXIS 130778 (N.D. Cal. Sep. 23, 2016), although that decision was so recent that the parties had not addressed it in their briefs."  Despite Defendant's contention, however, the court did not "rely" on Matera.  Rather, after its own evaluation, the court "agree[d] with Judge Koh's well-reasoned order" in Matera that reached the same conclusion.  The court is not persuaded by Defendant's further arguments on this point—whether new or rehashed—and declines to reconsider that decision.  Furthermore, Defendant ignores the court's finding, in the context of California Business & Professions Code section 17200, that Plaintiffs adequately alleged economic injury.  As section 17200's standing requirement is "substantially narrower than federal standing," Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 324 (2011), that finding provides an alternate basis for standing completely independent of Matera (or Spokeo).

**DISCUSSION**

Defendant argues that "[d]espite Plaintiffs' addition of several paragraphs to the Second Amended Complaint, their fraud claim still fails to meet the heightened pleading requirements of Rule 9(b)."

## A.   Legal Standards

A Rule 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of the pleadings.  Generally, to overcome such a motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Federal Rule of Civil Procedure 9(b) provides, however, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal ellipsis omitted).  To satisfy Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).  In addition, the plaintiff "must set forth what is false or misleading about a statement, and why it is false." Id.

## B.   Analysis

In their fourth cause of action, Plaintiffs offer three generally separate representations which they contend state a claim for fraud under California law, the elements of which are: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 990 (2004).

First, Plaintiffs allege that on or about May 29, 2012, Defendant's CEO Richard A.

Smith issued and published a "Customer Integrity Pledge" to Defendant's "Customers — Inmates, Friends, Family, and the Corrections Community," which was intended to reach Plaintiffs and those similarly situated.[3] (Doc. No. 22 ¶¶ 145.) In the portion of that pledge relevant to this case, Smith assured Defendant's customers that Defendant would follow all state laws in the conduct of its business. (Id.) Plaintiffs allege that this statement was false when made, (id. ¶ 161), and Defendant knew as much, (id. ¶ 162).

This allegation provides the who (Smith), what (a statement that Defendant follows California law), when (May 29, 2012), where (Defendant's website), and how (Defendant actually does not follow California law) of the misconduct charged. See Vess, 317 F.3d at 1106. Further, Plaintiffs' allegations that Defendant "knew that its representations and suggestions were false and/or misleading when made," (Doc. No. 22 ¶ 162), and "intentionally and knowingly misrepresented" itself, (id. ¶ 163), with "the intent to induce" Plaintiffs to purchase and use the product, (id. ¶ 164), is enough to "generally" aver "intent, knowledge, and other conditions of a person's mind" in accordance with Rule 9(b). That is particularly true when, as here, "plaintiffs cannot be expected to have personal knowledge of the relevant facts" regarding what Defendant knew and when it knew it. See Sanford v. MemberWorks, Inc., 625 F.3d 550, 558 (9th Cir. 2010).

Thus, based on the foregoing, as well as Plaintiffs' assertion that they acted "in justifiable reliance" on Smith's statement, (id. ¶¶ 165–66), the court finds that Plaintiffs have sufficiently pled fraud under Rule 9(b) and California law with respect to the May 29, 2012, Customer Integrity Pledge.

Second, Plaintiffs point to Defendant's November 13, 2015, press release that stated, among other things, that Defendant had "seen no evidence to date of any attorney-client privileged communications that were recorded in error" and that it "does not sell

---

[3] California Civil Code section 1711 provides that anyone "who practices a deceit with intent to defraud the public, or a particular class of persons, is deemed to have intended to defraud every individual in that class, who is actually misled by the deceit."

call recordings or information to our law enforcement or correctional customers or anyone else." (Id. ¶ 151.)  Again, Plaintiffs allege that this statement was false when made, (id. ¶ 161), and Defendant knew as much, (id. ¶ 162).

This statement also provides the what (a statement that Defendant had seen no evidence of improper recordings and does not sell recordings or information), when (November 13, 2015), where (Defendant's website), and how (Defendant actually did have evidence of improper recordings and did sell recordings or information) of the misconduct charged.  See Vess, 317 F.3d at 1106.  The only apparent question is whether the statement satisfies the "who."

Though the press release was not signed, it was posted on Defendant's website, written in Defendant's voice, and offered assurances on Defendant's behalf.  Therefore, whether the CEO, head of cybersecurity, another executive, or some combination of officers was responsible for the statement, the fact that it was not signed is not a fatal flaw.  "In cases of corporate fraud where the false or misleading information is conveyed in . . . press releases, . . . it is reasonable to presume that these are the collective actions of the officers."  Blake v. Dierdorff, 856 F.2d 1365, 1369 (9th Cir. 1988) (internal quotations and alterations omitted).  Consequently, even without a name attached to the press release, Plaintiffs have alleged the "circumstances constituting the alleged fraud" in a manner "specific enough to give [D]efendant[] notice of the particular misconduct so that [it] can defend against the charge."  See Vess, 317 F.3d at 1106.  And as Plaintiffs make the same claims regarding knowledge, intent, and reliance as discussed above—buttressed by 2014 emails purporting to alert Defendant to the allegedly improper recordings, (Doc. No. 22 ¶¶ 49–62)—the court finds that Plaintiffs have sufficiently pled fraud under Rule 9(b) and California law based on the November 13, 2015, press release, as well.[4]

---

[4] This is despite Defendant's argument that the press release came "some twenty (20) months after the allegedly unlawful conduct ended, thus providing no basis for Plaintiffs'

Third, Plaintiffs allege that Defendant made statements to employees of the San Diego County Sheriff's Office ("the Sheriff"), including the Sheriff's lawyer, "knowing those false statements would be repeated to Plaintiffs and the proposed Class Members." (Doc No. 22 ¶¶ 147–48.) Although Plaintiffs allege that various Sheriff employees stated that attorney-client calls would not be recorded if an attorney's telephone number was on a "Do Not Record" list, those statements are only actionable against Defendant if Defendant made a fraudulent misrepresentation to the Sheriff and it intended, or had reason to expect, that the Sheriff would repeat that representation to Plaintiffs. See Geernaert v. Mitchell, 31 Cal. App. 4th 601, 605–06 (1995).

Plaintiffs do not point to any such statement. Instead, Plaintiffs allege in general fashion that Defendant conveyed this information through its service contracts with the Sheriff, (Doc. No. 22 ¶ 158), or an unspecified "promotion and advertising campaign," (id. ¶ 149). That undefined accusation is not sufficient to support a fraud allegation, and accordingly, the court finds that with regard to any alleged misrepresentations made to the Sheriff, Plaintiffs have not met Rule 9(b)'s requirements.

## CONCLUSION

For the foregoing reasons, the court denies Defendant's motion as to the May 29, 2012, "Customer Integrity Pledge" and November 13, 2015, press release, and grants Defendant's motion as to any information conveyed to the Sheriff. If Plaintiff can satisfy Rule 9(b) and California law in alleging specific misrepresentations that Defendant made to the Sheriff, it may file an amended complaint within fourteen days of this order.

IT IS SO ORDERED.

DATED: January 26, 2017

JEFFREY T. MILLER
United States District Judge

---

reliance." (Doc. No. 23 at 3.) At present, the only basis for believing when the allegedly unlawful conduct ended is Defendant's own assurance on that point. Obviously the court cannot discredit Plaintiffs' claim based on that representation alone.