Adam R. Fox (State Bar # 220584)
adam.fox@squirepb.com
Marisol C. Mork (State Bar # 265170)
marisol.mork@squirepb.com
Chassica Soo (State Bar # 287427)
chassica.soo@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:  +1 213 624 2500
Facsimile:   +1 213 623 4581

Gretchen A. Ramos (State Bar # 198689)
gretchen.ramos@squirepb.com
Tania L Rice (State Bar # 294387)
tania.rice@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone:  +1 415 954 0200
Facsimile:   +1 415 393 9887

Attorneys for Defendant
Securus Technologies, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMERO, FRANK TISCARENO, and KENNETH ELLIOTT on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC,<br><br>Defendant. | Case No. 3:16-cv-01283-JM -MDD<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>Date:         April 3, 2017<br>Time:         10:00 a.m.<br>Courtroom:  5D<br>Judge:        Hon. Jeffrey T. Miller<br><br>**Oral Argument Requested** |

## NOTICE OF MOTION AND MOTION

## TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on April 3, 2017 at 10:00 a.m., or as soon thereafter as this matter can be heard before the Honorable Jeffrey T. Miller, in Courtroom 5D of the Edward J. Schwartz United States Courthouse, located in Suite 5190, 221 West Broadway, San Diego, California 92101, Defendant Securus Technologies, Inc. ("Securus") will and hereby does move the Court for an order dismissing from Plaintiffs' Third Amended Complaint those portions of Plaintiffs' claim for fraud and intentional misrepresentation that are based on alleged indirect deception of the Plaintiffs by way of statements Securus made to the San Diego County Sheriff's office. Securus brings this motion pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs amended their Fourth Cause of Action for Fraud and Intentional Misrepresentation, but still fail to meet the requisite pleading standards and state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and upon such oral argument and other submissions that may be presented at or before the hearing on this Motion.

Dated: February 22, 2017

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

*s/*Adam R. Fox
Adam R. Fox
Gretchen A. Ramos

Attorneys for Defendant
Securus Technologies, Inc.
adam.fox@squirepb.com
gretchen.ramos@squirepb.com

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND ...............................................................................2

III. ARGUMENT .........................................................................................................3
   A. Governing Legal Standards........................................................................3
   B. Plaintiffs Still Do Not State A Viable Claim for Fraud and Intentional Misrepresentation Based Upon The Alleged Indirect Deception of Plaintiffs By Statements Made To The Sheriff...............4

IV. CONCLUSION ......................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..................................................................................................4

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 554 (2007)..................................................................................................3

*Geernaert v. Mitchell*,
 31 Cal. App. 4th 601 (1995)..................................................................................4, 5

*Kane v. Chobani, Inc.*,
 973 F. Supp. 2d 1120 (N.D. Cal. 2014)....................................................................4

*Papasan v. Allain*,
 478 U.S. 265 (1986)..................................................................................................3

*Reddy v. Litton Indus. Inc.*,
 912 F.2d 291 (9th Cir. 1990).....................................................................................7

*Robinson Helicopter Co. v. Dana Corp.*,
 34 Cal. 4th 979 (2004)..............................................................................................4

*Rubin v. Trimble*,
 No. C-95-4353 MMC, 1997 U.S. Dist. LEXIS 14011 (N.D. Cal. Apr. 28, 1997).........................................................................................................6

*Shapiro v. Sutherland*,
 64 Cal. App. 4th 1534 (1998)..............................................................................4, 5

*Sprewell v. Golden State Warriors*,
 266 F.3d 979 (9th Cir. 2001).....................................................................................6

*Vess v. Ciba-Geigy Corp. USA*,
 317 F.3d 1097 (9th Cir. 2003)...................................................................................4

**Statutes**

15 Cal. Code Regs. § 3282(e)...........................................................................................2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case presents a putative class action that asserts a claim for fraud and intentional misrepresentation, portions of which the Court has already twice dismissed because it failed to satisfy Federal Rule of Civil Procedure 9(b). [D.E. 21 (Order) at 15:14; D.E. 29 (Order) at 6:1-15]. In the Court's most recent decision on the subject, it rejected Plaintiffs' claim of fraud that alleged only "in general fashion" that Defendant Securus Technologies, Inc. ("Securus") had indirectly conveyed to Plaintiffs purportedly false information in "its service contracts" with the San Diego County Sheriff and an "unspecified" marketing campaign. [D.E. 29 (order) at 6:10-12]. The Court characterized this allegation as "undefined" and "not sufficient to support a fraud allegation" in part because it included no plausible charge that Securus had "intended, or had reason to expect, that the Sheriff would repeat that representation to Plaintiffs." [*Id.* at 6:7-8 & 6:13].

