UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMERO, FRANK TISCARENO, and KENNETH ELLIOTT, on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>Defendant. | Case No.: 16cv1283 JM (MDD)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PORTIONS OF PLAINTIFFS' THIRD AMENDED COMPLAINT** |

Defendant Securus Technologies moves to dismiss portions of the fourth cause of action in the third amended class action complaint ("TAC") of Plaintiffs Juan Romero, Frank Tiscareno, and Kenneth Elliott. Specifically, Defendant seeks dismissal of Plaintiffs' allegations of fraud based on statements Defendant made to the San Diego County Sheriff's Office ("the Sheriff"). (Doc. No. 31.) Plaintiffs oppose the motion. The court finds the matter appropriate for decision without oral argument pursuant to Local Rule 7.1(d)(1) and, for the following reasons, grants Defendant's motion.

## BACKGROUND

Plaintiffs are two former inmates and a criminal defense attorney, all of whom used Defendant's telephone systems to make calls to and from certain correctional

1 facilities in California.

2 In July 2016, Plaintiffs filed a first amended complaint against Defendant alleging seven causes of action: (1) violation of the California Invasion of Privacy Act, Cal. Penal Code § 636; (2) violation of California Business & Professions Code section 17200; (3) fraudulent concealment/omission; (4) fraudulent misrepresentation; (5) negligence; (6) unjust enrichment; and (7) conversion. (Doc. No. 8.) All seven counts stemmed from Defendant's allegedly improper recording of attorney-client calls.

Defendant filed a motion to dismiss the first amended complaint, which the court granted in part and denied in part. (Doc. No. 21.) The court dismissed the seventh cause of action without leave to amend and dismissed the fourth cause of action with leave to amend. The court denied the remainder of Defendant's motion.

Plaintiffs amended the fourth cause of action and filed a second amended complaint in November 2016. Defendant filed another motion to dismiss. The court granted the motion in part and denied it in part, dismissing Plaintiffs' claim that related to information conveyed to the Sheriff. (Doc. No. 29.) The court invited Plaintiffs to further amend their complaint if they could satisfy federal pleading standards and California law in alleging specific misrepresentations that Defendant made to the Sheriff.

Plaintiffs accepted the court's invitation and filed the TAC on February 8, 2017. (Doc. No. 30.) Defendant now moves, once again, to dismiss the portion of Plaintiffs' fourth cause of action that relates to statements to the Sheriff.

## LEGAL STANDARDS

A Rule 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of the pleadings. Generally, to overcome such a motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 9(b) provides, however, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Although malice, intent, knowledge, and other conditions of a person's mind may be alleged generally under Rule

9(b), "a plaintiff alleging fraud must still allege facts from which it can be inferred that the defendant's representations or assurances were false when made." <u>Am. Shooting Ctr., Inc. v. Secfor Int'l</u>, 2015 WL 1914924, at *6 (S.D. Cal. Apr. 27, 2015) (citing <u>Electric Prop. East, LLC v. Marcus & Millichap Co.</u>, 751 F.3d 990 (9th Cir. 2014)).  In other words, "although the language of Rule 9 poses no barrier in itself to general pleading of fraudulent [state of mind], <u>Twombly</u> . . . must still be applied to test complaints that contain claims of fraud." <u>Eclectic Properties</u>, 751 F.3d at 995 n.5 (9th Cir. 2014).

## DISCUSSION

In California, the elements of fraud are: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." <u>Robinson Helicopter Co. v. Dana Corp.</u>, 34 Cal. 4th 979, 990 (2004).  In addition, the principle of indirect fraud provides "that a defendant cannot escape liability if he or she makes a representation to one person while intending or having reason to expect that it will be repeated to and acted upon by the plaintiff (or someone in the class of persons of which plaintiff is a member)." <u>Shapiro v. Sutherland</u>, 64 Cal. App. 4th 1534, 1548 (1998).  Employing this principle, Plaintiffs allege that Defendant made three fraudulent representations to the Sheriff.

