1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17

| | |
|---|---|
| JUAN ROMERO, FRANK TISCARENO, and KENNETH ELLIOTT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>Defendant. | Case No.: 16-cv-1283-JM-MDD<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO EXPEDITE DISCOVERY AND FOR A PRESERVATION ORDER**<br><br>**[ECF NO. 32]** |

18
19
20
21
22
23
24
25
26
27

Plaintiffs are two former inmates and a criminal defense attorney, all of whom used Defendant's telephone systems to make calls to and from certain correctional facilities in California. Plaintiffs allege that Defendant recorded a number of attorney-client calls in violation of California law. On May 27, 2016, Plaintiffs filed their class action Complaint in this Court asserting federal jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). (ECF No. 1). A first amended complaint ("FAC") was filed on July 26, 2016. (Doc. No. 8.) On October 24, 2016, the Court issued an Order granting in part and denying in part Defendant's Motion to Dismiss. (ECF No. 21). A

second amended complaint ("SAC") was filed on November 7, 2016. (ECF No. 22). On January 26, 2017, the Court again granted in part and denied in part Defendant's Motion to Dismiss. (ECF No. 29). A third amended complaint ("TAC") was filed on February 8, 2017. (ECF No. 30). Another Motion to Dismiss was filed by Defendant and granted by the Court on March 29, 2017. (ECF No. 37). The TAC is now the operative pleading and was answered by Defendant on April 12, 2017. (ECF No. 41).

Before the Court is Plaintiffs' Motion to Expedite Discovery and for a Preservation Order, filed on March 10, 2017, some ten months after this action was initiated. (ECF No. 32). Defendant responded in opposition on March 31, 2017. (ECF No. 38). Plaintiffs replied on April 7, 2017. (ECF No. 39). As provided herein, Plaintiffs' motion is **DENIED.**

## DISCUSSION

A. Motion for Preservation Order

In considering a motion for an order preserving evidence, the court is to consider:

1) The level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence;
2) Any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and
3) The capability of an individual, entity, or party to maintain the evidence sought to be preserved.

*Jardin v. Datallegro, Inc., et al,* No. 08-cv-1462, 2008 WL 4104473 *1 (September 3, 2008, S.D. Cal.) (citations omitted).

Plaintiffs support their motion by referring to an alleged "purge" of certain recordings by Defendant in 2014 at the request of the San Diego Sheriff. The alleged purge occurred years before this case was filed. The

2

Court is satisfied with Defendant's assertion that it recognizes and will abide by its preservation obligations. The Court has no concern, based upon this record, for the continuing existence and maintenance of the integrity of the evidence in question. The Motion for an Order of Preservation is **DENIED.**

B. <u>Motion for Expedited Discovery</u>

Federal Rule of Civil Procedure 26(d) states:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

In the instant case, Plaintiff may only obtain early discovery by court order. In this Circuit, courts must find "good cause" to determine whether to permit discovery prior to the Rule 26(f) conference. Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *See, e.g., Arista Records, LLC v. Does 1–43,* 2007 WL 4538697 *1 (S.D. Cal. 2007).

Plaintiffs seek an order requiring an independent computer forensic examiner to "examine" all digital storage devices in Defendant's custody, searching for recordings of calls, restore deleted data and produce such data to Defendant's counsel, all at Defendant's expense. This demand would be extraordinary even in the context of normal discovery. As a matter of expedited discovery, it is beyond the pale, absent serious good cause. Here, the asserted need is as a companion to the motion to preserve evidence. As the Court has denied that motion, this motion similarly is **DENIED.**

The Court finds the timing of the instant motion confusing. Based upon the materials provided, Plaintiffs appear to have been aware of the alleged 2014 purge of certain recorded calls. Yet, Plaintiffs waited approximately 10

3

months after the filing of the Complaint to bring these motions.  It is the Court's experience that motions to preserve and for early discovery typically are brought promptly after the filing of the complaint.  The timing of these requests discounts their urgency and their need.

CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Expedited Discovery and an Order Preserving Evidence is **DENIED.**

**IT IS SO ORDERED:**

Dated:   April 17, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge

4

16-cv-1283-JM-MDD