1  **LAW OFFICE OF ROBERT L. TEEL**
2  ROBERT TEEL (SBN 127081)
   *lawoffice@rlteel.com*
3  1425 Broadway, Mail Code: 20-6690
   Seattle, Washington 98122
4  Telephone: (866) 833-5529
   Facsimile:  (855) 609-6911
5

6  **LAW OFFICES OF RONALD A. MARRON, APLC**
   RONALD A. MARRON (SBN 175650)
7  *ron@consumersadvocates.com*
   651 Arroyo Drive
8  San Diego, California 92103
   Telephone: (619) 696-9006
9  Facsimile:  (619) 564-6665
10 ***Attorneys for Plaintiffs and the Proposed Class***

11

12              **UNITED STATES DISTRICT COURT**

13             **SOUTHERN DISTRICT OF CALIFORNIA**

14 | JUAN ROMERO, FRANK | Case No.: 16-cv-1283-JM-MDD |
15 | TISCARENO, and KENNETH ELLIOT, | |
   | on behalf of themselves, and all others | CLASS ACTION |
16 | similarly situated, | |
   | | **DECLARATION OF RONALD A.** |
17 |                Plaintiffs, | **MARRON IN SUPPORT OF** |
   | | **PLAINTIFFS' MOTION FOR** |
18 |        v. | **CLASS CERTIFICATION** |
19 | |
   | SECURUS TECHNOLOGIES, INC., |
20 | |
   |                Defendant. |
21

22

23

24

25

26

27

28

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1.      I, along with my co-counsel Robert Teel, are counsel of record for Plaintiffs and the putative class in this action.  I am a member in good standing of the State Bar of California and the United States District Courts for the Northern, Central, Eastern, and Southern Districts of California; and of the United States Court of Appeals for the Ninth Circuit. I am over the age of eighteen and am fully competent to make this declaration. This declaration is based upon my personal knowledge unless otherwise indicated. If called upon to testify to the matters stated herein, I could and would do so competently.

## Ronald A. Marron Firm's Qualifications and Experience Prosecuting Consumer Class Action Lawsuits

2.      My work experience and education began in 1984 when I enlisted in the United States Marine Corps (Active Duty 1984-1988, Reserves 1988-1990) and thereafter received my Bachelor of Science in Finance from the University of Southern California (1991).  While attending Southwestern University School of Law (1992-1994), I also studied Biology and Chemistry at the University of Southern California and interned at the California Department of Corporations with emphasis in consumer complaints and fraud investigations.  I was admitted to the State Bar of California in January of 1995 and have been a member in good standing since that time.  In 1996, I started my own law firm with an emphasis in consumer fraud.  My firm currently employs four full-time attorneys, two paralegals, and support staff.  Attached hereto as **Exhibit 1** is a true and correct copy of my current firm resume.

3.      Over the years I have acquired extensive experience in class actions and other complex litigation, and have obtained large settlements as lead counsel.  In recent years, I devoted almost all of my practice to the area of false and misleading labeling of food, nutrition or over-the-counter products, cases involving violations

- 1 -

of the Telephone Consumer Protection Act and other privacy cases.

4.      My firm has an in-depth knowledge of litigating class action cases.  In addition to the present action, my firm is litigating the following cases, including, but not limited to:

- *Reyes v. Educational Credit Management Corporation*, Case No. 15-cv-00628-BAS-AGS (USDC S.D. Cal.);

- *Busch v. Bluestem Brands, Inc. d/b/a Fingerhut*, Case No. 16-cv-00644-WMW-HB (USDC MN.);

- *Gutierrez-Rodriguez v. R.M. Galicia, Inc. dba Progressive Management Systems*, Case No. 3:16-cv-00182-H-BLM (USDC S.D. Cal.).

