# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMERO, FRANK TISCARENO, and KENNETH ELLIOTT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>Defendant. | Case No.: 16-cv-1283-JM-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING DEFENDANT'S RESPONSES TO WRITTEN DISCOVERY**<br><br>**[ECF NO. 59]** |

Plaintiffs are two former inmates and a criminal defense attorney, all of whom allegedly used Defendant's telephone systems to make calls to and from certain correctional facilities in California. Plaintiffs are seeking to represent a class of individuals whose calls to or from a "private" number, that is, a number designated to not record, were recorded in violation of California's Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq*. Plaintiffs' Motion for Class Certification was filed on October 10, 2017. (ECF No. 62).

Before the Court is the Joint Motion of the parties to determine a discovery dispute filed on September 22, 2017. (ECF No. 59). The Joint

Motion presents Plaintiffs' motion to compel additional responses from Defendant to certain Interrogatories, Requests for Production ("RFP") and Requests for Admission ("RFA").

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired of under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Rule 33(d).

Similarly, a party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another

reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission. The rule allows for a party to serve on another party a written request to admit the truth of matters relating to facts, the application of law to fact or opinions about either and genuineness of described documents. Rule 36(a)(1)(A),(B), Fed. R. Civ. P. The answering party must admit the matter, or "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Rule 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of the matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* If an answer does not comply with this rule, the court "may order either that the matter is admitted or that an amended answer be served." Rule 36(a)(6).

## **DISCUSSION**

A. <u>Interrogatories 1-5 (ECF No. 59-1)</u>

Despite its recitation of disfavored boilerplate objections, Defendant ultimately agreed to produce responsive information using the option to produce business records provided at Rule 33(d), Fed. R. Civ. P. (*See* ECF

3
16-cv-1283-JM-MDD

No. 59 at 11).[1] But, Defendant has refused to produce the responsive records because Plaintiff has not agreed to the terms of a proposed protective order. (*Id.*).

Defendant's refusal to produce documents on this basis is just plain wrong. Following the failed attempt to achieve agreement on the terms of protective order, Defendant had two options: Produce the requested documents or move the Court for a protective order under Rule 26(c), Fed. R. Civ. P. It was not an option for Defendant to simply withhold production. Rule 26(c)(1) provides that following a failed attempt to reach agreement, "the party from whom discovery is sought may move for a protective order…." Defendant has had ample opportunity to move for a protective order. Defendant's failure to do so is inexplicable. Consequently, Plaintiff's motion to compel responses to Interrogatories 1-5 is **GRANTED**. Defendant must provide its responses within 14 days of this Order.

B. <u>Interrogatories 6-8 (ECF No. 59-1)</u>

These are contention interrogatories to which Defendant has refused to respond as premature and "misguided." (ECF No. 59 at 11). Rule 33(a)(2) provides:

> An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need be answered until designated discovery is complete, or until a pretrial conference or some other time.

Defendant's reliance on *Slavkov v. Fast Water Heaters I, LP*, No. 14cv4324-JST, 2015 WL 6648170 (N.D. Cal. Nov. 2, 2015), is misplaced. Although the

---

[1] The Court will cite to the pagination provided by CM/ECF rather than original pagination throughout.

court in *Slavkov* decided that the contention interrogatories in that case were premature, discovery had barely begun. *Id.* at *3. Here, the class certification discovery period ended on September 5, 2017, and Defendant shortly will be filing its response to Plaintiffs' motion for class certification. Plaintiffs' motion to compel responses to Interrogatories 6-8 is **GRANTED**. Defendant must provide responses within 14 days of this Order.

C. Requests for Production (ECF No. 59-2)

At issue are Defendant's responses to all of the RFPs – Defendant refused to produce any documents because there is no protective order in place in this case. As discussed above, Defendant's position that it cannot produce responsive documents because Plaintiff did not agree to a proposed protective order is untenable. Also, Defendant was required under Rule 34(b)(2)(C) to state that it is withholding documents and state the objection that applies to its refusal to produce. Here, due to the boilerplate objections employed by Defendant, it is unclear whether it is withholding all relevant documents because of the lack of a protective order or whether it also is withholding certain relevant documents based upon other objections. The Court reminds Defendant that if relevant documents are being withheld on the basis of privilege, the boilerplate objection will not stand. Defendant must comply with Rule 26(b)(5) to the extent that privilege will be asserted.

