# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMERO, FRANK TISCARENO, and KENNETH ELLIOTT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>Defendant. | Case No.: 16cv1283 JM (MDD)<br><br>**ORDER DENYING MOTION TO INTERVENE** |

Putative Intervenor Pedro Rodriguez ("Rodriguez") moves, pursuant to Federal Rule of Civil Procedure 24, to intervene in this action as a matter of right and for permissive intervention. (Doc. No. 53.) Plaintiffs Juan Romero, Frank Tiscareno, and Kenneth Elliott (collectively, "Plaintiffs") oppose the motion, (Doc. No. 58), as does Defendant Securus Technologies, Inc. ("Securus" or "Defendant"), (Doc. No. 57). The court finds the matter appropriate for decision without oral argument pursuant to Local Rule 7.1(d)(1) and, for the following reasons, denies the motion.

## BACKGROUND

Plaintiffs are two former inmates and a criminal defense attorney, all of whom used Defendant's telephone systems to make calls to and from certain correctional facilities in

California. Plaintiffs filed their original complaint on May 27, 2016. (Doc. No. 1.) The operative third amended complaint alleges six causes of action: (1) violation of the California Invasion of Privacy Act; (2) violation of California's Unfair Competition Law; (3) fraudulent concealment/intentional omission of material facts under California Civil Code §§ 1709, 1710(3); (4) fraud and intentional misrepresentation under California Civil Code §§ 1709, 1710(1); (5) negligence; and (6) unjust enrichment. (Doc. No. 30.) All six counts stem from Defendant's allegedly improper recording of attorney-client calls. Plaintiffs have moved the court to represent a class of individuals whose attorney-client conversations to or from a number "designated or requested not to be recorded" were eavesdropped on or recorded during the class period. (Doc. No. 62-1 at 1.) As of the date of this order, the parties have completed the first phase of discovery and Plaintiffs have moved the court to certify the class. (See Doc. Nos. 46, 62.)

On July 7, 2017, Rodriguez, an inmate at Maguire Correctional Facility, filed the instant pro se motion to intervene. (Doc. No. 53.) In his motion, Rodriguez alleges three causes of action: (1) negligence; (2) fraud, concealment, intentional omission and misrepresentation of fact; and (3) false representations. While Rodriguez incorporates the same factual allegations as Plaintiffs' original complaint, Rodriguez also alleges that Defendant passed "privileged calls" to the prosecution in a criminal action against Rodriguez and that a Securus employee both provided false documentation in response to a subpoena and gave false testimony at Rodriguez's trial. (Id. at 4–7.) The crux of Rodriguez's complaint is that Defendant allegedly acted "as a vassal to the prosecution team," which "prevented [Rodriguez] from presenting a defense and pursuing avenues of defense." (Id. at 6–7.)

**LEGAL STANDARDS**

Rodriguez seeks to intervene both as a matter of right and through permissive intervention. Rule 24 of the Federal Rules of Civil Procedure provides for two types of intervention. Under Rule 24(a)(2), the court "must" permit an individual to intervene who "claims an interest relating to the property or transaction that is the subject of the action,

2

and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Under Rule 24(b), the court has discretion to allow an individual to intervene when his claim and the primary action involve a common question of law or fact, <u>and</u> allowing intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." In either case, Rule 24 has traditionally been construed liberally in favor of applicants for intervention. See <u>Washington State Bldg. & Const. Trades Council, AFL-CIO v. Spellman</u>, 684 F.2d 627, 630 (9th Cir. 1982).

## DISCUSSION

### I. Intervention as a Matter of Right

A party satisfies the requirements for intervention as a matter of right upon showing: "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." <u>Sw. Ctr. for Biological Diversity v. Berg</u>, 268 F.3d 810, 817 (9th Cir. 2001). The court accepts as true the non-conclusory allegations made in support of a motion to intervene. <u>Id.</u> at 819. The intervenor bears the burden of showing that the elements for intervention as a matter of right are met. <u>Citizens for Balanced Use v. Montana Wilderness Ass'n</u>, 647 F.3d 893, 897 (9th Cir. 2011). "Failure to satisfy any one of the requirements is fatal." <u>Perry v. Proposition 8 Official Proponents</u>, 587 F.3d 947, 950 (9th Cir. 2009).

With respect to Rodriguez's argument to intervene as a matter of right, the court concludes that Rodriguez's limited interest in Plaintiffs' claims, if any, will not be significantly impaired and, additionally, is adequately represented by Plaintiffs. Rodriguez's claims are similar to those of Plaintiffs only to the extent that he incorporated the factual allegations in Plaintiffs' original complaint. (<u>See</u> Doc. No. 53 ¶ 8.) While Rodriguez claims that his "privileged calls were recorded," he does not explain how the

3

16cv1283 JM (MDD)

proceedings in this action would impair or impede his ability to protect his interests. Plaintiffs are seeking class certification. If the class is certified, Rodriguez can either remain in the class or opt out, providing he qualifies as a class member. If the class is not certified or Rodriguez does not qualify as a class member, then the outcome of this action will have no effect on his interests. Therefore, Rodriguez's interest "falls far short of the 'direct, non-contingent, substantial and legally protectable' interest required for intervention as a matter of right." S. California Edison Co. v. Lynch, 307 F.3d 794, 803 (9th Cir.), modified, 307 F.3d 943 (9th Cir. 2002) (internal citation omitted); see also California ex rel. Lockyer v. United States, 450 F.3d 436, 442 (9th Cir. 2006) ("Even if this lawsuit would affect the proposed intervenors' interests, their interests might not be impaired if they have 'other means' to protect them.") (emphasis in original).

Similarly, Rodriguez fails to show that any limited interest he may have in this action is not adequately represented by Plaintiffs. "If an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises." Citizens for Balanced Use, 647 F.3d at 898. To the extent that Rodriguez's factual claims are similar to Plaintiffs', Rodriguez has not provided evidence to rebut this presumption. Furthermore, there is no indication in the record that Plaintiffs' counsel has failed to provide effective representation in this action or will fail to do so in the future. Accordingly, Rodriguez's interest in the alleged recording of attorney-client calls, if any, is adequately represented by Plaintiffs.

Therefore, the motion to intervene as a matter of right is denied.

## II. Permissive Intervention

The court denies Rodriguez's motion for permissive intervention for three reasons. First, Rodriguez fails to allege a common question of law or fact between his claims and Plaintiffs'. Although Rodriguez alleges Defendant recorded his privileged calls, he does not allege that those calls were with his attorney nor otherwise explain how they were privileged. Moreover, Rodriguez himself notes that his claims for negligence, fraud, and false representations are "unique" because they turn on his allegations that Securus

"directly funneled" his privileged calls to the prosecution team and gave false testimony in Rodriguez's criminal trial. Those claims bear little to no factual or legal similarity to Plaintiffs' claims, which turn on Defendant's alleged recording or eavesdropping of attorney-client conversations to or from a number designated or requested not to be recorded.

Second, Rodriguez's intervention would enlarge the scope of this action, result in an undue delay in resolving this action, and undermine judicial economy. Third, Federal Rule of Civil Procedure 1 provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Denial of Rodriguez's motion to intervene furthers the goals of Rule 1.

Therefore, the motion for permissive intervention is denied.

## CONCLUSION

For the foregoing reasons, the court denies Rodriguez's motion to intervene.

IT IS SO ORDERED.

DATED: October 31, 2017

JEFFREY T. MILLER
United States District Judge