UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMERO, FRANK TISCARENO, and KENNETH ELLIOT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>Defendant. | Case No.: 16cv1283-JM-MDD<br><br>**ORDER DENYING MOTION TO MODIFY PLAINTIFF'S DEADLINE TO AMEND PLEADINGS**<br><br>**[ECF No. 69]** |

Before the Court is a Joint Motion for Determination of Application to Modify Plaintiffs' Deadline to Amend Pleadings. (ECF No. 69). Specifically, Plaintiffs seek to extend the filing deadline for a motion to amend the complaint to substitute in or add another named plaintiff whose claims arise out of the same set of general facts that are at issue in the current operative complaint. (*Id.* at 8). Defendant opposes Plaintiffs' request for failure to demonstrate good cause or excusable neglect in "seeking to modify the Court's scheduling order four months after the passing of the deadline to amend the

pleadings." (*Id.* at 9). For the reasons stated herein, Plaintiffs' request to extend the deadline to amend the pleadings is **DENIED**.

Relevant Procedural History

The Complaint was filed on May 27, 2016. (ECF No. 1). On July 26, 2016 Plaintiffs filed their First Amended Complaint. (ECF No. 8). Following a ruling on Defendant's motion to dismiss and motion to strike, Plaintiffs filed a Second Amended Complaint on November 7, 2016. (ECF No. 22). Following Defendant's motion to dismiss and ruling thereon, Plaintiffs filed a Third Amended Complaint on February 8, 2017. (ECF No. 30). Defendant filed a motion to dismiss Plaintiffs' Third Amended Complaint. (ECF No. 31). The District Court granted in part and denied in part Defendant's motion and stated "the court's order is without leave to amend" making the Third Amended Complaint the operative complaint for the case. (ECF No. 37). An ENE/CMC was held May 26, 2017 and a Case Management Order was issued May 30, 2017. (ECF Nos. 45, 46). The Order provided that the deadline to "join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before June 26, 2017." (ECF No. 46 at 1).

Legal Standard

Rule 16(a)(4), Fed. R. Civ. P., provides that a schedule may be modified "only for good cause." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992); *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). Rule 1, Fed. R. Civ. P., provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." As one court has stated:

> Pleadings cannot be a continuously moving target for obvious reasons. The amendment deadline serves to frame the issues at a fixed point in time so that the parties have an adequate opportunity to prepare their respective positions moving forward. Even so, the deadline will not entirely foreclose amendments, so long as the standard of good cause is met to warrant the amendment.

*Stephens v. Idaho Dept. of Parks and Recreation*, 2011 WL 6150641 *3, No. 1:10–cv–00267–REB (D. Idaho December 12, 2011).

Discussion

According to Plaintiffs, Defendant was served with a subpoena duces tecum on August 1, 2017. In response, Defendant produced 30 pages of stored emails with seven electronically stored call detail spreadsheets. Plaintiff contends that a review of the call reports reveal that detainee John Wiederkehr's phone conversation with his attorney was improperly recorded. (ECF No. 69 at 2-3). Plaintiff asserts "[a]s a result . . . Mr. Wiederkehr has agreed to serve as an additional or substitute lead plaintiff in the case." (*Id.* at 3). Plaintiffs maintain that "Mr. Wiederkehr was unaware of his claims against Defendant until after the deadline to amend the pleadings." (*Id.*) Plaintiffs' filed their motion to certify the class and to appoint class counsel on October 10, 2017. (ECF No. 62). And, Plaintiffs contend they "have submitted more than sufficient admissible evidence . . . to make a prima facie case for class certification." (ECF No. 69-9).

The pertinent inquiry is whether pursuant to Rule 16(b), Plaintiffs have shown "good cause" to modify the court's case schedule. "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F2d 604,609 (9th Cir. 1992). In Plaintiff's own words "[a]t this time Plaintiff propose an amendment to the deadline which would allow them to merely add or substitute a new plaintiff

3

with claims which fall within the narrower class set forth in Plaintiffs' Motion for Class Certification. . . ." (*Id.* at 8). Plaintiffs' have not explained the necessity of adding an additional plaintiff at this time nor the prejudice to be suffered if this motion is denied.

Defendant argues that "[t]here are already three named plaintiffs, and while Plaintiffs state that they would like to amend their pleadings to add Mr. Werhderkehr, they do not describe any importance of adding an additional plaintiff." (ECF No. 69 at 11). The Court agrees with Defendant that if the class is certified, Mr. Wiederkehr can opt in as a member of the class or opt out and file his own action against Defendants.[1]

The Court finds that Plaintiffs have failed to show the requisite diligence and good cause. The motion is **DENIED**.

IT IS SO ORDERED.

Dated: November 20, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge

---

[1] On October 31, 2017, the district court denied a motion to intervene by another individual (Pedro Rodriguez) seeking to be added as a named plaintiff. (ECF No. 73). As the district court pointed out "[i]f the class is certified, Rodriguez can either remain in the class or opt out. . . . If the class is not certified or Rodriguez does not qualify as a class member, then the outcome of this action will have no effect on his interests." (*Id.* at 4). Mr. Werhderkehr appears to be in a similar position.