# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMERO, FRANK TISCARENO, and KENNETH ELLIOTT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>Defendant. | Case No.: 16cv1283 JM (MDD)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

Defendant Securus Technologies, Inc. ("Defendant") moves the court for relief from a non-dispositive pretrial order issued by Magistrate Judge Mitchell D. Dembin. (Doc. No. 70.) Specifically, Defendant asks the court to modify Magistrate Judge Dembin's October 16, 2017 Order on Joint Motion for Determination of Discovery Dispute Regarding Defendant's Responses to Written Discovery ("Magistrate Judge's Order"), (Doc. No. 66), to require the parties to negotiate in good faith to finalize the terms of an agreed protective order and, if no agreement is reached by a date certain, to submit competing protective

orders to the court.[1]  Plaintiffs Juan Romero, Frank Tiscareno, and Kenneth Elliott (collectively, "Plaintiffs") oppose the motion. (Doc. No. 81.)  The court finds the matter appropriate for decision without oral argument pursuant to Local Rule 7.1(d)(1) and, for the following reasons, denies the motion.

## BACKGROUND

Plaintiffs are two former inmates and a criminal defense attorney, all of whom used Defendant's telephone systems to make calls to and from certain correctional facilities in California.  Plaintiffs have moved the court to represent a class of individuals whose attorney-client conversations to or from a number "designated or requested not to be recorded" were eavesdropped on or recorded during the class period. (Doc. No. 62-1 at 1.)

On September 22, 2017, the parties submitted a joint motion for determination of a discovery dispute to Magistrate Judge Dembin.  (Doc. No. 59.)  The motion presented Plaintiffs' motion to compel additional responses from Defendant to certain interrogatories, requests for production, and requests for admission.  Defendant opposed the motion, in pertinent part because of the lack of a protective order.  The parties had been operating under the shared assumption that a protective order had already been executed.  However, when preparing its discovery responses, Defendant learned that a protective order was never finalized, filed, or entered.  In the absence of a protective order, Defendant refused to produce documents in response to Plaintiffs' discovery requests.

When the parties were unable to agree on the terms of a protective order, Plaintiffs informed Defendant that they would file the motion to compel.  At no point did Defendant move for a protective order.  Instead, in its opposition to Plaintiffs' motion to compel,

---

[1] In its reply brief, Defendant asks the court for the first time to modify the Magistrate Judge's Order "to enter the version proposed by Plaintiffs," apparently referring to a version of a protective order previously offered by Plaintiffs. (Doc. No. 82 at 3:20–23.) Defendant did not request such relief in its original motion. Under the court's chamber's rules, matters "raised by a party for the first time in their reply brief, unless directly in response to the opposition, may not be considered." Accordingly, the court will not consider this newly requested form of relief.

Defendant "respectfully suggest[ed] that the Court direct the parties to negotiate in good faith to finalize the terms of an agreed protective order, and if no agreement may be reached by a date certain, to submit competing protective orders with redlines showing their differences."

On October 16, 2017, Magistrate Judge Dembin granted in part and denied in part Plaintiffs' motion to compel. (Doc. No. 66.) Magistrate Judge Dembin determined that Defendant's refusal to produce documents in response to certain interrogatories and requests for production because of the lack of protective order was "just plain wrong." (Doc. No. 66 at 4.) As Magistrate Judge Dembin explained,

> Following the failed attempt to achieve agreement on the terms of protective order, Defendant had two options: Produce the requested documents or move the Court for a protective order under Rule 26(c), Fed. R. Civ. P. It was not an option for Defendant to simply withhold production. Rule 26(c)(1) provides that following a failed attempt to reach agreement, "the party from whom discovery is sought may move for a protective order…." Defendant has had ample opportunity to move for a protective order. Defendant's failure to do so is inexplicable.

(Id.) Because Defendant had not produced the requested documents nor moved for a protective order, Magistrate Judge Dembin granted Plaintiffs' motion to compel certain interrogatories and requests for production.

On October 30, 2017, Defendant filed the instant motion seeking to modify the Magistrate Judge's Order. (Doc. No. 70.)

## LEGAL STANDARDS

A non-dispositive pretrial order of a magistrate judge will be upheld unless it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). As other district courts have described,

> This Court's function, on a motion for review of a magistrate judge's discovery order, is not to decide what decision this Court would have reached

on its own, nor to determine what is the best possible result considering all available evidence. It is to decide whether the Magistrate Judge, based on the evidence and information before him, rendered a decision that was clearly erroneous or contrary to law.

Bare Escentuals Beauty, Inc. v. Costco Wholesale Corp., 2007 WL 4357672, at *2 (S.D. Cal. Dec. 11, 2007) (quoting Paramount Pictures Corp. v. Replay TV, 2002 WL 32151632, at *1 (C.D. Cal. May 30, 2002)).

Review under the clearly erroneous standard, which applies to "factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters," Guzman v. Bridgepoint Educ., Inc., 2014 WL 3407242, at *4 (S.D. Cal. July 10, 2014), is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." Concrete Pipe & Prod. of California, Inc. v. Constr. Laborers Pension Tr. for S. California, 508 U.S. 602, 623 (1993). The contrary to law standard "permits independent review of purely legal determinations by a magistrate judge." Stoba v. Saveology.com, LLC, 2015 WL 5040024, at *4 (S.D. Cal. Aug. 26, 2015).

## DISCUSSION

Defendant does not cite to a single authority in the "Argument" section of its motion to support its position, nor does it address how the Magistrate Judge's Order was clearly erroneous or contrary to law. (See Doc. No. 70 at 3–6.) Instead, Defendant merely reiterates how both parties mistakenly assumed that a protective order was already in place, but once Defendant informed Plaintiffs of the lack of protective order, the parties could not agree on the terms of a protective order. Defendant concludes that "Plaintiffs' position [of not agreeing to proposed terms of a protective order] is nothing more than gamesmanship."

After Plaintiffs point out that Defendant still has not moved for a protective order, Defendant argues in its reply that Magistrate Judge Dembin "improperly faulted [Defendant] for supposedly failing to seek a protective order," arguing that it had done so in the joint motion. In the joint motion, Defendant "respectfully suggest[ed] that the Court direct the parties to negotiate in good faith to finalize the terms of an agreed protective

order, and if no agreement may be reached by a date certain, to submit competing protective orders with redlines showing their differences." Magistrate Judge Dembin exercised his discretion when he declined to follow that suggestion. Given that Magistrate Judge Dembin's chamber's rules already require parties to participate meaningfully in meet and confer sessions over discovery disputes before moving the court for a protective order, it would have been redundant for him to make such an order. Therefore, the court finds that Magistrate Judge Dembin did not abuse his broad discretion and his decision was neither clearly erroneous nor contrary to law.

In sum, Defendant failed to provide the court with sufficient evidence or authority to give it a "definite and firm conviction that a mistake has been committed." Concrete Pipe & Prod. of California, Inc. v. Constr. Laborers Pension Tr. for S. California, 508 U.S. 602, 623 (1993). Consequently, the court will not modify the Magistrate Judge's Order.

**CONCLUSION**

For the foregoing reasons, the court denies Defendant's motion.

IT IS SO ORDERED.

DATED: January 5, 2018

JEFFREY T. MILLER
United States District Judge