# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMERO, FRANK TISCARENO, and KENNETH ELLIOT,<br><br>Plaintiffs,<br>v.<br>SECURUS TECHNOLOGIES, INC.,<br><br>Defendant. | CASE NO. 16cv1283 JM (MDD)<br><br>ORDER DENYING MOTION FOR CLASS CERTIFICATION |

Pursuant to Fed.R.Civ.P. 23, Plaintiffs Juan Romero, Frank Tiscareno, and Kenneth Elliot ("Plaintiffs") move for class certification. Defendant Securus Technologies, Inc. ("Securus") opposes the motion. Pursuant to L.R. 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court denies the motion for class certification without prejudice, subject to a further showing.

## BACKGROUND

Filed on February 8, 2017, the Third Amended Complaint ("TAC") alleges six causes of action: (1) invasion of privacy, violation of Cal. Penal Code §636; (2) unfair competition, violation of Cal. Bus. & Prof. Code §§17200, et seq.; (3) concealment; (4) fraud; (5), negligence; and (6) unjust enrichment. Plaintiffs assert jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d); and seek to bring these claims on behalf of the following class:

> Every person who was a party to any portion of a conversation between a person who was in the physical custody of a law enforcement officer or other public officer in California, and that person's attorney, on a telephone number designated or requested not to be recorded, any portion of which was eavesdropped on or recorded by means of an electronic device during the period from July 10, 2008 to the applicable opt-out date, inclusive (the "Class Period").

Plaintiffs Juan Romero and Frank Tiscareno, two former inmates in the custody of the San Diego County Sheriff ("Sheriff"), and Kenneth Elliot, a criminal defense attorney, allege that Securus surreptitiously recorded privileged attorney/client telephonic communications. Securus is an alleged corporation incorporated in Delaware with its principal place of business in Dallas, Texas.

Securus is in the business of providing inmate communication services and investigative technologies. (ECF 17-6). Securus serves about 65 correctional facilities in California. As part of its Secure Call Platform, attorneys may provide Securus with their telephone numbers in order to ensure that an attorney's conversation with a detainee would be placed in a "Do not Record" database and not recorded.

In 2014, the San Diego Sheriff's Department ("SDSD") learned that certain telephone numbers it had designated as private (i.e., attorney/ client communications) had been "randomly recorded." (ECF 62.7). Securus then attempted to determine why the private calls were being recorded. Because the recording of certain private calls was random, Securus attempted to troubleshoot the issue and to reproduce the problem.

On or about July 2, 2014, SDSD requested that Securus delete and purge the recorded conversations. (ECF 62-21). Securus then deleted the recordings. Notably, for purposes of this motion, the parties represent that the conversations were accidentally, and not intentionally, recorded.[1]

Plaintiffs Romero and Tiscareno were in SDSD's detention facilities at various times between August 2012 and May 2016. These plaintiffs attach an email to their

---

[1] Securus argues that liability under the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §636, does not attach to accidental or inadvertent recordings of telephonic conversations. This argument, however, is not properly raised on a motion for class certification.

declarations indicating that their attorney's phone number had been recorded at some point in time between February 2013 and September 2015. Plaintiffs Romero and Tiscareno believe that their conversations were, or may have been, among those inappropriately recorded. Plaintiff Elliot refers to the email listing his telephone number as one of those surreptitiously recorded conversations.

In an opposed motion, Plaintiffs now move for class certification.

## DISCUSSION

**Legal Standards**

It is within this court's discretion to certify a class. Bouman v. Block, 940 F.2d 1211, 1232 (9th Cir. 1991). Under Rule 23(a), the class must satisfy four prerequisites:

> (1) numerosity of [parties], (2) common questions of law or fact predominate, (3) the named [party's] claims and defenses are typical, and (4) the named [party] can adequately protect the interests of the class.

Hanon v. Dataproducts, 976 F.2d 497, 508 (9th Cir. 1992). In addition to satisfying the requirements of Rule 23(a), Plaintiff must satisfy at least one of the types of class actions identified in Rule 23(b). Here, Plaintiffs argue that the class satisfies both Rule 23(b)(2) (the class is subject to common policies or unlawful acts, justifying injunctive relief) and Rule 23(b)(3) ( questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy).

The party seeking certification bears the burden of showing that each of the four requirements of Rule 23(a), and at least one requirement of Rule 23(b), has been satisfied. Dukes v. Wal-Mart Stores, Inc., 603 F.3d 571, 580 (9th Cir. 2010) (en banc), rev'd on other grounds, 564 U.S. 338 (2011). As noted by the Ninth Circuit,

> When considering class certification under rule 23, district courts are not only at liberty to, but must, perform a rigorous analysis to ensure that the prerequisites of Rule 23(a) have been satisfied. It does not mean that a district court must conduct a full-blown trial on the merits prior to certification. A district court's analysis will often, though not always, require looking behind the pleadings, even to issues overlapping with the merits of the underlying claims.

1 Id. at 581. In making this showing, the plaintiff must submit evidence to support class
2 certification under Rules 23(a) and (b). Doninger v. Pacific Northwest Bell, Inc., 564
3 F.2d 1304, 1308-09 (9th Cir. 1977). If the plaintiff fails to show that all elements of
4 class certification are satisfied, class certification should be denied. Gen. Tel. Co. v.
5 Falcon, 457 U.S. 147, 161 (1982).

**Rule 23, Ascertainability of the Class**

The ascertainability of a class ensures that class members are reasonably identifiable. While the Third Circuit views the ascertainability requirement as an implied class certification requirement under Rule 23(a), see Marcus v. BW of N. Am., LLC, 687 F.3d 583, 594 (3rd Cir. 2012), the Seventh Circuit views the same issue in context of Rule 23(b)'s requirement that a class action be a superior method of adjudication and manageable. See Mullins v. Direct Digital, LLC, 795 F.3d 654, 660 (7th Cir. 2015). The Ninth Circuit also appears to address issues of ascertainability in context of Rule 23(b). See Pierce v. County of Orange, 526 F.3d 1190, 1200 (9th Cir. 2008) (Rule 23(b) does not offer "a superior method for fair and efficient adjudication in light of expected difficulties identifying class members").

A class definition must be "precise, objective, and presently ascertainable." O'Connor v. Boeing North Am., Inc., 197 F.R.D. 404, 416 (C.D. Cal. 2000) "An adequate class definition specifies 'a distinct group of plaintiffs whose members [can] be identified with particularity.'" Campbell v. PricewaterhouseCoopers, LLP, 253 F.R.D. 586, 593 (E. D. Cal.2008) (quoting Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978)). The class is defined as:

> Every person who was a party to any portion of a conversation between a person who was in the physical custody of a law enforcement officer or other public officer in California, and that person's attorney, on a telephone number designated or requested not to be recorded, any portion of which was eavesdropped on or recorded by means of an electronic device during the period from July 10, 2008 to the applicable opt-out date, inclusive (the "Class Period").

The court concludes that Plaintiffs fail to present sufficient evidence to show that there is an administratively feasible manner to determine whether a class action is the

superior method for prosecuting Plaintiffs' claims. For the County of San Diego, Plaintiffs identify examples of 128 Private Attorney Calls involving 123 Class Members which should not have been recorded. Plaintiffs also submit a summary list of recorded telephone calls potentially identifying 116 telephone calls between attorneys, or public defender entities, and detainees. (Motion at p.9:16-19). Other evidence submitted by Plaintiffs appear to show that 22 telephone calls were recorded. (ECF 62-20).

Plaintiffs have actively engaged in class and merits discovery, but fail to set forth a cogent method for determining who is a Class Member. The evidence submitted by Plaintiffs shows that there may be about 22 to 123 Class Members in San Diego County. (Reply at p.3:7-10). However, it is unknown how many Class Members exist state-wide. Plaintiffs represent that Securus operates in 20 California counties, thus suggesting that there are hundreds, if not potentially thousands of additional Class Members. Thus, it is unclear whether the class consists of perhaps 22 class members, at the low end, or potentially thousands, at the upper limit.[2] Without an ascertainable class, this action cannot proceed as a class action.

While ascertainability, like numerosity, does not require a precise number of class members; a proposed class of somewhere between 22 putative class members and a 1,000 raises serious administrative and management burdens that may undermine the effectiveness of the litigation. For example, a class of 22 may be insufficient under the circumstance to achieve the perceived efficiencies of a class action. Conversely, in light of the typicality and commonality of the class claims, a putative class of 1,000 would likely achieve substantial administrative and management efficiencies. The court notes that the issue of ascertainability is not insurmountable and may be further flushed out with additional discovery. Ian Jones, the Director of Support Services for Securus, declares that call logs identify "the parties to the call, when and where the call took place, the time of initiating the call, and the duration of the call," and that such call logs

---

[2] It is also unclear whether the Class, as presently defined, encompasses non-resident California attorneys who represented detainees in California.

are maintained indefinitely. (ECF 38-1; Jones Decl. ¶2). At the present time, Plaintiffs are unable to determine the contours of the class because the call logs have yet to be produced in discovery. Plaintiffs may renew their motion for class certification upon receipt of additional discovery.

In sum, the court denies the motion for class certification without prejudice because Plaintiffs fail to sufficiently identify an ascertainable and manageable class. The court notes that the parties continue to pursue discovery. In the event Plaintiffs' additional discovery efforts prove fruitful, they may renew their motion for class certification within 90 days of entry of this order.[3]

**IT IS SO ORDERED.**

DATED: April 12, 2018

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties

---

[3] In the event Plaintiffs have yet to discover the call logs, or require additional time to prepare a renewed motion for class certification, Plaintiffs may bring an appropriate motion for additional time to file the contemplated renewed motion.