# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMERO, FRANK TISCARENO, and KENNETH ELLIOTT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>Defendant. | Case No.: 16-cv-1283-JM-MDD<br><br>**ORDER STAYING THE DEPOSITION OF NON-PARTY FRANK CLAMSER**<br><br>**[ECF NO. 115]** |

Plaintiffs are two former inmates and a criminal defense attorney, all of whom allegedly used Defendant's telephone systems to make calls to and from certain correctional facilities in California. Plaintiffs have been seeking to represent a class of individuals whose calls to or from a "private" number, that is, a number designated not to record, were recorded in violation of California's Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq*.

Plaintiffs' Motion for Class Certification was denied without prejudice on April 12, 2018. (ECF No. 93). In denying the motion without prejudice, the district judge stated: "At the present time, Plaintiffs are unable to

1

determine the contours of the class because the call logs have yet to be produced in discovery. Plaintiffs may renew their motion for class certification upon receipt of additional discovery." (ECF No. 93 at 6).

Defendants have requested that the Court amend or correct its Order on the grounds that the relevant call logs were produced in discovery. (ECF No. 99 at 4). Plaintiffs dispute that all of the call logs have been produced. (ECF No. 112 at 7-10). Plaintiffs also assert that there are discovery disputes extant. (*Id.* at 10-13).

The Scheduling Order in this case, issued on May 30, 2017, provided that all class certification discovery was required to be completed no later than September 5, 2017. (ECF No. 46, ¶ 2). Neither party moved to extend the deadline nor have moved to reopen discovery. This Court does not read the Order denying class certification as reopening discovery. Rather, it only acknowledges that there may be outstanding production issues. It may be worth noting that pursuant to this Court's Civil Chambers Rules, discovery disputes must be brought before the Court within 30 days of the service of the objectionable response, not the date that impasse is reached. It is unlikely that the Court would consider any discovery disputes raised at this juncture unless it alleges a potential violation of an earlier order regarding discovery.

The instant Motion filed *ex parte* by the Defendant on June 26, 2018, is to prevent the deposition of non-party Frank Clamser from proceeding on June 28, 2018. (ECF No. 115). Defendant alleges that no discovery is authorized at this time and that the notice of the deposition is unreasonable. Defendant also complains that it was not served with a copy of any subpoena served upon Mr. Clamser.

The Court agrees with Defendant that no new discovery is authorized at this time. On that basis alone, the deposition of Mr. Clamser may not

2

16-cv-1283-JM-MDD

proceed.

Even if discovery was open, the notice of deposition is defective. A party may depose any person upon reasonable written notice to other parties. Fed. R. Civ. P. 30(a)(1). Defendant asserts that the deposition notice of Mr. Clamser was served initially on Defendant on June 25, 2018, with a deposition date of July 2, 2018. (ECF No. 115-1, ¶2). On June 26, 2018, an amended notice of deposition was served upon Defendant moving the deposition of Mr. Clamser to June 28, 2018. (*Id.,* ¶3). The Court finds that the amended notice, providing two-day notice of the deposition, patently is unreasonable.

A deponent's attendance may be compelled by subpoena, but is not required. Rule 30(a)(1), Fed. R. Civ. P. Only if a party intends to serve a subpoena requiring the production of documents is a notice and copy of the subpoena required to be served on other parties prior to service upon the person to whom it is directed. Fed. R. Civ. P. 45(a)(4). On the facts presented, the Court cannot determine whether any violation of the rules regarding notice and service of a subpoena *duces tecum* is present.

The Court **ORDERS** that the deposition of Mr. Clamser be **STAYED** unless and until new discovery is authorized.

**IT IS SO ORDERED:**

Dated: June 27, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge