J. MARK WAXMAN (SBN 58579)
  mwaxman@foley.com
NICHOLAS J. FOX (SBN 279577)
  nfox@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
Telephone:  (858) 847-6700
Facsimile:  (858) 792-6773

EILEEN R. RIDLEY (SBN 151735)
  eridley@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone:  (415) 434-4484
Facsimile:  (415) 434-4507

ROBERT L. TEEL (SBN  127081)
  *lawoffice@rlteel.com*
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone: (866) 833-5529
Facsimile:  (855) 609-6911

RONALD A. MARRON (SBN 175650)
  *ron@consumersadvocates.com*
**LAW OFFICES OF
RONALD A. MARRON, APLC**
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMERO, FRANK TISCARENO, and KENNETH ELLIOT, on behalf of themselves, and all others similarly situated,<br><br>                     Plaintiffs,<br><br>    vs.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>                     Defendant. | Case No. 16-cv-1283-JM-MDD<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION OR, IN THE ALTERNATIVE, EXTENSION OF TIME**<br><br>Date:      August 20, 2018<br>Time:     10:00 a.m.<br>Place:    Courtroom 5D<br>Judge:   Hon. Jeffrey T. Miller |

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................... 1

II.   PROCEDURAL BACKGROUND .............................................................. 1

III.  FACTUAL BACKGROUND ........................................................................ 2

IV.   LEGAL STANDARD .................................................................................. 8

V.    ARGUMENT ................................................................................................ 9

    A.    THE CLASS IS ASCERTAINABLE. ........................................... 9

    B.    THE REQUIREMENTS OF FED. R. CIV. P. 23(A) ARE MET ............ 11

        1.   The "Numerosity" Requirement Is Met ........................................ 11

        2.   The "Commonality" Requirement Is Met ................................... 12

        3.   The "Typicality" Requirement Is Met ........................................... 13

        4.   The "Adequacy of Representation" Requirement Is Met ............ 14

        5.   The Requirements of Fed. R. Civ. P. 23(b)(3) Are Met .............. 17

        6.   The Requirements of Fed. R. Civ. P. 23(b)(2) Are Met .............. 20

        7.   This Class Action Is Not Difficult to Manage ............................. 21

    C.    ALTERNATIVELY, THE COURT SHOULD GRANT PLAINTFFS
        AN ADDITIONAL 90 DAYS TO COMPEL COMPLETION OF
        DISCOVERY ................................................................................... 22

VI.   CONCLUSION ............................................................................................. 23

CERTIFICATE OF SERVICE ............................................................................ 24

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Agne v. Papa John's Int'l, Inc.*
    286 F.R.D. 559 (W.D. Wash. 2012) ................................................................. 18

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997) ........................................................................................... 17

*Arnold v. United Artists Theatre Circuit, Inc.,*
    158 F.R.D. 439 (N.D. Cal. 1994) ............................................................... 10, 22

*Bateman v. Am. Multi-Cinema, Inc.,*
    623 F.3d 708 (9th Cir. 2010)) .......................................................................... 19

*Bates v. U.P.S.,*
    511 F.3d 974 (9th Cir. 2007) ........................................................................... 20

*Blackie v. Barrack,*
    524 F.2d 891 (9th Cir. 1975) ........................................................................... 15

*Briseno v. ConAgra Foods, Inc.,*
    844 F.3d 1121 (9th Cir. 2017) ......................................................................... 10

*Demmick v. Cellco P'ship,*
    No. 06-cv-2163, 2010 WL 3636216 (D.N.J. Sept. 8, 2010) ........................... 21

*Doninger v. Pac. Nw. Bell, Inc.,*
    564 F.2d 1304 (9th Cir. 1977) ........................................................................... 8

*Ellis v. Costco Wholesale Corp.,*
    657 F.3d 970 (9th Cir. 2011) ........................................................................ 8, 20

*Fraser v. Wal-Mart Stores, Inc.,*
    No. 13-cv-520, 2014 WL 7336673 (E.D. Cal. Dec. 24, 2014) ....................... 21

*Gest v. Bradbury,*
    443 F.3d 1177 (9th Cir. 2006) ......................................................................... 20

*Hanlon v. Chrysler Corp.*,
　　150 F.3d 1011 (9th Cir. 1998) ....................................................... 12, 14, 17, 18

*Hanon v. Dataproducts*,
　　976 F.2d 497 (9th Cir. 1992) ....................................................................... 8

*Harris v. Palm Springs Alpine Estates, Inc.*,
　　329 F.2d 909 (9th Cir.1964) ..................................................................... 10

*Hodges v. Akeena Solar, Inc.*,
　　274 F.R.D. 259 (N.D. Cal. 2011).............................................................. 15

*Int'l Molders' and Allied Workers' Local Union No. 164 v. Nelson*,
　　102 F.R.D. 457 (N.D. Cal. 1983)........................................................ 12, 22

*In re Juniper Networks Sec. Litig.*,
　　264 F.R.D. 584 (N.D. Cal. 2009).............................................................. 14

*Kraszewski v. State Farm Ins. Co.*,
　　27 Fair Empl.Prac.Cas. (BNA) 27, 1981 WL 26982 (N.D.Cal.1981) ......................... 10

*Madison Assocs. V. Baldante*,
　　183 B.R. 206 (Bnkr. C.D. Cal 1995) ......................................................... 15

*McKenzie v. Fed. Ex. Corp.*,
　　275 F.R.D. 290 (C.D. Cal. 2011)............................................................. 19

*Meyer v. Portfolio Recovery Assocs., LLC*,
　　707 F.3d 1036 (9th Cir. 2012) ................................................................. 18

*In re Natural Gas Commodities Litig.*,
　　231 F.R.D. 171 (S.D.N.Y. 2005) ............................................................. 16

*Pecover v. Elec. Arts. Inc.*,
　　No. C 08-2820 VRW, 2010 WL 8742757 (N.D. Cal. Dec. 21, 2010) ........................ 15

*Perez v. Safety-Sys., Inc.*
　　253 F.R.D. 508 (N.D. Cal. 2008)............................................................. 12

*Pierce v. County of Orange*,
　　526 F.3d 1190 (9th Cir. 2008) ................................................................... 9

*Reyes v. Educ. Credit Mgmt. Corp.*,
　　322 F.R.D. 552 (S.D. Cal. 2017) ...........................................13, 17, 18, 19, 20, 21, 22

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2010) .............................................................. 12, 14

*Smith v. Univ. of Wash. Law Sch.*,
   233 F.3d 1188 (9th Cir. 2000) ...................................................................... 20

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ........................................................................ 14

*Stern v. AT&T Mobility Corp.*,
   No. CV 05-8842 CAS, 2008 WL 4382796 (C.D. Cal. Aug. 22, 2008)........................ 19

*Stuart v. RadioShack Corp.*,
   No. C-07-4499, 2009 WL 281941 (N.D. Cal. Feb. 5, 2009)........................... 15

*Sweet v. Pfizer*,
   232 F.R.D. 360 (C.D. Cal. 2005) ................................................................ 15

*Valentino v. Carter-Wallace, Inc.*,
   97 F.3d 1227 (9th Cir. 1996) ........................................................................ 18

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541 (2011).............................................................. 12, 13, 17, 20

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180 (9th Cir. 2001) ................................................................. 8, 18

**Statutes**

28 U.S.C. §1332(d) ....................................................................................... 2

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 23 ...................................................................................... 9, 10

Fed. R. Civ. P. 23(a)............................................................................ 8, 11, 17

Fed. R. Civ. P. 23(a) (1) ............................................................................. 11

Fed. R. Civ. P. 23(a)(2) ......................................................................... 12, 17

Fed. R. Civ. P. 23(a)(3)......................................................................... 13, 14

Fed. R. Civ. P. 23(a)(4).......................................................................... 14, 16

Fed. R. Civ. P. 23(b) .........................................................9, 11, 12, 17, 22

Fed. R. Civ. P. 23(b)(2)......................................................................... 8, 20, 21

Fed. R. Civ. P. 23(b)(3).................................................................. 8, 17, 18, 20

**State Authorities**

Cal. Bus. & Prof. Code § 17200, *et seq.* ................................................... 2

Cal. Pen. Code
    § 630, *et seq.* ("CIPA").........................................1, 2, 9, 13, 16, 19, 20
    § 637.2........................................................................................... 14
    § 637.2(a)(1) ................................................................................. 20
    § 637.2(c) ...................................................................................... 20

# I.  INTRODUCTION

California's Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq.* ("CIPA") protects the privacy of communications and prohibits the recording of a person's voice without permission.  This case concerns Defendant's admitted surreptitious recording of phone calls in California between law enforcement detainees and their attorneys.

There is no dispute that these recordings took place and, based upon discovery responses provided by the Defendant and others, involved at least **220 California attorneys and 930 detainees**.

Each of the attorneys and detainees who had their calls recorded has a claim against Defendant and, collectively, Plaintiffs – and others similarly situated - meet all the requirements for the certification of a class under Federal Rule of Civil Procedure 23. Thus, the present motion should be granted.

# II.  PROCEDURAL BACKGROUND

On October 10, 2017 Plaintiffs Juan Romero, Frank Tiscareno and Kenneth Elliot, on behalf of themselves and as class representatives, brought their Motion for Class Certification which was opposed by Defendant, Securus Technologies, Inc. ("Defendant" or "Securus") ("Certification Motion"). (ECF 62-0 through 62-46, 72-0 through 72-4 and 74-0 through 74-5).[1]  On April 12, 2018, this Court denied Plaintiffs' Certification Motion *without prejudice* on the ground that "…Plaintiffs fail to present sufficient evidence to show that there is an administratively feasible manner to determine whether a class action is the superior method for prosecuting Plaintiffs' claims." (Order Denying Motion for Class Certification ("April 12th Order"), ECF 93, pp.4-6). The Court also expressly authorized Plaintiffs to file a renewed motion for class certification after additional discovery had completed.  (ECF 93, at 6:5-9 & n.3.)  Based on the Court's ruling, the deadline to file a renewed motion for class certification is July 11, 2018.  The Court also expressly stated that Plaintiffs could request an additional 90 days if required

---

[1] Plaintiffs hereby incorporate by reference the Certification Motion including all supporting papers.

to complete discovery and file the renewed motion.  (*See id.*)

## III.   **FACTUAL BACKGROUND**

Both previously submitted evidence, and evidence received from Defendant after the initial Certification Motion was filed support the certification of a class:

**Previous evidence:**  The operative Third Amended Complaint ("TAC") was filed on February 8, 2017 which, after the Court sustained Defendant's motion to dismiss Plaintiffs' fraud claim, alleged five causes of action: (1) invasion of privacy; violation of Cal. Penal Code §§ 630, *et seq.* ("CIPA"); (2) unfair competition, violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (3) concealment; (4) negligence; and (5) unjust enrichment.  Plaintiffs assert jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d) and seek to bring these claims on behalf of the following class:

> Every person who was a party to any portion of a conversation between a person who was in the physical custody of a law enforcement officer or other public officer in California, and that person's attorney, on a telephone number designated or requested not to be recorded, any portion of which was eavesdropped on or recorded by means of an electronic device during the period from July, 10, 2008 to the applicable opt-out date, inclusive (the "Class Period").  (TAC, ECF 30).

Plaintiffs Juan Romero and Frank Tiscareno, two former Detainees in the custody of the San Diego Sherriff ("Sheriff"), and Kenneth Elliott, a criminal defense attorney, allege that Securus surreptitiously recorded privilege attorney/client telephonic communications. (TAC, ECF 30).

Securus is in the business of providing "detainee communications and information management solutions, serving approximately 2,200 correctional facilities and more than 850,000 inmates nationwide."  (Plaintiffs' First RJN, Ex. E, ECF 17-1 and ECF 17-6). Defendant currently purports to serve approximately 65 correction facilities and tens of

thousands of inmates in California.  (*See*, Defendant's website at https://securustech.net/facilities-we-serve _-_ *See,* Plaintiff's First RJN and this Court's April 12th Order).  Defendant's communication systems are used by persons who are in the physical custody of law enforcement or other public officers (herein "Detainees") and the outside world on servers, electronic storage devices, cables, and software separate from what connects the callers ("Secure Call Platform"). *See,* TAC, ECF 30, ¶23, lines 12-15.

Defendant maintains indefinitely call detail reports which contain the details of each call, including the parties, when and where the call took place, the timing of initiating the call, and the duration.  (*See,* Declaration of Ian Jones in Support of Opposition to Plaintiffs' Ex Parte Application for Order to Expedite Discovery and Preserve and Restore Evidence ("Jones Decl."), ECF 38-1, p. 1, ¶ 2).  Defendant also maintains indefinitely call platform logs, which are logs that track everything that occurs in relation to calls and within the Secure Call Platform.  For example, the call platform logs record whether call recordings have been accessed.  (Jones Decl., ECF 38-1, p. 1 at ¶¶ 3-5, lines 13-21).  Defendant also maintains indefinitely user activity logs, which show when phone numbers have been designated as private (or de-designated). *Id.*  In addition, Defendant maintains the actual call recordings of calls between inmates and other parties. *Id.*  Detainees and attorneys who use Defendant's telephone system to communicate with each other do not hear any "Monitored and Record" prompt, or any other warning or indication that their phone conversation was, or is, being monitored or recorded.  *See*, Declaration of Robert Teel ("Teel Decl."), ECF 62-28, Ex. 25 and Declaration of Kenneth Elliot ("Elliott Decl."), ECF 62-38 through 62-40, ¶¶ 5-7; Declaration of Juan Romero ("Romero Decl."), ECF 62-41 through 61-42, ¶7; Declaration of Frank Tiscareno, ECF 62-43 through 62-44, ("Tiscareno Decl."), ¶ 7.  Further, attorneys are affirmatively told that if they request their telephone numbers be placed on Defendant's "Do Not Record" database (a "Do Not Record Number"), their conversations with Detainees would be "privatized" and not recorded.  Elliott Decl., ECF 62-38 through 62-

40, Ex. 1 and Teel Decl., ECF 62-27, Ex. 24.  Defendant knows it does not have permission to record Private Attorney Calls on telephone numbers on their "Do Not Record" database ("Private Attorney Calls").  *See,* Teel Decl.,  ECF 62-5 through 62-25, Exs. 2-22, and 62-27 through 62-29, Ex. 24-26.  Yet Defendant concealed the fact that Private Attorney Calls on telephone numbers in its "Do Not Record" database were monitored and recorded.  *See*, Elliott Decl., ECF 62-38 through 62-40, ¶ 7; Romero Decl., ECF 62-41 through 61-42, ¶7; Tiscareno Decl., ECF 62-43 through 62-44, ¶ 7; Plaintiffs' First RJN, ECF 17-1 Ex. D at 1:20-28 and 2:1-5).

Defendant has recorded, stored, listened to, and shared conversations between Detainees and attorneys captured by its Secure Call Platform without permission.  Records from the Sheriff include emails sent between the Sheriff and Defendant with detail reports in spreadsheet format.  *See*, Teel Decl., at ECF 62-2 and 62-4, Ex. 1.  The Sheriff confirmed that some of the attorney numbers identified in communications between the Sheriff and Defendant were "additional examples" of "numbers [are] set as private numbers in the SCP [Secure Call Platform] and should not be being recorded.  All of these numbers were recorded at some point in the past year."  Teel Decl. at ECF 62-5 and 62-27.  Evidence submitted with the Certification Motion establishes that Defendant admits that it recorded, stored, listened to, and shared conversations between Detainees and attorneys captured by Defendant's Secured Call Platform without permission.  *See,* Teel Decl., ECF 62-5 through ECF 62-19 and ECF 62-27 through ECF 62-29, Ex. 2-22 and 24-26, *see also* Jones Decl., ECF 38-1, p. 2 at ¶ 7.  Indeed, Defendant's Director of Support Services, Ian Jones, admits that

> Approximately two years prior to the commencing of the pending lawsuit, Securus did purge certain calls it learned were recorded accidently and that the San Diego County Sheriff's Office had specifically requested to be purged.

*See*, Jones Decl., ECF 38-1, p. 2, at ¶ 7.

///

**New Evidence:**  During the pendency of the Certification Motion Plaintiffs have been in pitched battles with Defendant to obtain substantive discovery responses.  By October 16, 2017 Magistrate Dembin found that Defendant's refusal to produce documents and respond to discovery was "just plain wrong" and ordered that supplemental responses be provided within fourteen days (*i.e.*, by October 30, 2017) – a week prior to Plaintiffs' November 6, 2017 deadline to file its reply in support of the Certification Motion.  *See*, Order On Joint Motion For Determination of Discovery Dispute Regarding Defendant's Responses to Written Discovery ("Discovery Order"), ECF 59.  However, Defendant did not provide its key supplemental responses until November 28, 2017 – almost a month later than when ordered to do so and after Plaintiffs' reply was due.  *See,* Plaintiff Kenneth Elliott's Requests for Production of Documents for Class Certification Issues to Defendant Securus Technologies, Inc. (Set One) ("Elliott's RFP") and Defendant Securus Technologies, Inc.'s Supplemental Responses To Plaintiff Kenneth Elliott's Requests For Production of Documents For Class Certification (Set One) ("Defendant's Supplemental RFP Response") attached as Exhibits "C" and "D", respectively, to Declaration of Eileen R. Ridley In Support of Renewed Motion for Class Certification ("Ridley Decl.").  The purpose of Defendant's improper delay is obvious upon review of Defendant's Supplemental RFP Response.  For example, the following request was made in Elliott's RFP:

> **Request For Production No. 14:**
>
> All DOCUMENTS identifying any DETAINEE who was a party to any telephone call to or from a PRIVATE NUMBER between such DETAINEE and an ATTORNEY, any portion of which was recorded by YOUR SYSTEM.

*See,* Elliott's RFP, No. 14, Ex. C to Ridley Decl.

Defendant's supplemental response contains a telling admission as follows:

> **Supplemental Response to Request for Production No. 14:**
>
> Responsive documents in Securus' possession, custody and

control were produced on October 30, 2017 as STI_000001-
STI_000015, STI_000017-STI 000019, STI_000022-
STI_000062, STI_000068-STI_76, STI_000078-STI_000083,
STI_000087-STI_000089, STI_000118-STI_000143,
STI_000146-STI_000154, STI_000156-STI_000182,
STI_000186_STI_000188, STI_000193-STI_000202,
STI_000210-STI_000346, STI_000349-STI_000439. …[2]

*See,* Defendant's Supplemental RFP Response, RFP 14 attached as Ex. D to Ridley Decl.

Spreadsheet STI_000004 (which is among the spreadsheets identified above) is of particular interest as it provides information that can practically identify both Detainees and attorneys whose calls Securus admits were  improperly recorded per Defendant's Supplemental RFP Response above.

**Methodology For Ascertaining Class Members:**  The methodology for identifying discreet individuals who are members of the proposed class from discovery responses is straightforward, administratively practical, reliable and easily managed.

First, a review of documents produced by the Sheriff in response to Plaintiffs' third party subpoena produces 93 discrete Detainee names who had their calls with attorneys recorded without permission.  *See,* Declaration of Robert Teel Regarding Defendant's Delayed Discovery Responses ("Teel Reply Decl."), ECF 74-1, ¶ 5.

Second, Plaintiff Elliott asked Defendant "to IDENTIFIY… each telephone call to or from a private number to or from a Detainee which was recorded during the CLASS PERIOD…" in his Special Interrogatory No.1.  Defendant's supplemental response to this interrogatory included "Exhibit A" which, when reviewed and filtered to remove duplicates, reveals an additional 153 discreet Detainee names.  *See*, Teel Reply Decl.,

---

[2] While Securus argues in its belated supplemental response that the spreadsheets identified were produced on October 30, 2017, in point of fact Securus failed to identify those spreadsheets and what they responded to – in other words Plaintiffs had no way of knowing the spreadsheets actually identified Detainee calls which were in the purported class until receipt of Defendants Supplemental RFP Responses.  *See*, Ridley Decl. ¶¶ 23-27.

ECF 74-1, ¶¶ 2 and 5 and Exhibit 1 thereto, ECF 74-2.

Third, when combined, the discreet names produced by the Sheriff (*i.e.*, 93) and the discreet names identified in Ex. A to Defendant's supplemental interrogatory responses (*i.e.*, 153) gives a total of 246 Detainee names.  When those names are filtered to remove duplicates, the total number remaining is 232 discreet Detainees names.  *See*, Teel Reply Decl., ECF 74-1, ¶ 5 and Exhibit 2 thereto, ECF 74-3.

Fourth, Ex. A to Defendant's supplemental interrogatory responses also identifies 14 individual attorney telephone numbers which concern calls with Detainees which were improperly recorded.  *See*, Declaration of Wendy A. DelValle In Support of Renewed Motion for Class Certification ("Delvalle Decl.") ¶ 3 and Exhibit 1.[3]

Fifth, a review of STI_000004[4] reveals no fewer than an additional 698 individual Detainee names and 222 individual attorney telephone numbers that Defendant identifies has having been improperly recorded.  Those attorneys include 16 attorneys outside of California.[5]  *See*, Delvalle Decl., ¶¶ 4 and 5 and Exhibits 2 and 3 thereto.

Sixth, the total number of identified Class Members from discovery responses received from the Sheriff and Defendant equals **1,150 Class Members**.  This figure is arrived at by simply adding the number of Detainees and attorneys identified in the discovery responses by both the Sheriff and Defendant.  Thus, there are 930 individual, non-duplicative Detainee names (*i.e.*, 698 individual, non-duplicative Detainee names from STI_000004 plus the 232 non-duplicative Detainee names from the Sheriff's production and Defendant's Ex. A attached to its supplemental interrogatory response).

---

[3] The attorney telephone numbers were independently confirmed through Google internet searches to the attorneys' websites or the California State Bar website.  *See*, Delvalle Decl. ¶¶ 3 and 5.

[4] Defendant confirmed this spreadsheet reflects discreet telephone numbers where private calls were recorded without permission in Defendant's Supplemental RFP Response No. 14.  *See*, Ridley Decl., ¶¶ 23-27 and Exs. C and D thereto.

[5] The Court inquired as to whether non-California attorneys were identified.  *See,* April 12th Order, ECF 93, p.5, fn. 2.  While such non-California attorneys can be (and are) identified, Plaintiffs believe they are still properly in the proposed Class because the attorneys were conducting privileged communications with California Detainees and their conversations were still recorded without permission from facilities in California.  Nevertheless, even removing these 16 non-California attorneys from the Class results in a total figure of over 1,000 Class Members as shown above.

Similarly, there are 220 individual, non-duplicative attorney names (*i.e.*, 222 individual attorney telephone numbers from STI_000004 less the 16 non-California attorneys plus the additional 14 attorneys identified in Defendant's Ex. A attached to its supplemental interrogatory responses).  **Adding the 930 total Detainees to the 220 total California attorneys identified has having their telephone calls improperly recorded in discovery responses results in a total number of 1,150 Class Members.**

Notably, the Defendant has only produced materials from 10 of the 65 California facilities it services and has failed to provide materials and information for the entire Class Period.  *See,* Delvalle Decl., ¶6 and Ridley Decl., ¶¶ 23-27.  Thus, the putative class could be larger but Defendant has refused to produce these records despite a Court order to do so.[6]  *See,* Delvalle Decl. ¶ 3 and Exhibit 2 thereto and Ridley Decl., ¶¶ 23-27 and Exs. "C" and "D" thereto.[7]

## IV.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 23(a) a class must satisfy four prerequisites: "(1) numerosity of [parties], (2) common questions of law or fact predominate; (3) the named [party's] claims and defenses are typical; and (4) the named [party] can adequately protect the interests of the class."  *Hanon v. Dataproducts*, 976 F.2d 497,508 (9th Cir. 1992).  In addition, a party seeking to qualify a class must provide facts sufficient to satisfy the requirements of both Fed. R. Civ. P. 23(a) and (b).  *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1186 (9th Cir. 2001); *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1308-1309 (9th Cir. 1977) and *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 979-980 (9th Cir. 2011). Plaintiffs contend that the purported class satisfies both Fed. R. Civ. P. 23(b)(2) (the class is subject to common policies or unlawful acts,

---

[6] Defendant should be ordered to further supplement their discovery responses such that the entire Class Period is represented as is all of the facilities Defendant services in California.  Plaintiffs should be permitted an additional 90 days to supplement this Renewed Motion to include such supplemental information and to identify additional Class Members.

[7] Thus, Plaintiffs seek an extension of time to supplement this Renewed Motion to verify the completeness of Defendant's responses to the written discovery Plaintiffs properly and timely propounded.  *See*, Ridley Decl., ¶¶ 23-27 and Exs. "C" and "D" thereto.

justifying injunctive relief) and Fed. R. Civ. P. 23(b)(3) (questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the case).

Plaintiffs meet all the requirements under Fed. R. Civ. P. 23.  As discussed above, Defendant has admitted to recording conversations between Detainees and attorneys and maintains records that contain the details which permit identification of both Detainees and attorneys who have had their calls improperly monitored or recorded by Defendant during the Class Period.  As such recordings violate CIPA, the class is subject to common unlawful acts and policies which justify injunctive relief.  Further, questions of law and fact predominate over individual issues such that a class is superior to individual actions to adjudicate the case.

## V.   ARGUMENT

The evidence obtained by Plaintiffs establishes that the proposed class meets the requirements of Rule 23(a) and (b).

### A.   THE CLASS IS ASCERTAINABLE.

In denying *without prejudice* Plaintiffs' Certification Motion, this Court found that Plaintiffs had failed "…to sufficiently identify an ascertainable and manageable class." *See*, April 12th Order, ECF 93, p. 6.  In doing so, the Court noted that the "ascertainability of a class ensures that the class members are reasonably identifiable" particularly in light of the requirements of Fed. R. Civ. P. 23(b).  *See,* April 12th Order, ECF, p. 4 and *Pierce v. County of Orange*, 526 F.3d 1190, 1200 (9th Cir. 2008).  Here, Plaintiffs have established that the members of the class are, in fact, reasonably identifiable.  Evidence establishes that Defendant admits it improperly recorded calls between Detainees and their attorneys and, moreover, Defendant maintains records which contain information whereby those Detainees and attorneys can be identified.  *See,* Teel Decl., ECF 62-5 through ECF 62-19 and ECF 62-27 through ECF 62-29, Ex. 2-22 and 24-26, *see also* Jones Decl., ECF 38-1, p. 2 at ¶ 7, Elliott's RFP and Defendant's Supplemental RFP

Response, Exs. "C" and "C", respectively, to Ridley Decl. and Delvalle Decl. **Indeed, the materials provided have resulted in the identification of, at least, 930 discrete Detainees and 220 attorneys whose communications Defendant admits it improperly recorded**.[8]  Plaintiffs are not subject to a separate administrative feasibility requirement in order to certify their class.  The Ninth Circuit has expressly declined to interpret Fed. R. Civ. P. 23 as having that requirement believing that "a separate administrative feasibility prerequisite to class certification is not compatible with the language of Rule 23."  *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1123 (9th Cir. 2017).  Nevertheless, the evidence before the Court indicates that the class members are indeed ascertainable, and from Defendant's own records.[9]

As this Court noted, "ascertainability, like numerosity, does not require a precise number of class members…"  April 12th Order, ECF 93, p. 5.  It is important to note that the "numerosity requirement does not mean that the class must be so numerous that joinder is impossible but rather simply that joinder of the class is impracticable. *Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909, 913 (9th Cir.1964). Whether joinder would be impracticable depends on the facts and circumstances of each case and does not, as a matter of law, require the existence of any specific minimum number of class members. *Kraszewski v. State Farm Ins. Co.,* 27 Fair Empl.Prac.Cas. (BNA) 27, 29, 1981 WL 26982 (N.D.Cal.1981). Plaintiffs "'need not state the exact number of potential members nor identify all the members of the class so long as the putative class is not amorphous.'" *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 448 (N.D.

---

[8] The Court's concern that there may be only 22 calls is misplaced.  April 12th Order, ECF 93, p. 5, lines 5-6.  The document referred to by the Court (*i.e.,* ECF 62-20) constitutes an email referring to Defendant's attempt to determine why its system was recording Private Attorney Calls and, in the instance, was attempting to "capture" 22 of 15,000 calls.  While that email confirms that Defendant improperly recorded calls and was having difficulty determining why its system was doing so, it was not a document purporting to identify the entire population of calls recorded on Defendant's system.

[9] Further, while Defendant has not produced materials from all of the approximate 65 facilities its services in California, the methodology used to deduce the over 1000 Class Members from the data extracted from 10 of those facilities can be likewise used on the data from the remaining facilities.  *See,* Delvalle Decl., ¶ 6.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION
-10-
Case No. 16-cv-1283-JM-MDD

Cal. 1994), citing *Martinez v. Bechtel Corp.,* 10 Empl.Prac.Dec. (CCH) 6351, 6353, 1975 WL 274 (N.D.Cal.1975). Here the class is not amorphous and numbers in excess of 1,000 based upon Defendant's own documents and admissions. This Court correctly noted that "in light of the typicality and commonality of the class claims, a putative class of 1,000 would likely achieve substantial administrative and management efficiencies." April 12th Order, ECF 93, p. 5. Here Defendant's records and admissions support the fact that the proposed class includes 220 attorneys and 930 Detainees for a total of 1,150 ascertainable individuals. Joinder of all such individuals would be impractical and the certification of such a class promotes administrative and management efficiencies such that Fed. R. Civ. P. 23(b) is satisfied and this motion should be granted.

**B.     THE REQUIREMENTS OF FED. R. CIV. P. 23(A) ARE MET**

**1.     The "Numerosity" Requirement Is Met**

As noted above, Rule 23(a) (1) requires that the proposed class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

> The numerosity requirement is met where it is determined that joinder of all class members as parties to a single action is impracticable. Fed.R.Civ.P. 23(a)(1). Joinder need not be impossible; rather, it is sufficient if the difficulty or inconvenience of joining all members of the class makes class litigation desirable. Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913–14 (9th Cir.1964). Though satisfaction of the numerosity requirement is not dependent upon any specific number of proposed class members, where the number of class members exceeds forty, and particularly where class members number in excess of one hundred, the numerosity requirement will generally be found to be met. 3B Moore's Federal Practice, ¶ 23,95[1] (2nd Ed.1948). Additionally, where the class includes unnamed, unknown future members, joinder of such

unknown individuals is impracticable and the numerosity

requirement is therefore met. Jack v. American Linen Supply

Company, 498 F.2d 122, 124 (5th Cir.1974)."

*Int'l Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 102 F.R.D.

457, 461 (N.D. Cal. 1983); *see also*, *Perez v. Safety-Sys., Inc.* 253 F.R.D. 508, 518 (N.D.

Cal. 2008).  Here the documents and admissions of Defendant establish that there are 220

attorneys and 930 Detainees (for a total of 1150 Class Members) who have had their

Private Attorney Calls improperly recorded by Defendant.  Defendant cannot credibly

dispute either the numerosity or the ascertainability of the proposed class.

## 2.  The "Commonality" Requirement Is Met

Fed. R. Civ. P. 23(a)(2) requires "questions of law or fact common to the class".

The commonality requirement is less rigorous than the companion requirements of Rule

23(b), and is construed permissively.  *Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir.

1998).  "All questions of fact and law need not be common to satisfy the rule."  *Id.*  The

commonality requirement is satisfied by "the existence of shared legal issues with

divergent factual predicates" or a "common core of salient facts coupled with disparate

legal remedies within the class." *Id.* at 1019-1020.  The named plaintiff need only share

at least one question of fact or law with the prospective class.  *Rodriguez v. Hayes*, 591

F.3d 1105, 1122 (9th Cir. 2010) (citing *Baby Neal for & by Kanter v. Casey,* 43 F.3d 48,

56 (3rd 1994)).

"Commonality requires the plaintiff to demonstrate that the class members 'have

suffered the same injury," which "does not mean merely that they have all suffered a

violation of the same provision of law."  *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541,

2551 (2011).  The "claims must depend on a common contention" and "[t]hat common

contention…must be of such a nature that it is capable of class-wide resolution – which

means that determination of its truth or falsity will resolve an issue that is central to the

validity of each of one of the claims in one stroke."  *Id.*

While only one common question of law or fact is required, here the class-wide

proceedings will generate common answers based on a common illegal recording claim, including common answers to questions such as:  (a) did Defendant record phone conversations between Detainees and attorneys on a telephone number designated as "Do Not Record Numbers"; (b) did Defendant act negligently, fraudulently, and unlawfully by failing to protect Class Members' privacy rights; (c) did Defendant fail to maintain adequate supervisory procedures, policies, and practices for its recording activities; (d) did Defendant contribute to, commit to, and/or is it responsible for the conduct alleged in the TAC; and (e) are Class Members entitled to compensatory, injunctive, equitable and other relief.  Each interrelated question presents one "common contention capable of class-wide resolution" – did Defendant record phone conversations between attorneys and Detainees without permission? *Wal-Mart, supra,* at 2551.  Plaintiffs have cited to Defendant's own call log records establishing that Plaintiffs and hundreds of others were recorded without their knowledge or consent on Defendant's system.  Thus, "[Plaintiffs'] allegations relate to a common course of conduct by [Defendant] and are supported by objective data recorded by [Defendant's] [phone system]."  *Reyes v. Educ. Credit Mgmt. Corp.*, 322 F.R.D. 552, 566 (S.D. Cal. 2017).  Furthermore, this Court has previously found that whether a defendant's "…notification practices resulted in recordings that violated CIPA involves commons [*sic*] question of law that will drive resolution of the classwide claims…" such that "…classwide proceedings will 'generate common answers' likely to 'drive the resolution of the litigation."  *Reyes, supra,* at 566-567.[10]

### 3.   The "Typicality" Requirement Is Met

Rule 23(a)(3) requires that the representative party have claims or defenses that are "typical of the claims or defenses of the class."  The typicality requirement is "permissive" and "requires only that the representative's claims are reasonably co-extensive with those of the absent Class Members; they need not be substantially

---

[10] As the Court correctly noted, Securus' incorrect argument that CIPA is not applicable to claimed "accidental" or inadvertent recordings is not properly raised on a motion for class certification.  *See*, April 12th Order, ECF 93, p. 2, fn. 1.  For the record, Plaintiffs dispute Defendant's contention.

identical." *Hanlon, supra* at 1020.  *See also, In re Juniper Networks Sec. Litig.,* 264 F.R.D. 584, 589 (N.D. Cal. 2009).  "Typicality does not mean that the claims of the class representatives must be identical or substantially identical to those of absent class members." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (internal quotations omitted).  Rather they only need to be "reasonably co-extensive with those of absent class members." *Hanlon, supra*  at 1020.

Typicality is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez,* supra at 1124 (citations omitted).  Here Plaintiffs satisfy the typicality standard because their claims are identical to those of absent Class Members, deriving from the same set of facts and legal theories.  Defendant recorded Plaintiffs' and Class Members' telephone conversations which were between Detainees and attorneys on Do Not Record Numbers (clear evidence that the recordings were made without permission) giving rise to Plaintiffs' and the Class Members' statutory damages under Cal. Pen. Code §637.2.  Moreover, Plaintiffs and the Class Members will be able to prove their claims through Defendant's own call records and discovery admissions.  *See,* Teel Decl., ECF 62-5 through ECF 62-19 and ECF 62-27 through ECF 62-29, Ex. 2-22 and 24-26, *see also* Jones Decl., ECF 38-1, p. 2 at ¶ 7, Elliott's RFP and Defendant's Supplemental Response, Exs. "C" and "D", respectively, to Ridley Decl. and Delvalle Decl.  Accordingly, Plaintiffs' claims are "reasonably co-extensive with those of absent class members" for purposes of Fed. R. Civ. P. 23(a)(3).  *Hanlon, supra* at 1020.

### 4.   The "Adequacy of Representation" Requirement Is Met

Fed. R. Civ. P. 23(a)(4) requires the representative parties to "fairly and adequately protect the interests of the class."  The Ninth Circuit has set a two-prong test for this requirement:  "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Staton v. Boeing Co., supra* at 957 (citing *Hanlon, supra* at 1020), *see also, Sweet v. Pfizer,* 232 F.R.D. 360, 370 (C.D. Cal. 2005).

Courts have generally declined to consider conflicts … sufficient to defeat class action status at the outset unless the conflict is apparent, imminent, and on an issue at the very heart of the suit." *Blackie v. Barrack,* 524 F.2d 891, 909 (9th Cir. 1975).  Speculative conflicts are insufficient to support the denial of class certification.  *See*, *Pecover v. Elec. Arts. Inc.,* No. C 08-2820 VRW, 2010 WL 8742757, *9 (N.D. Cal. Dec. 21, 2010) ("The Ninth Circuit … does not favor denial of class certification on the basis of speculative conflicts.").

"Absent contrary evidence from the party opposing class certification, adequacy of representation is generally presumed." *Madison Assocs. V. Baldante,* 183 B.R. 206, 217 (Bnkr. C.D. Cal 1995).  "[A] plaintiff may adequately represent the class if he or she has a basic understanding about the nature of the suit." *Stuart v. RadioShack Corp.,* No. C-07-4499, 2009 WL 281941, *11 (N.D. Cal. Feb. 5, 2009); *see also, Hodges v. Akeena Solar, Inc.,* 274 F.R.D. 259, 267 (N.D. Cal. 2011) (Because "[t]he threshold of knowledge required to qualify a class representative is low[,] a class representative will be deemed inadequate only if 'startlingly unfamiliar' with the case.").

Here Plaintiffs are adequate Class Representatives because they have a basic understanding of the suit and their roles in it, and are willing to sacrifice the time to serve as Class Representatives.  *See*, Romero Decl., ECF 62-41 through 62-42 ¶3; Tiscareno Decl. , ECF 62-43 through 62-44 ¶3, Elliott Decl., ECF 62-38 through 62-40 ¶3. Plaintiffs have shown their commitment to the Class by taking the time to review documents, answer questions pertinent to this litigation, and be deposed when properly noticed. *Id.*  Plaintiffs have also stayed in close contact with counsel since this case's inception.  *Id.* Plaintiffs do not possess any interests that conflict with those of the proposed Class because, like absent Class Members, Plaintiffs' attorney-Detainee conversations were made to or from a number designated as "Do Not Record" (and thus recorded without permission).  Plaintiffs are motivated to establish Defendant's liability and attain remedies equally applicable to, and beneficial for, the Class.  *Id.*

"To meet the requirement [of Rule 23(a)(4)], the lead Plaintiffs' counsel must be

'qualified, experienced, and generally able to conduct the proposed litigation …." *In re Natural Gas Commodities Litig.*, 231 F.R.D. 171, 185 (S.D.N.Y. 2005).  An attorney's prior experience in representing classes in cases that involved similar dispute may qualify Plaintiffs' counsel for adequacy purposes under Rule 23(a)(4).  *Id.*  Here, Plaintiffs' counsel are adequate to represent the Class because they have significant experience in prosecuting and handling complex litigation cases and unlawful recording class actions, and are able to vigorously prosecute the case.  *See*, Supplemental Declaration of Robert Teel Regarding Adequacy in Support of Plaintiffs' Motion for Class Certification and Exs. 1 (firm resume) and 2 (Order appointing The Law Firm of Ronald A Marron as Class counsel, *Reyes, supra.* (the "Marron Decl."), ECF 62-45 through 62-46.  Further, Plaintiffs' counsel have added the law firm of Foley & Lardner, LLP a national law firm which has the resources to support the litigation on behalf of a large class including attorneys have extensive class action experience and are certified privacy professionals.  *See,* Ridley Decl., ¶¶ 1-22; Declaration of J. Mark Waxman In Support of Plaintiffs' Renewed Motion for Class Certification Or, In The Alternative, Extension of Time ("Waxman Decl.") and Declaration of Nicholas J. Fox In Support Of Plaintiffs' Renewed Motion For Class Certification Or, In The Alternative, Extension of Time ("Fox Decl."). Robert Teel, The Law Firm of Ronald A. Marron and Foley & Lardner, LLP should be appointed as Class Counsel because they have demonstrated the ability to diligently pursue the instant claims on behalf of Plaintiffs and the proposed Class, and have sufficient resources to do so successfully.

Plaintiffs' interest in receiving compensation for alleged violations of CIPA, and deterring and preventing Defendant from engaging in the alleged conduct again, are clear and are aligned with the interests of the putative Class as a whole.  There is nothing to suggest that the named Plaintiffs or their counsel have any conflicts of interest with other Class Members such that class certification raises due process concerns.  Further, there is no evidence that the named Plaintiffs or their counsel lack the incentive to continue to prosecute this action vigorously.  Last, Plaintiffs' counsel have ample experience and

expertise to adequately represent the Class.  All these factors support a finding of adequacy.  *Reyes, supra.*

**5.     The Requirements of Fed. R. Civ. P. 23(b)(3) Are Met**

In addition to meeting the requirements of Fed. R. Civ. P. 23(a), "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)."  *Wal-Mart Stores, Inc., supra* at 2548; *see also, Amchem Prods., Inc., supra,* at 614.

Certification under Fed. R. Civ. P. 23(b)(3) is proper "whenever the actual interests of the parties can be served best by settling their differences in a single action." *Hanlon, supra*, 150 F.3d at 1022 (internal quotations omitted).  Fed. R. Civ. P. 23(b)(3) calls for two separate inquiries: (1) do issues common to the class "predominate" over issues unique to individual members, and (2) is the proposed class action "superior" to other methods available for adjudication.  Fed. R. Civ. P. 23(b)(3); *Hanlon, supra,* 150 F.3d at 1022.

**a.     Common Issues Predominate**

"The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation…[and] focuses on the relationship between the common and individual issues." *Hanlon, supra* at 1022.  The analysis under Fed. R. Civ. P. 23(b)(3) "presumes that the existence of common issues of fact or law have been established pursuant to Rule 23(a)(2)." *Id.*  Class certification under Rule 23(b)(3) is proper when common questions present a significant portion of the case and can be resolved for all members of the class in a single adjudication.  *Id.*

As noted above, the central, overriding and predominant question here is whether Defendant recorded conversations between Detainees and attorneys without permission. Defendant has already acknowledged it has done so and its own documents and discovery admissions establish both the central legal and factual issues.  *See,* Teel Decl., ECF 62-5 through ECF 62-19 and ECF 62-27 through ECF 62-29, Ex. 2-22 and 24-26, *see also* Jones Decl., ECF 38-1, p. 2 at ¶ 7, Elliott's RFP and Defendant's Supplemental RFP Responses, Exs. "C" and "D", respectively, to Ridley Decl. and Delvalle Decl.

Defendant will have the opportunity to introduce whatever admissible evidence it might have to show that a particular conversation was recorded *with* permission of all parties, but at this point there is no evidence that any Class Member gave permission to have their conversations recorded (and, at any rate, such a defense would be a common one to the class). In analogous circumstances, courts have found that consent issue is a common one that supports a finding of predominance. *See, e.g., Reyes, supra at* 560-561; *Ades,* 2014 WL 462727, at * 12 ("there is no indication that individual consent issues will overwhelm issues plaintiffs have shown to be resolvable through class-wide proof."); *Meyer v. Portfolio Recovery Assocs., LLC* , 707 F.3d 1036, 1042 (9th Cir. 2012); *Kristensen,* 12 F. Supp. 3d at 1307; and *Agne v. Papa John's Int'l, Inc.* 286 F.R.D. 559, 567-568 (W.D. Wash. 2012).

**b.    A Class Action is Superior to Other Available Methods**

Fed. R. Civ. P. 23(b)(3) requires that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Considerations include: (a) the class members' interests in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already begun by or against class members; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3).

The superiority inquiry assesses whether the objective of the class action procedure will be achieved and compares alternative mechanisms for dispute resolution. *See, Hanlon,* 150 F.3d at 1023. The superiority requirement also tests whether "class litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir. 1996). "If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually a class action is not superior." *Zinser, supra* at 1192. Courts are afforded wide discretion to evaluate superiority because they are in "the best position to consider the most fair and efficient procedure for conducting any given litigation."

*Bateman, supra* at 712.

Here, neither Plaintiffs nor the proposed Class Members have an individual interest in controlling the prosecution of this action, as their claims are virtually identical, and there are no related cases pending.  Class certification will promote judicial efficiency because it permits Plaintiffs' and Class Members' common claims and issues to be tried once.  There is little doubt a class action is the superior method here when compared to the only other theoretical alternative – hundreds to thousands of separate cases litigated from start to finish.  Plaintiffs' and the Class' claims involve identical violations of CIPA and are subject to generalized proof.

Superiority is satisfied because the relatively small amount of money at stake for individual class members makes it unlikely that they have the financial incentive to litigate individually; there is no evidence of any other litigation involving the subject claims; there is no reason to believe that the Southern District is an undesirable forum; and a class action will be manageable.  *See, Stern v. AT&T Mobility Corp.,* No. CV 05-8842 CAS (CTx), 2008 WL 4382796 (C.D. Cal. Aug. 22, 2008); *see also, McKenzie v. Fed. Ex. Corp.,* 275 F.R.D. 290, 301 (C.D. Cal. 2011) (finding statutory damages of $4,000 per class member to be "not large").  *See, also, Reyes, supra* 563-564.

This Court has previously found that the superiority requirement was met in a CIPA class on the grounds that "the potential damages are unlikely to adequately incentivize potential plaintiffs to assume the cost of litigation contentious CIPA claims such as those presented in this case on an individual basis."  *Reyes, supra* at p. 563.  Indeed, in considering an action virtually identical to the present case (including issues related to recordings made without permission and the allege concealment of the activity by defendant), this Court found that "[t]his fact scenario – one that requires something beyond a basic reading of CIPA and its settled case law – is thus ill-suited for small claims litigation.  Under these circumstances, $5,000 for each violation is unlikely to incentivize the average claimant to incur the opportunity costs of time, effort, and attention to pursue her claim on an individual basis."  *Reyes, supra,* at 564.  Thus, as in

*Reyes,* Plaintiffs have met the superiority requirement.

### 6.   The Requirements of Fed. R. Civ. P.23(b)(2) Are Met

Plaintiffs also, or in the alternative, request certification under Fed. R. Civ. P. 23(b)(2).  A class may be certified in the Ninth Circuit under both Fed. R. Civ. P. 23(b)(2) and (b)(3).  *Smith v. Univ. of Wash. Law Sch.,* 233 F.3d 1188, 1196 (9th Cir. 2000).  Certification under Fed. R. Civ. P. 23(b)(2) is appropriate where a defendant has acted on "grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).  Applying *Dukes,* the Ninth Circuit has held "the key to the (b)(2) class is the individual nature of the injunction or declaratory remedy warranted;" meaning damages are not an issue if they need not be determined individually.  *Ellis, supra* at 987 (quotations omitted).

In this case, damages need not be determined individually because a violation of the CIPA is a misdemeanor that entails civil liability of $5000 per call for every period injured.  Pen. Code § 637.2(a)(1).  It is not a necessary prerequisite that the plaintiff has suffered, or be threatened with, actual damages.  Pen. Code § 637.2(c).  This Court has already ruled that Plaintiffs have sufficiently pled standing to pursue injunctive relief. *See,* Order Granting in Part and Denying in Part Defendant's Motion to Dismiss and Denying Defendant's Motion to Strike Class Action Allegations, ECF 21, p. 4 at ¶ 11, lines 9-10.  Plaintiff Elliot, now being aware of the unlawful recording, and the Class Members most of whom are completely unaware of the unlawful recording, continue to be "realistically threatened by a repetition of Defendant's CIPA violations" particularly when there is evidence that Defendant has been unable to cease such recordings even after the Sheriff requested they do so.  *Bates v. U.P.S.,* 511 F.3d 974 (9th Cir. 2007).  *Gest v. Bradbury,* 443 F.3d 1177, 1181 (9th Cir. 2006).  *See also,* Elliot Decl., ECF 62-38 through 62-40, pg. 3 at ¶¶ 10-11:6-17; Teel Decl., at ECF 62-2 and 62-4, Ex. 1, and ECF 62-5 and 62-27 and Ridley Decl. ¶¶ 23-27.  The threat of injury from the continuing illegal recording activity will be redressed by the prospective injunctive relief.  *Id.*  The

injunctive relief requested by Plaintiffs is both prohibitory and mandatory, not only to prohibit the immediate threat of repeated injury evidenced by past wrongs, but also to mandate the remediation of continuing, present adverse effects from Defendant's unlawful conduct.  TAC, ECF 30, p. 30 at ¶¶ 117-119. Further, the requested injunctive relief also seeks not only to prohibit any continuing illegal recording (TAC, ECF 30, p. 30 ¶¶ 117-118), but also the identification, retrieval, and ultimately at the conclusion of this action, destruction of all existing recordings in Defendant's possession or the possession of third parties.  TAC, ECF 30, p. 30 at ¶ 119.  This is the only way attorneys can fulfill their legal and ethical obligations to their clients.  As this Court has recently concluded in a similar action, " '[t]he key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Reyes, supra* at 569 citing *Dukes, supra* 564 U.S. at 360-62 (internal quotation marks omitted).  Thus, as in *Reyes*, the requirements of Fed. R. Civ. P. 23(b)(2) have been met by Plaintiffs.

### 7.    This Class Action Is Not Difficult to Manage

"The Ninth Circuit, along with at least seven other circuits, has held that there is a presumption against dismissing a class action on manageability grounds or that such dismissals are typically disfavored."  *Fraser v. Wal-Mart Stores, Inc.,* No. 13-cv-520, 2014 WL 7336673, at *8 (E.D. Cal. Dec. 24, 2014).  The management of this class action "would create relatively" fewer, rather than "more[,] management problems than any other alternative."  *Demmick v. Cellco P'ship,* No. 06-cv-2163, 2010 WL 3636216, at *10 (D.N.J. Sept. 8, 2010).  This Court correctly noted that "in light of the typicality and commonality of the class claims, a putative class of 1,000 would likely achieve substantial administrative and management efficiencies."  April 12th Order, ECF 93, p. 5. Here Defendant's records and discovery admissions support the fact that the proposed class includes **220 attorneys and 930 Detainees for a total of, at least, 1,150 ascertainable individuals**.  Joinder of all such individuals would be impractical and the

certification of such a class promotes administrative and management efficiencies such that Fed. R. Civ. P. 23(b) is satisfied and this motion should be granted.

## C. ALTERNATIVELY, THE COURT SHOULD GRANT PLAINTFFS AN ADDITIONAL 90 DAYS TO COMPEL COMPLETION OF DISCOVERY

In its April 12th Order, this Court stated that Plaintiffs could bring an appropriate motion for additional time to file a renewed motion for certification if Plaintiffs had yet to discover Defendant's call logs.  *See,* April 12th Order, ECF 93, p. 6, fn. 3.  As noted above, Plaintiffs believe there is sufficient evidence to certify a class under Fed. R. Civ. P. 23(a) and (b).  Defendant's own records and discovery admissions establish that not only has Defendant unlawfully recorded conversations between Detainees and attorneys without permission, they have done so in a manner that has affected a total of , at least, 1,150 ascertainable individuals.  *See,* Teel Decl., ECF 62-5 through ECF 62-19 and ECF 62-27 through ECF 62-29, Ex. 2-22 and 24-26, *see also* Jones Decl., ECF 38-1, p. 2 at ¶ 7, Elliot's RFP and Defendant's Supplemental RFP Responses, Exs. "C" and "D", respectively, to Ridley Decl. and Delvalle Decl.  Defendant's responses identify only 10 California facilities despite the fact that it manages 65 facilities throughout California. Defendant has not certified that it has reviewed the records related to the remaining 62 facilities nor has it affirmatively stated that it found no such recordings took place at those facilities during the Class Period.  Moreover, the materials and information Defendant has thus far produced do not account for the entire Class Period.  *See,* Ridley Decl. ¶¶ 23-27.  Courts have properly certified classes where produced evidence establishes the existence of a class but not its outer contour.  *See, Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 448 (N.D. Cal. 1994), *Int'l Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 102 F.R.D. 457, 461 (N.D. Cal. 1983) and *Reyes, supra.*  The same should be the case in this matter.  However, should the Court wish to have more evidence regarding these remaining facilities, the recordings done in the Class Period or simply to verify the completeness of Defendant's discovery responses

given these deficiencies, Plaintiffs request an additional 90 days to obtain that information and supplement the present motion.

## VI.   **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Renewed Motion for Class Certification and appoint the Law Office of Robert L. Teel, The Law Office of Ronald A. Marron, APLC and Foley & Lardner, LLP as class counsel.

DATED:  July 11, 2018

**FOLEY & LARDNER LLP**
J. Mark Waxman
Eileen R. Ridley
Nicholas J. Fox

**LAW OFFICE OF ROBERT L. TEEL**
Robert L. Teel

**THE LAW OFFICE OF RONALD A. MARRON**
Ronald A. Marron

 */s/ Eileen R. Ridley*
Eileen R. Ridley

*Attorneys for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 11, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*/s/  Eileen R. Ridley*
Eileen R. Ridley