UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMERO; FRANK TISCARENO; and KENNETH ELLIOTT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>Defendant. | Case No.: 16cv1283 JM (MDD)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR STAY PENDING APPEAL** |

Defendant Securus Technologies, Inc. ("Securus") moves the court for a stay pending the Ninth Circuit's resolution of its Federal Rule of Civil Procedure 23(f) appeal. (Doc. No. 160.) Plaintiffs oppose. (Doc. No. 163.) For the reasons discussed below, the court grants Securus' motion to stay.

**BACKGROUND**

The background facts are well known to the court and parties and are not repeated here. On November 21, 2018, the court certified a statewide class for Plaintiffs' California Invasion of Privacy Act ("CIPA") claims. (Doc. No. 141.) On December 5, 2018, Securus filed a Rule 23(f) petition for appeal of the court's class certification order. In the petition, Securus argued that review was warranted because the class certification order presents

1

"unsettled and fundamental issue[s] of law" and "manifest error." In its petition for appeal, Securus sought review of three "fundamental questions" on the court's class certification order: (1) whether the issue of intent presents a "common question" for all class members, (2) whether class litigation is superior to other forms of litigation, and (3) whether the court had the authority to grant Plaintiffs' motion for class certification after it denied Plaintiffs' first motion for class certification. Petition for Rule 23(f) Appeal, Doc. No. 1-2, No. 18-80181. Securus also argued that this court "committed a manifest and substantial error regarding its jurisdiction" because Plaintiffs failed to present evidence of improperly recorded calls after 2014. Id. On December 5, 2018, Plaintiffs also filed a petition for review of the court's denial of their request to certify a class for Plaintiffs' remaining claims. On February 26, 2019, the Ninth Circuit denied Plaintiffs' petition for an appeal. (Doc. No. 155.) On February 27, 2019, the Ninth Circuit granted Securus' petition for an appeal. (Doc. No. 156.)

## LEGAL STANDARDS

An appeal from a class certification order does not stay proceedings in the district court unless the district judge or the court of appeals so orders. Fed. R. Civ. P. 23(f). Pursuant to Federal Rule of Appellate Procedure 8, this court retains jurisdiction to order a stay pending appeal of its order. The court has broad discretion to stay proceedings. Landis v. N. American Co., 299 U.S. 248, 254 (1936). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433-34 (2009). Accord Landis, 299 U.S. at 255.

The Ninth Circuit has not articulated a specific standard for evaluating a proposed stay pending decision of a Rule 23(f) appeal. Most district courts in this circuit apply the standard enumerated in Nken v. Holder, 556 U.S. 418 (2009) and Hilton v. Braunskill, 481 U.S. 770, 776 (1987).[1] The court applies this standard as there is substantial overlap

---

[1] A minority of district courts in this circuit hold that the Nken and Hilton test applies "only when a party seeks the stay of execution of a judgment or order that modifies the status

2

16cv1283 JM (MDD)

between the tests, the outcome is the same under either standard, and the parties only reference the Nken and Hilton test. This four-factor test mirrors the factors considered for a request for injunctive relief. Nken, 556 U.S. at 433-34. The court considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 434 (quoting Hilton, 481 U.S. at 776). The first two factors are the most critical. Nken, 556 U.S. at 434. In weighing the four factors, courts use a flexible "sliding scale" approach, "so that a stronger showing of one element may offset a weaker showing of another." Leiva-Perez v. Holder, 640 F.3d 962, 964-66 (9th Cir. 2011).

## DISCUSSION

**A. Likelihood of Success on the Merits**

"It is not enough that the chance of success on the merits be better than negligible . . . more than a mere possibility of relief is required." Id. (quotations and citation omitted). Nken, 556 U.S. at 434. The Ninth Circuit has explained that the first factor does not require a party seeking a stay to demonstrate that it is more likely than not to prevail on its appeal.

---

quo pending the resolution of the correctness of that order or judgment by the appellate court." Finder v. Leprino Foods Co., No. 113CV02059AWIBAM, 2017 WL 1355104, at *2 (E.D. Cal. Jan. 20, 2017) (citing Consumer Cellular Inc. v. ConsumerAffairs.com, 2016 WL 7238919, *3-4 (D. Or. Sept. 26, 2016); American Hotel & Lodging Assn. v. City of Los Angeles, 2015 WL 10791930, *3 (C.D. Cal. Nov. 5, 2015)). Many of these courts apply the Landis v. North American Co., 299 U.S. 248 (1936) factors instead. See id. In Landis, the Supreme Court enumerated the factors a court should consider when deciding whether to stay an action pending the outcome of an independent proceeding. Landis, 299 U.S. 248. These factors include: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (citing CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)).

Leiva-Perez, 640 F.3d at 968. Instead, as long as the equities tip sharply in support of a stay, it is enough that there is "a substantial case for relief on the merits." Id. This burden can be met by demonstrating a "reasonable probability" or "fair prospect" of success, "a substantial case on the merits," or that "serious legal questions are raised." Id. (internal quotations and citations omitted).

Securus argues that it has met this standard because in granting its Rule 23(f) petition for appeal, the Ninth Circuit implicitly found that this case presented "an unsettled and fundamental issue of law" or "manifest error." (Doc. No. 160-1 at 6) (quoting Chamberlan v. Ford Motor Co., 402 F.3d 952, 959 (9th Cir. 2005).)[2] Plaintiffs argue that Securus must also demonstrate that it is likely to succeed on the substantive merits of its appeal but fails to do so. (Doc No. 163) (citing Gray v. Golden Gate Nat. Recreational Area, No. C 08-00722 EDL, 2011 WL 6934433, at *1 (N.D. Cal. Dec. 29, 2011) ("Looking to the likelihood of success on the merits, the Court must consider both the likelihood that the Ninth Circuit will grant Defendants' Rule 23(f) petition, and the likelihood that the Ninth Circuit will agree with Defendants on the substantive merits.").)

The Ninth Circuit's acceptance of Securus' Rule 23(f) petition for appeal demonstrates that serious legal questions are at issue. Although the Ninth Circuit's order does not indicate the basis for its decision, it cites to Chamberlan. (Doc. No. 156.) In Chamberlan, the Ninth Circuit held that Rule 23(f) review of a class certification order is "most appropriate when: (1) there is a death-knell situation for either the plaintiff or defendant that is independent of the merits of the underlying claims, coupled with a class certification decision by the district court that is questionable; (2) the certification decision presents an unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally, that is likely to evade end-of-the-case review; or (3) the district court's class certification decision is manifestly erroneous." Chamberlan, 402 F.3d at 959. The court emphasized that "Rule 23(f) review should be a rare

---

[2] All page citations in this order refer to those generated by the court's CM/ECF system.

occurrence," id. at 955, and such petitions "should be granted sparingly." Id. at 959. Each of the bases for granting a petition for appeal identified in Chamberlan suggest that serious legal questions are raised. See Reyes v. Educ. Credit Mgmt. Corp., No. 15cv628 BAS (AGS), 2018 WL 1316129, at *1 (S.D. Cal. Mar. 13, 2018) ("The grant of the [Rule 23(f)] petition satisfies the first factor for a stay and also alters the calculus of the harms that Defendant faces if proceedings in this Court proceed.").

Furthermore, the court's order presented an issue of first impression—the intent requirement of Cal. Penal Code § 636(a). Securus petitioned the Ninth Circuit for review, among other issues, on whether this intent requirement presents a common question to all class members or will require individualized inquiry. Petition for Rule 23(f) Appeal, Doc. No. 1-2, No. 18-80181. The court's ruling on the intent requirement of § 636(a) is intertwined with that question.[3] District courts in this circuit often find that serious legal questions are presented when novel issues or matters of first impression are raised. See, e.g., Morse v. Servicemaster Glob. Holdings, Inc., No. C 08-03894, 2013 WL 123610, at *3 (N.D. Cal. Jan. 8, 2013) ("Often a 'substantial case' is one that raises genuine matters of first impression within the Ninth Circuit."); Pena v. Taylor Farms Pac., Inc., No. 2:13-cv-01282-KJM-AC, 2015 U.S. Dist. LEXIS 115718, at *7 (E.D. Cal. Aug. 27, 2015) ("And if the Ninth Circuit has identified an unsettled and fundamental issue of law, the defendants have met their burden to show their appeal raises 'serious legal questions.'"). This factor weighs in Securus' favor as its petition presents serious legal questions.

**B. Irreparable Injury to Movant**

A sufficient showing of irreparable harm is "a necessary but not sufficient condition for the exercise of judicial discretion to issue a stay." Leiva-Perez, 640 F.3d at 965. "[S]imply showing some possibility of irreparable injury . . . fails to satisfy the second

---

[3] At oral argument, Securus affirmed that a systemwide computer glitch caused the calls at issue to be recorded, as it has previously represented. Securus, somewhat counterintuitively, now suggests on appeal that the question of intent will need to be determined by individual proof, even though the court determined this threshold issue of mens rea on a classwide basis in Securus' favor.

5

factor." Nken, 556 U.S. at 434-35 (quotations and citation omitted). Rather, the movant must show that irreparable harm is likely or probable. Leiva-Perez, 640 F.3d at 968.

This factor supports a stay. First, the prospect of substantial, unrecoverable time and resources spent on class discovery weighs in Securus' favor. District courts have found irreparable harm probable where an appeal may result in decertification of the class, thereby resulting in a substantial waste of time and resources. See, e.g., Pena, 2015 WL 5103157, at *4 (pretrial costs may be irreparable harm "when granting a motion to stay would avoid substantial, unrecoverable, and wasteful discovery costs," or "when the costs would impose 'serious burdens' that an appeal would avoid"); Senne v. Kansas City Royals Baseball Corp., No. 14-CV-00608-JCS, 2017 WL 5973487, at *3 (N.D. Cal. May 5, 2017) ("Should the Ninth Circuit reverse this Court's . . . Order on certification of . . . the Rule 23(b) California Class, Defendants will suffer substantial harm if this action is not stayed pending appeal as they will have devoted very substantial time and resources on the litigation, particularly with respect to the completion of discovery, dispositive motions and trial preparation on class claims."); Brown v. Wal-Mart Stores, Inc., No. 5:09-CV-03339-EJD, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012). On the other hand, courts have found routine discovery and litigation costs that are unavoidable regardless of the outcome of the appeal do not amount to irreparable harm. See e.g., Amaro v. Gerawan Farming, Inc., No. 114CV00147DADSAB, 2016 WL 10679467, at *3 (E.D. Cal. Nov. 14, 2016) (finding no irreparable harm when defendants failed to identify significant types of discovery relevant to plaintiffs' appealed claims but not their remaining claims); Bradberry v. T-Mobile USA, Inc., No. C 06-6567 CW, 2007 U.S. Dist. LEXIS 58801, at *11-12 (N.D. Cal. Aug. 2, 2007) (stating that a stay would be appropriate if discovery were burdensome but "[t]he cost of some pretrial litigation does not constitute an irreparable harm to Defendant"); Monaco v. Bear Stearns Companies, Inc., No. CV0905438SJOJCX, 2012 WL 12506860, at *4 (C.D. Cal. Dec. 5, 2012).

Here, Plaintiffs seek class discovery on a wide range of issues, including class contact information, all 64 facilities Securus operates in, and identification of potential class members, among other issues. (Doc. No. 160-2, Exh. A at 8-11; Doc. No. 160-3,

Exh. B at 6-20.) Plaintiffs argue that the burden of routine discovery does not amount to irreparable harm, Plaintiffs' individual claims must be litigated regardless of the outcome of the appeal, and individual and class discovery may overlap extensively. But the parties dispute whether Plaintiffs are entitled to discovery on the merits of their individual claims. Moreover, the discovery Plaintiffs currently seek is primarily focused on class issues. (See Doc. No. 160-2, Exh. A at 8-11; Doc. No. 160-3, Exh. B at 6-20.) Such discovery would likely involve substantial, unrecoverable costs if the Ninth Circuit reverses the court's class certification order. See Pena, 2015 WL 5103157, at *4.[4]

Second, class notice may unnecessarily damage Securus' reputation, as Securus argues. (Doc. No. 160-1 at 9.) Any such damage would be completely unnecessary, Securus contends, if the class is decertified. Plaintiffs contend that this argument is premature because the parties have not yet requested approval of a class notice. But they do not dispute that the class will need to be notified in a timely manner. "Aside from the heightened emotion and awareness of the lawsuit that notice would bring, such notice could also cause potential class members to hire attorneys to assist them in making a decision whether or not to opt out of the class; whereas the Ninth Circuit ultimately might rule they should not be included in the class." Willcox v. Lloyds TSB Bank, PLC, No. 13-00508 ACK-RLP, 2016 U.S. Dist. LEXIS 28959, at *19 (D. Haw. Mar. 7, 2016). Accord Reyes v. Educ. Credit Mgmt. Corp., No. 15cv628 BAS (AGS), 2017 WL 4640418, at *4 n.1 (S.D. Cal. Oct. 17, 2017).

Without citing any authority, Plaintiffs argue that Securus should have moved for a stay earlier. This argument is unpersuasive as the likelihood of success and potential harm to Securus increased after the Ninth Circuit granted Securus' Rule 23(f) petition.

**C. Substantial Injury to Other Parties**

Plaintiffs argue that they will be irreparably injured if a stay is granted but fail to identify any irreparable harm. First, Plaintiffs argue that a stay will result in undue delay

---

[4] Securus argues that the parties will have to incur the cost of experts on class issues but does not identify any specific issues requiring expert testimony. (Doc. No. 160-1 at 8.)

of discovery. Plaintiffs argue that they have not received any discovery since the first phase of discovery ended in September 2017. As time passes, Plaintiffs argue, witnesses' memories fade and employees leave Securus. Plaintiffs will suffer little, if any, harm on this point. Witnesses' memories may fade with time, but Plaintiffs do not identify any key witnesses whose testimony they are concerned about or any other specific evidence that may be less valuable at a later time.

Second, Plaintiffs argue that Securus may not supplement its discovery responses. Plaintiffs argue that Securus provided late supplemental responses in the past and recently failed to update its responses when a potential class member reached out. The court sees no connection between Securus' willingness to provide timely supplemental responses and the granting of a stay.

Lastly, Plaintiffs argue that evidence will likely be destroyed if a stay is granted. Plaintiffs argue that Securus previously destroyed call recordings and may still be destroying evidence under its file deletion protocols. As Securus points out, Judge Dembin previously rejected the argument that Securus' purge of call recordings presents a danger of spoliation. In denying Plaintiffs' motion for a preservation order, Judge Dembin found that the purge occurred years before this case was filed and that he had "no concern, based upon this record, for the continuing existence and maintenance of the integrity of the evidence in question." (Doc. No. 42 at 2-3.) The court agrees with Judge Dembin on this matter as Plaintiffs present no other evidence of spoliation.

Plaintiffs also argue that third parties may destroy evidence. Plaintiffs represent that some law enforcement agencies have said they will not implement litigation holds or search for responsive documents. In July 2017, Plaintiffs served subpoenas on the San Diego District Attorney's Office (the "SDDA"), the Riverside County Sheriff's Office (the "Riverside Sheriff"), and the United States Attorney's Office for the Central District of California (the "USACAC"). (Doc. No. 163-1, Teel Decl. ¶ 4.) The SDDA confirmed that it was conducting a diligent and thorough search for responsive recordings. (Id. ¶¶ 10, 11; Doc. No. 163-9, Exh. G.) Plaintiffs do not indicate whether the Riverside Sheriff is

complying with the subpoena. The only agency to assert that it will not comply is USACAC. On August 10, 2017, USACAC stated that it could not comply with Plaintiffs' subpoena because Plaintiffs' counsel failed to comply with the applicable *Touhy* regulations, which govern discovery from the Department of Justice, and because the federal government is not a "person" within the meaning of Federal Rule of Civil Procedure 45 and thus cannot be served with a subpoena under that rule. (Doc. No. 163-3, Exh. A at 2-3.) On the current record, Plaintiffs' counsel made no attempt to comply with the Federal Rules of Civil Procedure or *Touhy* regulations. (See Doc. No. 163-4, Exh. B.) Instead, Plaintiffs' counsel sought to meet and confer and proposed that USACAC only search its open, instead of archived, files. (Id.) USACAC declined to place a litigation hold or search for documents. (Doc. No. 163-5, Exh. C at 2.) This exchange occurred over a year and a half ago. On the record before the court, Plaintiffs have taken no other action since that time. Plaintiffs fail to identify any facts suggesting that evidence may be destroyed despite their diligent efforts.

Lastly, a stay may benefit class members as it would protect against the possibility of unnecessary disclosure of personal information and avoid any confusion caused by issuing a class notice that may later need to be revised or withdrawn. See Brown, 2012 WL 5818300, at *4 (class members "face a likelihood of harm should a stay not issue" because sending class notice risks confusing class members and implicates privacy interests).

In sum, weighing the parties' prospective harm if a stay is granted, the balance tips sharply in Securus' favor.

**D. Public Interest**

The public interest weighs in favor of granting a stay. Although the public has an interest in vindicating invasions of privacy, as Plaintiffs argue, the public also has an interest in efficient use of judicial resources. See id. at *5. Rule 23(f) petitions are "granted sparingly." Chamberlan, 402 F.3d at 959. Staying this case pending appeal would "ensure the proper resolution of the important issues raised in this case by preventing potentially

9

16cv1283 JM (MDD)

wasteful work on the part of the court and the parties while the Ninth Circuit considers the serious legal question raised by Defendant's Rule 23(f) petition." Brown, 2012 WL 5818300, at *5 (quotation and citation omitted).

## CONCLUSION

Securus' motion for a stay is granted as its Rule 23(f) petition presents serious legal questions and the balance of harm tips sharply in its favor. This motion is granted without prejudice to the filing of an application to lift the stay partially or in its entirety if future circumstances warrant.

IT IS SO ORDERED.

DATED: April 17, 2019

JEFFREY T. MILLER
United States District Judge