NICHOLAS J. FOX (SBN 279577)
nfox@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 847-6700
Facsimile: (858) 792-6773

EILEEN R. RIDLEY (SBN 151735)
eridley@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone: (415) 434-4484
Facsimile: (415) 434-4507

ROBERT L. TEEL (SBN 127081)
*lawoffice@rlteel.com*
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone: (866) 833-5529
Facsimile: (855) 609-6911

RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
**LAW OFFICES OF
RONALD A. MARRON, APLC**
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMERO, FRANK TISCARENO, and KENNETH ELLIOTT, on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 16-cv-1283-JM-MDD<br><br>CLASS ACTION<br><br>**JOINT NOTICE OF SETTLEMENT, REQUEST TO VACATE ALL PENDING DEADLINES, AND REQUEST TO SET DEADLINE FOR FILING THE JOINT PRELIMINARY APPROVAL BRIEF** |

Plaintiffs Juan Romero, Frank Tiscareno, and Kenneth Elliott ("Plaintiffs") and Defendant Securus Technologies, Inc. ("Defendant") (collectively, the "Parties"), by and through their undersigned counsel, hereby jointly notify the Court that the Parties have reached a class-wide resolution of this matter and respectfully request the Court vacate all pending deadlines in light of the settlement and forthcoming preliminary approval motion. In support of the instant motion, the Parties state as follows.

1. On October 3, 2018 the Parties attended a full day mediation with the Honorable Leo S. Papas (Retired).

2. The Parties were unable to reach a resolution of the matter at this mediation.

3. On November 21, 2018, the Court denied a motion by Plaintiffs for partial summary judgment.

4. On November 21, 2018, the Court granted Plaintiffs' renewed motion for class certification of Plaintiffs' requests for monetary damages under CIPA and their requests for injunctive and declaratory relief, but limited certification for monetary damages to the Plaintiffs' claim under Cal. Penal Code § 636. The Court certified, pursuant to both Federal Rule of Civil Procedure 23(b)(2) and (b)(3), the following class:

> Every person who was a party to any portion of a conversation between a person who was in the physical custody of a law enforcement officer or other public officer in California, and that person's attorney, on a telephone number designated or requested not be recorded, any portion of which was eavesdropped on or recorded by Defendant Securus Technologies, Inc. by means of an electronic device during the period from July 10, 2008 to the applicable opt-out date, inclusive (the "Class Period").

5. Plaintiffs filed an interlocutory request to appeal the denial of their motion for partial summary judgment. This request was denied. All the Parties also petitioned the Ninth Circuit Court of Appeals for permission to appeal the Court's certification order under Federal Rule of Civil Procedure 23(f). Plaintiffs' request was denied. Defendant's request was granted. On April 17, 2019, the Court stayed all proceedings during the pendency of the appeal.

6. On August 16, 2019, the Parties attended a second mediation with Judge Papas. The Parties were unable to reach a resolution of the matter at this mediation, but continued to engage in extensive direct settlement negotiations.

7. The Parties thereafter conducted numerous telephonic conferences with the Ninth Circuit Court of Appeals Mediator Sasha M. Cummings. After extensive negotiations and numerous status calls with Ms. Cummings, the Parties reached a

settlement, the terms of which are memorialized in a written settlement agreement dated April 17, 2020.  The agreement calls for the Parties to file a joint motion for preliminary approval of the settlement on or before the 30th day following its effective date.

8. Economy would be served by vacating all existing dates as set forth in the Court's current case schedule, including any pretrial and trial dates, with the Court setting future dates as it deems necessary.  Accordingly, in the interest of preserving the Parties' and the Court's resources, the Parties respectfully request that the Court vacate all existing deadlines and dates.  The Parties also request the Court set a deadline of May 17, 2020, or as soon thereafter as the Court deems appropriate given the ongoing COVID-19 pandemic, for the Parties to file a joint motion for preliminary approval of the settlement agreement.

Dated: April 21, 2020　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By: *s/ Robert L. Teel*
　　　　　　　　　　　　　　　　　　Robert L. Teel

　　　　　　　　　　　　　　　　　　LAW OFFICE OF ROBERT L. TEEL
　　　　　　　　　　　　　　　　　　Robert L. Teel

　　　　　　　　　　　　　　　　　　FOLEY & LARDNER LLP
　　　　　　　　　　　　　　　　　　Eileen R. Ridley
　　　　　　　　　　　　　　　　　　Nicholas J. Fox

　　　　　　　　　　　　　　　　　　THE LAW OFFICE OF RONALD A. MARRON
　　　　　　　　　　　　　　　　　　Ronald A. Marron

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs Juan Romero,*
　　　　　　　　　　　　　　　　　　*Frank Tiscareno, and Kenneth Elliot*

Dated: April 21, 2020　　　　　　　　By: *s/ Adam R. Fox*
　　　　　　　　　　　　　　　　　　Adam R. Fox

　　　　　　　　　　　　　　　　　　SQUIRE PATTON BOGGS (US) LLP
　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Securus Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 21, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*/s/  Robert Teel*
Robert Teel