Plaintiffs' new pleading does not cure the defects identified by the Court. The Third Amended Complaint now purports to identify as false certain language in the August 2012 service contract between Securus and the Sheriff, and an August 29, 2012 email sent by Securus to the Sheriff's office. [D.E. 30 ¶¶ 149-151]. But it does not plausibly allege that Securus intended or had special reason to expect that the Sheriff would repeat the alleged falsehoods or that they would influence Plaintiffs' conduct. Instead, Plaintiffs plead factual details contrary to such claims. They allege that Securus itself was "trying to determine why" calls were being "randomly recorded" and therefore plainly had no intent to deceive anyone. [D.E. 30 (Third Amend. Compl.) ¶¶ 44 & 49]. Plaintiffs also allege that the problem first surfaced in April 2013, many months after the representations in question. [*Id.* ¶¶ 67(b) & 82]. Plaintiffs even admit the recordings were "purged." [*Id.* ¶¶ 55-56].

In short, Plaintiffs' fraud claim should be dismissed to the extent it is premised on alleged statements made to the third-party Sheriff's office.

## II. FACTUAL BACKGROUND

Plaintiffs, the San Diego based criminal defense attorney Kenneth Elliot and former California inmates Juan Romero and Frank Tiscareno, allege that Securus is "the largest inmate communications provider in the country." [D.E. 30 ¶ 13]. They further allege that in addition to providing telephonic services "Securus records communications between detainees and the outside world." [*Id.* ¶ 14]. Plaintiffs also aver that "Securus gives local law enforcement agencies direct eavesdropping ability and online access to recorded phone calls and the ability to listen in and review them at any time." [*Id.* ¶ 15]. Importantly, these practices are consistent with California's general and default prison regulations. *See* 15 Cal. Code Regs. § 3282(e) (subjecting "[a]ll inmate calls . . . to monitoring and recording at any time").

In May of last year, Plaintiffs commenced a putative class action in which they alleged—as they do today—that Securus "randomly" recorded certain phone calls between the inmate Plaintiffs and their attorneys. [D.E. 30 ¶¶ 44, 49 & 66]. Plaintiffs do not allege facts supporting the notion that anyone actually listened to any of these inadvertently recorded calls or that any of the calls truly involved a private attorney-client conversation. Indeed, Plaintiffs' operative pleading includes factual details that demonstrate Securus was instead "trying to determine why private calls are being recorded" and working on "resolving the problem," including having "recordings . . . purged." [*Id.* ¶¶ 44, 49 & 56]. Despite these admissions, Plaintiffs include a claim for fraud and intentional misrepresentation.

Plaintiffs' initial Complaint asserted only claims for a violation of the California Invasion of Privacy Act Section 636 and common law negligence. [D.E. 1]. Following a motion to dismiss [D.E. 4], Plaintiffs amended their pleading by adding claims for conversion, unfair competition, unjust enrichment, fraudulent concealment, fraud and intentional misrepresentation. [D.E. 8]. Securus moved to dismiss that First Amended Complaint [D.E. 11], and the Court granted that motion

in part, dismissing with prejudice the conversion claim, and dismissing without prejudice the claim of fraud and intentional misrepresentation [D.E. 21]. Plaintiffs thereafter filed a Second Amended Complaint that included additional paragraphs regarding the previously dismissed fraud claim. [D.E. 22]. When Securus filed another motion to dismiss, the Court once again granted the motion in part, rejecting Plaintiffs' fraud claim to the extent that it was based upon purportedly false information indirectly conveyed to Plaintiffs by way of the San Diego County Sheriff and an "unspecified" marketing campaign. [D.E. 29 at 6:1-15].

Plaintiffs' Third Amended Complaint still anchors part of its fraud claim in allegations about statements that Securus made to the Sheriff's office, rather than to Plaintiffs. [D.E. 30 at ¶¶ 148-151]. In particular, Plaintiffs aver that the service contract joined by the Sheriff and Securus in August 2012 stated that Securus "shall at all times perform its obligations hereunder in compliance with all applicable federal, State, and County laws and regulations." [*Id.* ¶ 149]. Plaintiffs also allege that an addendum to that agreement stated that "calls made from the free telephones in the detention facility booking areas . . . were not being recorded." [*Id.* ¶ 150]. Plaintiffs further contend that a Securus employee sent an email to the Sheriff's office on August 29, 2012 stating that "if the call is private, . . . there won't be a recording." [*Id.* ¶ 151 (emphasis removed)].

## III. ARGUMENT

### A. Governing Legal Standards

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a pleaded claim. To overcome such a motion, the claim must be pleaded with "enough facts" that render it "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The Court should therefore be vigilant in disregarding any "legal conclusion couche[d] as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286

(1986). Even well-pleaded facts that "do not permit the court to infer more than the mere possibility of misconduct" fail to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Allegations of fraud must additionally satisfy the heightened pleading requirement imposed by Federal Rule of Civil Procedure 9(b), whether the plaintiff's claim arises from state or federal law. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). These requirements demand that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," although "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Even allegations of reliance must be pleaded with particularity. *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120, 1136-37 (N.D. Cal. 2014).

To withstand a motion to dismiss, Plaintiffs must sufficiently plead each the following elements of fraud: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004). In the case of fraud premised upon the doctrine of "indirect deception," Plaintiffs must also sufficiently plead facts plausibly showing that the defendant intended, or had a "special reason" to expect, that the direct target of one's misrepresentation would repeat it to Plaintiffs and that it would influence their conduct. *Shapiro v. Sutherland*, 64 Cal. App. 4th 1534, 1548 (1998); *see also Geernaert v. Mitchell*, 31 Cal. App. 4th 601, 605-06 (1995).

B. **Plaintiffs Still Do Not State A Viable Claim for Fraud and Intentional Misrepresentation Based Upon The Alleged Indirect Deception of Plaintiffs By Statements Made To The Sheriff**

The statements forming the basis of Plaintiffs' fraud claim based on a theory of indirect deception are buried in Securus's contract with the Sheriff's office and a solitary email to the Sheriff in August 2012. [D.E. 30 ¶¶ 149-151]. In each

paragraph recounting the alleged misrepresentations, Plaintiffs also aver their repetition by the Sheriff to the Plaintiffs, but only in the most conclusory terms. [*See id.*]. The Third Amended Complaint likewise includes formulaic assertions that Securus made these "misrepresentations . . . with intent and reason to expect that its [*sic*] terms would be repeated and communicated to the Plaintiffs." [*Id.* ¶ 154; *see also id.* ¶¶ 163 & 169]. But the identical, conclusory language appeared in the previous iteration of Plaintiffs' fraud claim based on indirect deception, [*see* D.E. 22 (Second Amend. Compl.) ¶¶ 149, 158 & 164], which this Court previously rejected. [D.E. 29 (Order) at 6:1-15].

A fraud claim against Securus based on a theory of indirect deception cannot stand without factual details that plausibly demonstrate Securus actually intended or had a special reason to expect that the Sheriff would repeat the supposedly false representations to Plaintiffs, and that they would rely upon them. *Shapiro*, 64 Cal. App. 4th at 1548. The Third Amended Complaint lacks such allegations. Initially, although the heightened pleading requirements for fraud generally do not apply with equal force when pleading intent, Securus "could not have *intended* unknown third parties" like Plaintiffs to rely on the referenced contractual language and email with the Sheriff. *Geernaert*, 31 Cal. App. 4th at 606 (emphasis in original).

Moreover, with Plaintiffs unknown to Securus, the principle of indirect deception may only support a claim of fraud if Securus is alleged to have had information giving it "special reason to expect" that its misrepresentations would be "communicated to others and w[ould] influence their conduct." *Shapiro*, 64 Cal. App. 4th at 1548. This requirement demands more than mere allegations of foreseeability; the explanation must be "[c]onsistent with the rule requiring specificity in pleading fraud." *Geernaert*, 31 Cal. App. 4th at 608. Plaintiffs instead state their claim in only a general fashion, bereft of any allegations that show Securus had "special reason" to expect that its statements to the Sheriff would be repeated to Plaintiffs and relied upon by them. *Id.*

Indeed, Plaintiffs allege no facts supporting the plausibility that Securus meant anything other than what it said, and actually intended to follow the law when it entered the contract with or emailed the Sheriff in August 2012. Instead, Plaintiffs allege facts that reinforce the good intentions of Securus and thus the lack of the critical element of scienter. In this regard, Plaintiffs allege that the "problem that [wa]s allowing . . . calls to be randomly recorded" first surfaced in April 2013, many months after the time of Securus's purported misrepresentations. [D.E. 30 (Third Amend. Compl.) ¶¶ 49, 67(b) & 82]. Plaintiffs also quote from email communications after the problem became apparent that reveal Securus was "trying to determine why private calls [we]re being recorded" when they should not be. [*Id.* ¶ 44]. Plaintiffs even admit these unintended recordings were "purged" by Securus well before it was targeted in litigation. [*Id.* ¶¶ 55-56].

These factual details are inconsistent with, and cannot support, a legally viable claim of fraud based on indirect deception. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (explaining that "a plaintiff can . . . plead himself out of a claim by including unnecessary details contrary to his claims"). By admitting that any problem allowing certain confidential calls to be recorded occurred only randomly, and caused Securus itself to investigate and fix it, renders Plaintiffs' speculation about the supposed intent and expectations of Securus plainly implausible and unsupportive of a viable claim of fraud. *Id.*

Moreover, while Plaintiffs seize upon statements made by Securus that occurred months before the inadvertent recordings are alleged to have begun, they fail to identify any statements that "conflict with contemporaneously existing facts." *Rubin v. Trimble*, No. C-95-4353 MMC, 1997 U.S. Dist. LEXIS 14011, at *23 (N.D. Cal. Apr. 28, 1997). Without reciting such facts or otherwise offering an "explanation of why and how the statements were false or misleading at the time they were made," Plaintiffs fail to satisfy Rule 9(b) in their pleading of scienter. *Id.* at *22-*23. This omission independently deprives them of a viable claim of fraud.

## IV. CONCLUSION

For all of the foregoing reasons, Securus respectfully requests the Court to grant its motion, dismissing the still deficient claim of fraud and intentional misrepresentation to the extent it is premised upon the principle of indirect deception. Having had several opportunities to address this subject and in light of the facts pleaded that are contradictory to this theory, further amendment is futile. Accordingly, the Court should dismiss this claim without further leave to amend. *See Reddy v. Litton Indus. Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990).

Dated: February 22, 2017

s/ Adam R. Fox
Adam R. Fox
Gretchen A. Ramos

Attorneys for Defendant
Securus Technologies, Inc.
adam.fox@squirepb.com
gretchen.ramos@squirepb.com

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- 7 -

NOTICE AND MOTION TO DISMISS
THIRD AMENDED COMPLAINT
16-CV-1283-JM-MDD

# PROOF OF SERVICE

The undersigned certifies and declares as follows:

I am a resident of the State of California and over 18 years of age and am not a party to this action. My business address is 555 South Flower Street, 31st Floor, Los Angeles, California 90071-2300.

On February 22, 2017, a copy of the following documents:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

was served on:

| | |
|---|---|
| Ronald A. Marron, Esq.<br>Alexis Wood, Esq.<br>Kas Galluci, Esq.<br>LAW OFFICES OF RONALD A. MARRON<br>651 Arroyo Drive<br>San Diego, CA 92103<br>Tel: (619) 696-9006<br>Fax: (619) 564-6665<br>ron@consumersadvocates.com<br>alexis@consumersadvocates.com<br>kas@consumersadvocates.com | Robert L. Teel, Esq.<br>LAW OFFICE OF ROBERT L. TEEL<br>207 Anthes Avenue, 2nd Floor<br>Langley, WA 98260<br>Tel: (866) 833-5529<br>Fax: (855) 609-6911<br>lawoffice@rlteel.com |

Service was accomplished as follows:

☒ **By Electronic Means**. On the above date, I filed the abovementioned document(s) by electronic means with the Court. As such, the Court electronically mailed such document(s) to the parties noted above, whose electronic mail address is set forth above.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 22, 2017, at Los Angeles, California.

Phannie H. Tsui