First, Plaintiffs point to section 8.1 of an August 2012 written agreement between the Sheriff and Defendant in which "Kristopher Alderman, Dennis Reinhold, and Robert Pickens of Securus represented to one or more persons at the Sheriff's office, including without limitation Frank Clamser and Keith Spears (the manager of the Sheriff's Contract Division) that Securus, 'shall at all times perform its obligations hereunder in compliance with all applicable federal, State, and County laws and regulations.'" (Doc. No. 30 at 37–

38, ¶ 149.)[1]  Second, Plaintiffs point to an addendum to that same August 2012 agreement, in which "Securus confirmed to one or more persons at the Sheriff's office, including without limitation Captain Clamser and Keith Spears, that calls made from the free telephones in the detention facility booking areas, including calls made to attorneys or other numbers on the 'do not record' list[,] were not being recorded."  (Id. at 38, ¶ 150.)  Third, Plaintiffs point to an August 2012 email in which Securus Project Manager Becky Hill told Captain Clamser that "if the call is private, even if we set to record from off-hook, there won't be a recording for a private call . . . duh . . . L  So, a call record for the call but no actual call recording.  So, that leaves me at, what can we get you or how can we help you ease the mind of the attorney's that are concerned?"  (Id. ¶ 151 (all punctuation and grammar in original).)

　　　　Later in the TAC, Plaintiffs allege that Securus "knew that its representations and suggestions were false and/or misleading when made, or made the representations and suggestions recklessly and without regard for their truth."  (Id. at 43, ¶ 167.)  Plaintiffs provide scant factual support for this allegation of knowledge, however.  They state that an internet article reported that improper recording began in December 2011, (Doc. Nos. 30 at 7, ¶ 22; 33 at 10 n.4), but they provide nothing to indicate that Defendant employees Kristopher Alderman, Dennis Reinhold, Robert Pickens, and Becky Hill had <u>any</u> knowledge of those improper recordings in August 2012, much less enough specific knowledge to make their representations to the Sheriff knowingly false when made.[2]

---

[1] In addition to the reasons discussed below, the allegation regarding section 8.1 is also subject to dismissal because there is no "special reason to expect" that a pledge to follow all laws, Shapiro, 64 Cal. App. 4th at 1548, included in a contract between Defendant and the Sheriff, would be communicated by the Sheriff to others.  Yet this requirement must be met to successfully plead indirect fraud.

[2] The court acknowledges that in the last go-round on this cause of action, it was willing to accept an identically worded allegation of knowledge with respect to Defendant's CEO Richard A. Smith.  (See Doc. No. 29 at 4.)  Resolving all inferences in Plaintiffs' favor, and in light of Plaintiffs' claim that the improper recording began in December 2011, the court determined it was plausible that the CEO of the company would know about the

Instead, the TAC indicates in painstaking fashion that those Securus employees who interacted with the Sheriff were put on notice of the improper recordings in the spring and summer of 2014—nearly two years later. (See Doc. No. 30 at 11–17.)

In sum, the TAC "alleges facts that support—at best—a possible basis to believe" that Kristopher Alderman, Dennis Reinhold, Robert Pickens, and Becky Hill knew their representations were false when made, "not a plausible one." Eclectic Properties, 751 F.3d at 999 n.8. Because a mere possibility based on speculation alone does not meet Twombly's requirements, the court dismisses Plaintiffs' claim for fraud based on Defendant's statements to the Sheriff.

## CONCLUSION

For the foregoing reasons, the court grants Defendant's motion to dismiss. As Plaintiffs have had multiple attempts to adequately plead fraud based on information conveyed to the Sheriff and have not been able to do so, the court's order is without leave to amend.

IT IS SO ORDERED.

DATED: March 29, 2017

_____
JEFFREY T. MILLER
United States District Judge

---

recordings, and therefore know that his May 2012 "Customer Integrity Pledge" was false when made. Without more factual support, however, the court is not willing to reach the same conclusion with respect to individual, seemingly non-executive-level Securus employees.