- *Henderson v. USA Funds, Inc.*, Case No. 3:13-cv-1845-JLS-BLM (USDC S.D. Cal.);

- *Manson v. Navient Solutions, Inc.*, Case No. 1:16-cv-04015 (USDC N.D. Ill.);

- *Mason v. M3 Financial Services, Inc.*, Case No. 1:15-cv-04184 (USCD N.D .Ill)

- *Medina v. Enhanced Recovery Company, LLC*, Case No. 2:15-cv-14342-JEM (USDC S.D. Fl.);

- *Mendez v. Optio Solutions, LLC dba Qualia Collection Services,* Case No. 3:16-cv-01882-AJB-KSC (USDC S.D. Cal.);

- *O'Shea v. American Solar Solution, Inc.*, Case No. 3:14-cv-00894-L-RBB (S.D. Cal.);

- *Phillips v. Mozes, Inc.*, Case No. 2:12-cv-04033-JEO (USDC N.D. Al.);

*Romero, et al. v. Securus Technologies, Inc.* No. 16-cv-1283
DECLARATION OF RONALD A. MARRON

- *Ricketts v. Consumers Energy Co.*, Case No. 1:16-cv-13208-TLL-PTM (USDC E.D. Mich.); and

- *Simms v. Simply Fashion Stores, Ltd.*, Case No. 1:14-cv-00737-WTL-DKL (USDC S.D. Ind.).

5.    Most recently, on September 20, 2017, the Honorable Cynthia A. Bashant of the United States District Court for the Southern District of California granted Plaintiff's Motion for Class Certification and appointed my law firm as class counsel in a class action titled *Reyes v. Educational Credit Management Corporation*, Case No. 15-cv-00628-BAS-AGS (USDC S.D. Cal.) that involves violations of California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 *et seq.* A true and correct copy of Judge Bashant's Order Granting Plaintiff's Motion for Class Certification in the *Reyes* action is attached hereto as **Exhibit 2**.

6.    On January 27, 2017, my firm obtained final approval of a TCPA class action against RBS Citizens, N.A.  In granting final approval, the Honorable Cynthia Bashant found that "Class Counsel [had] fairly and adequately represented the Class for purposes of entering into and implementing the Settlement, and, thus, continues to appoint . . . Ronald A. Marron, Alexis M. Wood and Kas L. Gallucci of the Law Offices of Ronald A. Marron as Class Counsel for the Settlement Class."  *Sanders v. RBS Citizens, N.A.,* No. 13-CV-3136-BAS-RBB, 2017 WL 406165, at *4 (S.D. Cal. Jan. 27, 2017).

7.    In addition to the above cases and the present action, my firm has an in-depth knowledge of other consumer cases including litigating over-the-counter ("OTC") product cases, including the FDCA's history, principles and regulation and Courts have recognized my firms' ability to litigate complex class actions. For example, in *Gallucci v. Boiron, Inc.*, Case No. 3:11-CV-2039 JAH NLS (S. D. Cal.), we drafted a Complaint with five potential causes of action, and claims under the CLRA, UCL and FAL with respect to OTC homeopathic drugs which "concern[ed]

- 3 -

novel legal theories in a specialized area of law." *See Delarosa v. Boiron, Inc.,* 275 F.R.D. 582, 590 n. 4 (C.D. Cal. 2011).  This action involved extensive motion practice and my firm's opposition brief was so persuasive that defendants decided to withdraw their motion.   My firm's well-drafted briefing, knowledge and experience resulted in a $5 million common fund plus injunctive relief settlement of *Gallucci* against French homeopathic giant, Boiron, Inc.  On April 25, 2012, the Honorable John A. Houston granted preliminary approval, noting that:

> During the pendency of the Litigation, Class Counsel conducted an extensive examination and evaluation of the relevant facts and law to assess the merits of the named plaintiffs' and class claims to determine how best to serve the interests of Plaintiffs and the Class. . . . Class Counsel conducted thorough review of the Food, Drug and Cosmetic Act, its numerous changes over the years, and the Act's implementing regulations.  Class Counsel have carefully considered the merits of Plaintiffs' claims, and the defenses raised by defendants. *Gallucci* Dkt. No. 89 at i.

8.     Accordingly, Judge Houston appointed my firm as Class Counsel, finding that Class Counsel "will fairly and adequately protect the interests of the Class . . . [and] are experienced and competent to prosecute this matter on behalf of the Class." *Id.* at iii-iv.  The Fairness Hearing was held on October 1, 2012 and on October 31, 2012, the court granted final approval.  *See Gallucci v. Boiron, Inc.*, 2012 U.S. Dist. LEXIS 157039 (S.D. Cal. Oct. 31, 2012).

9.     Further, on June 26, 2015, the Honorable Maxine M. Chesney of the United States District Court for the Northern District of California granted preliminary approval to a class action settlement with injunctive relief for class wide claims of false representations regarding the defendant's weight loss teas. *See Johnson v. Triple Leaf Tea Inc.*, Case No. 3:4-cv-01570 MMC (Dkt. No. 53) ("Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedures, the Court appoints Plaintiff's counsel, the Law offices of Ronald A. Marron APLC, to serve as Class Counsel.")

- 4 -

10.     On October 31, 2013, the Honorable Gonzalo P. Curiel of the United States District Court for the Southern District of California granted preliminary approval to a class action settlement of $1 million and injunctive relief for class wide claims of false and deceptive advertising of OTC drugs negotiated by my firm in *Mason v. Heel, Inc.*, Case No. 3:12-cv-3056 GPC (KSC) (Dkt. No. 27), also finding there was "sufficient basis . . . under the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure" to appoint my firm as Class Counsel. *Id.* at p. 5. The final approval hearing is set for March 7, 2014. *See id.*

11.     On October 23, 2013, the Honorable Michael M. Anello of the United States District Court for the Southern District of California granted final approval to a $1.2 million and injunctive relief class action settlement concerning false and deceptive advertising of OTC drugs negotiated by my firm in *Nigh v. Humphreys Pharmacal, Inc.*, Case No. 3:12-cv-02714-MMA-DHB (Dkt. No. 30), finding that "the Class was adequately represented by competent counsel." *Id.* at p. 14.

12.     On March 13, 2012, my firm settled a case against manufacturers of OTC dietary supplement products for $900,000 in a common fund plus injunctive relief, styled *Burton v. Ganeden Biotech, Inc. et al.*, Case No. 3:11-cv-01471 W (NLS) (S.D. Cal.). Burton alleged that defendants falsely advertised their products as containing "clinically proven" proprietary bacteria that improved and benefitted the digestive and immune health of individuals when, in fact, no clinical proof existed. Before this settlement was finalized, my firm rejected defendants' coupon settlement offer, because we did not believe it constituted the best relief for the class members. Instead, we continued extensive and lengthy rounds of negotiations with the defendants to obtain the best result for the class. These months-long negotiations included back and forth exchange of approximately twenty editions of the Settlement Agreement, multiple conference calls (including on the weekends) and e-mails. On March 14, 2012, the parties filed a Joint Motion for Preliminary Approval of Settlement, (Dkt. No. 38) which the court granted on April 16, 2012 (*Id.* at 42). After

the Fairness Hearing in this case on August 21, 2012, Judge Whelan granted final approval on October 5, 2012.  Dkt. Nos. 48, 52.

13.     On March 1, 2012, the Honorable Janis L. Sammartino appointed my firm Interim Class Counsel in an action styled *Margolis v. The Dial Corporation*, currently pending in the United States District Court Southern District of California, Case No. 3:12-cv-288 JLS (WVG) (Dkt. No. 14). This case involves an OTC pheromone soap product that its manufacturer alleges enhances a man's sexual attraction to women.

14.     When my firm was appointed Interim Lead Class Counsel for a class of consumers in a deceptive food labeling case back in March of 2011, the Honorable Marilyn Huff recognized Class Counsel "appears to be well qualified to represent the interest of the purported class and to manage this litigation."  *Hohenberg v. Ferrero U.S.A., Inc.*, 2011 U.S. Dist. LEXIS 38471, at *6 (S.D. Cal. Mar. 22, 2011). Subsequently, when my firm obtained certification of the proposed class, this court reaffirmed its finding that my firm is adequate Class Counsel.  *See In re Ferrero Litig.*, 278 F.R.D. 552, 559 (S.D. Cal. 2011).  Judge Huff gave Final Approval of a settlement on July 9, 2012.  (*Ferrero* Dkt. No. 127).

15.     On November 14, 2011 my firm obtained the certification of a nationwide class of consumers who purchased Qunol CoQ10, a dietary supplement making misleading efficacy claims.  *See Bruno v. Quten Research Inst., LLC*, 2011 U.S. Dist. LEXIS 132323 (C.D. Cal. Nov. 14, 2011).  My firm then successfully defeated the defendants' motion to decertify the class following the Ninth Circuit's decision in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012).  *See Bruno v. Eckhart Corp.*, 2012 U.S. Dist. LEXIS 30873 (C.D. Cal. Mar. 6, 2012).  The case recently settled, on the eve of trial (originally scheduled for October 2, 2012).

16.     On June 14, 2011, the Honorable Richard Seeborg appointed my firm Interim Class Counsel, over a competing application from a former partner at the New York law firm Milberg Weiss regarding a deceptive food labeling case.  *See*

- 6 -

*Chacanaca v. Quaker Oats Co.*, 2011 U.S. Dist. LEXIS 65023, at *8-9 (N.D. Cal. June 14, 2011) (since restyled as *In re Quaker Oats Labeling Litig.*) ("There is no question here that both the Weston/Marron counsel…have ample experience handling class actions and complex litigation.  It is also clear that both have particular familiarity with suits involving issues of mislabeling in the food industry.")

17.   I was appointed class counsel in *Peterman v. North American Company for Life and Health Ins., et al.*, No. BC357194, (L.A. Co. Sup. Ct.), which was litigated for over 4 years and achieved a settlement of approximately $60 million for consumers.  In granting preliminary approval of the settlement, the Hon. Carolyn B. Kuhl noted that "the excellent work that the plaintiffs' side has done in this case has absolutely followed through to the settlement…The thought and detail that went into the preparation of every aspect was very impressive to me."

18.   I also served as class counsel in *Clark v. National Western Life Insurance Company,* No. BC321681 (L.A. Co. Sup. Ct.), a class action that, after litigating the case for well over 6 years, resulted in a settlement of approximately $25 million for consumers.

19.   In *Iorio v. Asset Marketing*, No. 05cv00633-IEG (CAB) (S.D. Cal.), I was appointed class counsel on August 24, 2006, following class certification, which was granted on July 25, 2006 by the Honorable Irma E. Gonzalez.  Dkts. Nos. 113 and 121.

20.   After nearly 6 years of intensive litigation, a settlement valued at $110 million was reached in *Iorio*, *supra*, and approved on March 3, 2011, by the Honorable Janis Sammartino.  Dkt. No. 480.  Co-counsel and I successfully defended multiple motions brought by defendant in the Southern District of California, including "challenges to the pleadings, class certification, class decertification, summary judgment,…motion to modify the class definition, motion to strike various remedies in the prayer for relief, and motion to decertify the Class'

- 7 -

punitive damages claim," plus three petitions to the Ninth Circuit, attempting to challenge the Rule 23(f) class certification. *Iorio*, Final Order Approving (1) Class Action Settlement, (2) Awarding Class Counsel Fees and Expenses, (3) Awarding Class Representatives Incentives, (4) Permanently Enjoining Parallel Proceedings, and (5) Dismissing Action with Prejudice, entered on Mar. 3, 2011, at 6:9-15 (commenting that class counsel were "highly experienced trial lawyers with specialized knowledge in insurance and annuity litigation, and complex class action litigation generally" and "capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal," *id.* at 7:18-22). Judge Sammartino also noted "the complexity and subject matter of this litigation, and the skill and diligence with which it has been prosecuted and defended, and the quality of the result obtained for the Class." *Id.* at 17:25-27.

21.     In *Tabares v. Equitrust Life Ins. Co.,* No. BC390195 (L.A. Co. Sup. Ct.), my firm obtained a class certification order and was appointed class counsel. The action is still pending.

22.     Besides these cases, I have also represented plaintiffs victimized in other complex cases such as Ponzi schemes, shareholder derivative suits, and securities fraud cases. I have litigated hundreds of lawsuits and arbitrations against major corporations; of these, approximately 30 cases against the likes of, such corporate titans as Shell Oil, Citigroup, Wells Fargo, Morgan Stanley and Merrill Lynch have gone through trial or arbitration.  Many more have settled on the eve of trial so that I was fully prepared to proceed to trial.

1        I declare the foregoing under penalty of perjury under the laws of the State of

2   California and the United States of America is true and correct.

3

4   Executed on October 10, 2017 at San Diego, California.

5

6

7

8   By: _____

9          Ronald A. Marron

10        Ronald A. Marron (SBN 175650)

11        **LAW OFFICES OF RONALD A. MARRON**
          651 Arroyo Drive

12        San Diego, California 92103
          Tel: 619.696.9006

13        Fax: 619.564.6665

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

*Romero, et al. v. Securus Technologies, Inc.* No. 16-cv-1283
DECLARATION OF RONALD A. MARRON