Plaintiffs' motion to compel production is **GRANTED**. Defendant must produce relevant, non-privileged documents within 14 days of this Order.

D. Requests for Admission (ECF No. 59-3)

At issue are RFAs 2 and 4-13. Regarding RFAs 2, 4, 5, 6, 7, 8, 10, and 11, Defendant responded that they have conducted a reasonable inquiry and that information it knows or can readily obtain is insufficient to enable Defendant to admit or deny these RFAs. This response is legally sufficient

5

under Rule 36(a)(4), but Defendant is risking the impositions of sanctions under Rule 37(c)(2) in the event the matter is proved true.  In addition, sanctions may be imposed under Rule 26(g)(1)(B) and (3) against anyone who signed the response if it is determined that the response was interposed for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation.   As to these RFAs, Plaintiffs' motion to compel is **DENIED.**  In some of these RFAs, Defendant interposes an objection for vagueness to the term "private number."  That objection is uniformly overruled – the definition provided is clearly based upon Defendant's own designation of phone numbers not to be recorded.  It is not vague.

In RFA 12, Plaintiffs request that Defendant admit that certain documents, submitted with the RFA and identified as RFA1-001 through RFA 1-0029, are genuine.  Defendant responded that it lacks sufficient information to admit or deny the request because the documents did not come from their records.  The documents appear to be a series of emails between certain employees of Defendant and others.  Defendant argues that it should not be required to authenticate third-party documents.  While correct so far as it goes, these documents reflect communications from Defendant's own email system.  The records should be capable of authentication or a more detailed explanation regarding why certain of these documents cannot be authenticated should be forthcoming.  As to this RFA, Plaintiffs' motion to compel is **GRANTED.**  Defendant must provide an amended answer within 14 days of this Order.

Similarly, RFA 13 calls for Defendant to admit "all foundational requirements" for admission of the same documents presented in RFA 12.  In some respects, this RFA is duplicative of RFA 12 inasmuch as authenticity is

6
16-cv-1283-JM-MDD

under Rule 36(a)(4), but Defendant is risking the impositions of sanctions under Rule 37(c)(2) in the event the matter is proved true.  In addition, sanctions may be imposed under Rule 26(g)(1)(B) and (3) against anyone who signed the response if it is determined that the response was interposed for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation.   As to these RFAs, Plaintiffs' motion to compel is **DENIED.**  In some of these RFAs, Defendant interposes an objection for vagueness to the term "private number."  That objection is uniformly overruled – the definition provided is clearly based upon Defendant's own designation of phone numbers not to be recorded.  It is not vague.

In RFA 12, Plaintiffs request that Defendant admit that certain documents, submitted with the RFA and identified as RFA1-001 through RFA 1-0029, are genuine.  Defendant responded that it lacks sufficient information to admit or deny the request because the documents did not come from their records.  The documents appear to be a series of emails between certain employees of Defendant and others.  Defendant argues that it should not be required to authenticate third-party documents.  While correct so far as it goes, these documents reflect communications from Defendant's own email system.  The records should be capable of authentication or a more detailed explanation regarding why certain of these documents cannot be authenticated should be forthcoming.  As to this RFA, Plaintiffs' motion to compel is **GRANTED.**  Defendant must provide an amended answer within 14 days of this Order.

Similarly, RFA 13 calls for Defendant to admit "all foundational requirements" for admission of the same documents presented in RFA 12.  In some respects, this RFA is duplicative of RFA 12 inasmuch as authenticity is

a foundational requirement for admission. First, Defendant objects that the RFA calls for a legal conclusion. The Court overrules this objection. Defendant also asserts that it lacks sufficient information to admit or deny this request. The Court agrees that Plaintiffs should have specifically identified the factual foundational requirements that Plaintiffs want to be admitted. The Court finds the RFA vague and need not be further answered. Plaintiffs' motion to compel a further answer to RFA 13 is **DENIED.**

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel further discovery responses from Defendant, as presented in this Joint Motion is **GRANTED IN PART AND DENIED IN PART.** To the extent that the Court has ordered further responses, answers or the production of documents, Defendant must further respond, answer and produce relevant, non-privileged documents within 14 days of this Order.

**IT IS SO ORDERED:**

Dated: October 16, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge