UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROMERO, FRANK TISCARENO, and KENNETH ELLIOTT on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>Defendant. | Case No.: 16cv1283 JM (MDD)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiffs Juan Romero, Kenneth Elliott, and Frank Tiscareno ("Plaintiffs"), on behalf of themselves and the class they represent, move for preliminary approval of a proposed class action settlement reached with Defendant Securus Technologies, Inc. ("Securus"). (Doc. No. 175.) Securus does not oppose. (Doc. 175-2 ¶ 22.) A hearing on the motion was held on June 6, 2020. For the reasons set forth below, the motion is **GRANTED**.

**I.    BACKGROUND**

On May 27, 2016, Plaintiffs filed a putative class action alleging that Securus unlawfully recorded calls between detainees and attorneys. Securus provides inmate communication services for correctional facilities throughout California. Plaintiffs are two

former inmates and a criminal defense attorney who used Securus' telephone systems to make calls to and from certain correctional facilities in California and whose calls were recorded. After the court partially granted two successive motions to dismiss, Plaintiffs filed the operative Third Amended Complaint, which alleges claims for violation of the California Invasion of Privacy Act (CIPA), unfair competition, violation of the California Business and Professions Code § 17200 *et seq.*, concealment, fraud, negligence, and unjust enrichment. (Doc. No. 30.)

On October 10, 2017, Plaintiffs first moved for class certification, seeking to represent the class under both Rule 23(b)(2) and 23(b)(3). (Doc. No. 62.) Plaintiffs argued there were at least 123 potential class members in San Diego, and more statewide. (Doc. No. 62-1 at 8-10.) Plaintiffs argued that the commonality and typicality requirements were met by a common contention that Securus recorded phone conversations between detainees and attorneys without permission. (*Id*. at 11.) Plaintiffs supported their adequacy argument with declarations from Plaintiffs and their counsel attesting to Plaintiffs' commitment to the class and counsels' experience in prosecuting complex litigation cases and unlawful recording class actions. (*Id*. at 14-16.)

On April 12, 2018, the court denied Plaintiffs' motion for class certification without prejudice, explaining that Plaintiffs had "fail[ed] to present sufficient evidence . . . . that there is an administratively feasible manner to determine whether a class action is the superior method for prosecuting Plaintiffs' claims." (Doc. No. 93 at 5.) The court found the class could be as small as 22 members or as large as thousands, and numbers at the low end might not produce efficiencies from class litigation. *Id.* at 5-6. The court allowed Plaintiffs to renew their motion within 90 days notwithstanding Securus' position that it had completed its production and that the deadline for discovery on class certification issues had passed. *Id.* at 6.

On May 22, 2018, Plaintiffs moved for summary judgment on the issue of whether their CIPA claim required proof of intent. (Doc. No. 101.) On July 11, 2018, Plaintiffs also filed a renewed motion for class certification. (Doc. No. 122-1.) On November 21,

2018, the court issued an order resolving both motions. (Doc. No. 141.) The court denied Plaintiffs' motion for partial summary judgment because it found that CIPA is not a strict liability statute, and because Plaintiffs failed to establish there is no genuine dispute of material fact as to whether Securus had the necessary intent. *Id.* at 19. However, the court granted in part Plaintiffs' renewed motion for class certification. *Id.* at 33-34. The court certified a class for Plaintiffs' CIPA claim under Rule 23(b)(2) and Rule 23(b)(3), but denied class certification for each of Plaintiffs' other claims. *Id.* The court certified the following class:

> Every person who was a party to any portion of a conversation between a person who was in the physical custody of a law enforcement officer or other public officer in California, and that person's attorney, on a telephone number designated or requested not to be recorded, any portion of which was eavesdropped on or recorded by Defendant Securus Technologies, Inc. by means of an electronic device during the period from July, 10, 2008 to the applicable opt-out date, inclusive[.]

(*Id*. at 34.) The court also appointed as class counsel the Law Office of Robert L. Teel, the Law Offices of Ronald A. Marron, and Foley & Lardner. *Id.*

Thereafter, the parties participated in two day-long mediation sessions with the Honorable Leo S. Papas (Retired), first on October 3, 2018 and again on August 16, 2019. While the mediations did not result in an immediate settlement, the parties reportedly made significant progress and continued to engage in direct settlement negotiations following the conclusion of the second mediation.

On December 3, 2018, Plaintiffs filed an interlocutory request with the Ninth Circuit to appeal the denial of their motion for partial summary judgment, which was denied. (Doc. Nos. 143, 149.) Additionally, Plaintiffs and Securus petitioned the Ninth Circuit for review of the district court's class certification order. (Doc. Nos. 144, 145.) Plaintiffs sought review of the district court's denial of class certification as to all claims except their CIPA claim, arguing that they were based on the same central question and common proof. (Doc. No. 144.) Securus sought review of three questions: (1) whether the court could certify

class claims without any evidence that Securus had a common, class-wide intention about recording; (2) whether class litigation was superior to other forms of litigation in this case; and (3) whether the court had the authority to grant Plaintiffs' motion for class certification after having denied Plaintiffs' first motion for class certification. (Doc. No. 145.) Securus also argued that the district court erred because the court misapplied the law governing allegations of improperly recorded calls after 2014. *Id.* On February 27, 2019, the Ninth Circuit denied Plaintiffs' petition, but granted Securus' petition. (Doc. Nos. 155, 156.) On April 17, 2019, the action was stayed in the district court pending Securus' appeal. (Doc. No. 168.)

Following the Ninth Circuit's grant of review of Securus' petition, the Ninth Circuit appointed a mediator. After multiple status conferences with the mediator, an agreement was reached. On March 12, 2020, the Ninth Circuit dismissed the appeal without prejudice to reinstatement for approval of the settlement by the district court. On May 18, 2020, Plaintiffs filed the instant motion for preliminary approval of the class action settlement.

## II.   SETTLEMENT AGREEMENT TERMS

The terms of the proposed settlement include only injunctive relief, and no monetary relief, to the class members. (Doc. No. 175-3). Under the proposed settlement agreement, within six months of the date the court enters judgment granting final approval of the settlement, Securus will: (1) make available to its current and future California facility customers a "private call" option when dialing approved numbers that will allow inmates to make free calls that "will not be recorded;" (2) make available to its current and future California customers message prompts advising them, *inter alia*, that calls to non-approved numbers may be monitored and recorded, but calls to approved numbers will not; and (3) post on its website information on how to designate a telephone number as an approved number. For five years thereafter, Securus will provide Plaintiffs' counsel with bi-annual declarations describing Securus' compliance. Additionally, subject to the court's approval, Securus will pay each Plaintiff a service award of $20,000, and attorneys' fees and costs in the amount of $840,000. Only the named Plaintiffs, not class members, will release their

claims for injunctive relief and for damages. Finally, upon issuance of the preliminary approval order, Securus will engage a third-party administrator, ILYM Group, to provide notice to class members by email, or in the event of an invalid email address, by mail.

As a result of their settlement, the parties request that the court amend its November 21, 2018 class certification order so that it includes only injunctive relief under Rule 23(b)(2). *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."); *see also In re MDC Holdings Sec. Litig.*, 754 F. Supp. 785, 801 (S.D. Cal. 1990) ("Throughout the trial, the district court retains the authority to amend the certification order as may be appropriate as the case develops."). Accordingly, Plaintiffs seek to modify the November 21, 2018 class definition to the following:

> Every person who was a party to any portion of a conversation between a person who was in the physical custody of a law enforcement officer or other public officer in California, and that person's attorney, on a telephone number designated or requested not to be recorded, any portion of which was eavesdropped on or recorded by Defendant Securus Technologies, Inc. by means of an electronic device during the period July 10, 2008 through whichever occurs first: (1) the date on which the court grants preliminary approval of the settlement; or (2) June 16, 2020.

(Doc. No. 171-1 at 12.)[1]

### III.   PRELIMINARY CERTIFICATION OF RULE 23 CLASS

Before approving the settlement, the court's "threshold task is to ascertain whether the proposed settlement class satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure applicable to class actions, namely: (1) numerosity, (2) commonality,

---

[1] Although the court has already appointed class counsel, Plaintiffs also request that the court "reconfirm" the appointment of the Law Office of Robert L. Teel, the Law Offices of Ronald A. Marron, and Foley & Lardner as class counsel for the settlement. (Doc. No. 175-1 at 20-21.) Plaintiffs support this request by noting that they have devoted and will continue to devote a significant amount of time and effort to this litigation, and that they have extensive experience in complex litigation and class actions. (*Id.*)

(3) typicality, and (4) adequacy of representation." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). In the settlement context, the court "must pay undiluted, even heightened, attention to class certification requirements." *Id*. In addition, the court must determine whether class counsel is adequate (Fed. R. Civ. P. 23(g)), and whether "the action is maintainable under Rule 23(b)(1), (2), or (3)." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000) (quoting *Amchem Prod. v. Windsor*, 521 U.S. 591, 614 (1997)).

### A. Numerosity

This requirement is satisfied if the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "A class greater than forty members often satisfies this requirement[.]" *Walker v. Hewlett-Packard Co.,* 295 F.R.D. 472, 482 (S.D. Cal. 2013) (citing *Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*, 249 F.R.D. 334, 346 (N.D. Cal. 2008)). Here, the court previously found that joinder of the 246 potential class members identified by Plaintiffs would be impracticable. (Doc. No. 141 at 30-31.) Additionally, given that the relief sought now only includes injunctive relief, the numerosity requirement may be relaxed. *See Reynoso v. RBC Bearings, Inc.,* Case No. SACV 16-01037 JVS(JCGx), 2017 WL 6888305, at *5 (C.D. Cal. Oct. 5, 2017), *decertified on other grounds by Reynoso v. All Power Mfg. Co.,* No. SACV 16-01037 JVS(JCGx), 2018 WL 5906645, at *6 (C.D. Cal. Apr. 30, 2018). Accordingly, this requirement has been met.

### B. Commonality

This requirement is satisfied if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "To satisfy this commonality requirement, plaintiffs need only point to a single issue common to the class." *Vasquez v. Coast Valley Roofing, Inc.,* 670 F. Supp. 114, 1121 (E.D. Cal. 2009). Here, as the court previously found, the requirement is satisfied because the class claim involves a single common question and that common issues dominate this litigation. (Doc. No. 141 at 31.) The court identified the following two class-wide questions that could be answered by common proof: (1)

"[w]hether Securus recorded calls between detainees and attorneys without their permission," and (2) "[h]ow and why Securus recorded detainee-attorney calls." (*Id*. at 24.)

### C. Typicality

The typicality requirement is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation and citation omitted). Here, the court previously found that "[l]ike all class members, Plaintiffs' confidential calls were recorded by Securus without their permission." (Doc. No. 141 at 31). Thus, the injunctive relief achieved by the settlement would apply to Plaintiffs and other members of the class equally. For the purposes of preliminary approval of settlement, therefore, Plaintiffs have made an adequate showing of typicality.

### D. Adequacy

The final Rule 23(a) requirement is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requires the court to address two questions: "(a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *In re Mego*, 213 F.3d at 462. A court certifying a class must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* at 23(g)(1)(B).

Here, the court already determined that Plaintiffs and class counsel will fairly and adequately protect the class members' interests. (Doc. No. 141 at 32-33.) Plaintiffs assert that "nothing has changed in that regard," and "[s]ince the Court's order granting class certification, Class Counsel have continued to vigorously litigate this action before this Court and the Ninth Circuit and have engaged in extensive settlement negotiations, further evidencing that Rule 23(a)'s adequacy requirements remain satisfied." (Doc. 175-1 at 18.) Because there is no obvious conflict between the named Plaintiffs' interests and those of the class members, and because Plaintiffs' counsel appears to have extensive experience in litigating wage and hour class action lawsuits, this element is satisfied for the purposes of preliminary approval.

### E. Rule 23(b)(2)

"In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must show that the action is maintainable under Fed. R. Civ. P 23(b)(1), (2) or (3)." *Hanlon*, 150 F.3d at 1022. Rule 23(b)(2) provides that a class action may be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Here, the court previously determined that a single injunction or declaratory judgment would provide relief to each member of the class. (Doc. No. 141 at 30 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011)). Additionally, the court previously found that "[a]n injunction prohibiting Securus from eavesdropping on, listening to, recording, disclosing, or using communications between detainees and their attorneys without their permission would prevent an issue similar to the one presented here from recurring," and that such a ruling "would benefit all members of the class." (*Id*. at 29.) In accordance with the above, for purposes of preliminary approval, Plaintiffs have satisfied the requirements for certification of a class under Rule 23.

## IV. PRELIMINARY APPROVAL OF SETTLEMENT

"At the preliminary approval stage, the Court may grant preliminary approval of a settlement if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Sciortino v. PepsiCo, Inc.*, Case No. 14-cv-00478-EMC, 2016 WL 3519179, at *4 (N.D. Cal. June 38, 2016) (quoting *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *7 (N.D. Cal. Apr. 29, 2011)). "At the preliminary approval stage, a full fairness analysis is unnecessary." *Zepeda v. Paypal, Inc.*, No. C 10-1668 SBA, 2014 WL 718509, at *4 (N.D. Cal. Feb. 24, 2014) (internal quotation marks and citation omitted). "Closer scrutiny is reserved for the final approval hearing." *Sicortino*, 2016 WL 3519179, at *4.

Rule 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon*, 150 F.3d at 1025. The Rule also "requires the district court to determine whether a proposed settlement is fundamentally fair, adequate and reasonable." *Id*. at 1026. In making this determination, the court is required to "evaluate the fairness of a settlement as a whole, rather than assessing its individual components." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818-19 (9th Cir. 2012). Because a "settlement is the offspring of compromise, the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon*, 150 F.3d at 1027. Thus, in assessing a settlement proposal, the district court is required to balance a number of factors, namely:

> the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of governmental participant; and the reaction of the class members to the proposed settlement.

*Id.* at 1026. The court's primary concern "is the protection of those class members, including the named [p]laintiffs, whose rights may not have been given due regard by the negotiating parties." *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982) (citation omitted). "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004). "Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation." *U.S. v. Armour & Co.*, 402 U.S. 673, 681 (1971). Furthermore, there is a strong judicial policy in favor of settlement, but the settlement may not be the product of collusion among the negotiating parties. *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004). A full fairness analysis is unnecessary at the preliminary approval stage because some of these factors may not be able to be fully assessed until the court conducts a final fairness hearing. *See Dalton v. Lee Publ'ns, Inc.*, No. 08-CV-1072-GPC-NLS, 2015 WL 11582842, at *6 (S.D. Cal. Mar. 6, 2015). "At this preliminary approval stage, the court again need only 'determine whether the proposed settlement is within the range of possible approval'" and thus, whether the notice to the class and the scheduling of a fairness hearing is appropriate. *Alberto v. GMR, Inc.*, 252 F.R.D. 652, 666-67 (E.D. Cal. 2008) (citation omitted).

Plaintiffs argue that the proposed settlement represents a fair, adequate, and reasonable result for class members because the class members: (1) will receive notice of the litigation and the changes in Securus' privacy practices; (2) will be given an opportunity to object; and (3) are not bound to release any rights they may have to seek and obtain monetary damages or other relief. (Doc. No. 175 at 22.) Plaintiffs further argue that the proposed settlement satisfies the standard for preliminary approval because it: (1) falls within the range of possible approval; (2) is the product of serious, informed, and non-collusive negotiations; (3) has no obvious deficiencies; and (4) does not improperly grant

preferential treatment to class representatives or segments of the class.  (*Id.* at 22-23 (citing *Lopez v. Mgmt. & Training Corp.*, Case No.: 17cv1624 JM(RBM), 2019 WL 6829250, at *5 (S.D. Cal. Dec. 13, 2019)).

### A.   Range of Possible Approval

To determine whether a proposed settlement is within the range of possible approval, "courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer."  *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007).  This requires the court to evaluate the strength of a plaintiff's case. *Id.*  Here, Plaintiffs assert that the injunctive relief in the proposed settlement is designed to eliminate virtually all risk of inadvertent recording of attorney-detainee phone calls.  (Doc. No. 171-1 at 23.)  Plaintiffs argue, and the court agrees, that the outcome of litigation is uncertain because Securus continues to deny any wrongdoing and there is the distinct possibility that the Ninth Circuit could reverse the district court's order granting class certification.  Additionally, because the district court rejected Plaintiffs' theory of strict liability on summary judgment, and because the Ninth Circuit declined to review that issue, Plaintiffs may be required to prove scienter at trial, which will be challenging because Securus maintains that the call recordings resulted from a software glitch.

### B.   Arm's Length Negotiations

In *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009), the Ninth Circuit stated, "[w]e put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."  Plaintiffs argue, and the court agrees, that the proposed settlement is the result of an arm's length negotiation because: (1) it was preceded by four years of litigation involving extensive discovery and substantive motions; (2) at the time of settlement, Plaintiffs and class counsel had a full understanding that injunctive relief would adequately benefit the class when weighed against the risks of continuing litigation; (3) the parties participated in two in-person mediation sessions with an experienced mediator, and several months of continued settlement negotiations supervised by the Ninth Circuit

mediator; and (4) class counsel have extensive experience in complex litigation and class actions. (Doc. No. 171-1 at 26-27.)

### C. Deficiencies

In *Tableware*, 484 F. Supp. 2d. at 1080, the district court found that a settlement is likely free from obvious deficiencies when it provides a real, immediate benefit to the class despite numerous risks. Plaintiffs argue, and the court agrees, that the injunctive relief afforded is significant in light of the serious risks Plaintiffs face obtaining relief for the class at trial, and the risk that the Ninth Circuit would reverse class certification. (Doc. No. 175-1 at 27.)

### D. Preferential Treatment

"[T]he Ninth Circuit has recognized that service awards to named plaintiffs in a class action are permissible and do not render a settlement unfair or unreasonable." *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *9 (N.D. Cal. Apr. 29, 2011) (citing *Stanton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003)). Plaintiffs therefore argue that the proposed settlement agreement does not give preferential treatment to any member, even though it authorizes the named Plaintiffs to seek an amount up to $20,000 as a service award. (Doc. No. 17-1 at 28.) As the court made clear to the parties during the hearing on the instant motion, the appropriateness of a service award, and the amount of any service award, will ultimately be decided by the court after the final approval hearing.

### E. Notice

Class members are entitled to receive the best notice practicable about the settlement. Fed. R. Civ. P. 23(c)(2). Notice should be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). "[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due

process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975). In support of the sufficiency of their proposed notice, Plaintiffs state:

> [T]he settlement administrator will be provided with the most current list of names, email addresses, and physical addresses of Class Members based on Defendant's records. The settlement administrator will then email (and if necessary, mail) the Notice to all known Class Members. The Notice directs Class Members to the Settlement website, where they can find Settlement-related documents, including the Settlement Agreement, the Notice, and other pertinent information.

(Doc. No. 171-1 at 25.)

The proposed class notice appears plain and easily understood because the notice describes the claims, the class members, the relief provided under the settlement, and class members' rights and option to appear at the final approval hearing personally or through counsel. (Doc. 175-3 at 21-22.) Additionally, class members will have an opportunity to object to the settlement because under a Rule 23(b)(2) class action involving injunctive relief, there is no opportunity to opt out, and the class members here are not bound by the release.

## V. CONCLUSION AND ORDER

Based on the April 17, 2020 settlement agreement, the unopposed motion for preliminary approval of the settlement, supporting documents, and a hearing with the parties, the court concludes upon preliminary examination, that: (1) the proposed class satisfies the requirements of Rule 23(a) and Rule 23(b)(2); (2) the settlement appears fair, reasonable, and adequate, and within the range of reasonableness for preliminary approval such that a presumption of fairness is appropriate; (3) the class should receive notice of the settlement and be provided the opportunity to object to it; and (4) whether the settlement is fair, reasonable, and adequate and should be finally approved and confirmed through final judgment, and whether the court should grant class counsel's request for payment of attorneys' fees, as well as the service award for the class representatives, should be considered at, and is reserved for, a final approval hearing.

The court therefore preliminarily finds that the settlement of the action, on the terms and conditions set forth in the agreement and the exhibits thereto, are fundamentally fair, reasonable, adequate and in the best interests of the class members, taking into consideration the benefits to class members; the strength and weaknesses of Plaintiffs' case; the complexity, expense and probable duration of further litigation; and the risk and delay inherent in possible appeals, subject to the following revisions:

1. The first full sentence of Article III, "SETTLEMENT TERMS," Section E, Subpart 4, "Compliance Reporting," on page 6 of 17 of the Settlement Agreement shall be amended and restated to read, "Within twelve (12) months of the Effective Date, and within each six-month period thereafter during the Term of this Settlement Agreement, Securus will serve on Class Counsel a declaration executed under penalty of perjury describing Securus' compliance with the requirements of this Agreement."

2. The second full sentence of Article III, "SETTLEMENT TERMS," Section G, "Service Awards," on page 7 of 17 of the Settlement Agreement shall be amended and restated to read, "After preliminary approval of the Agreement, the Class Representatives may file a petition for Service Awards in an amount up to $20,000 each."

3. The last sentence of Article IV, "RELEASE OF CLAIMS," Section A on page 7 of 17 of the Settlement Agreement shall be amended and restated to read, "Plaintiffs shall release any further rights to file an Application for Attorneys' Fees and Costs and for a Service Award following entry of the Court's order in connection therewith and the Court's Final Approval Order."

4. Article VIII, "MISCELLANEOUS PROVISIONS," Section V, "Continuing Jurisdiction," on page 15 of 17 of the Settlement Agreement shall be amended and restated in its entirety to read "Continuing Jurisdiction. The Court may have continuing jurisdiction to implement this Agreement's terms and the Final Judgment. The Parties submit to the jurisdiction of the Court for purposes of implementing the terms of the Settlement Agreement."

Notice of the settlement should be given to persons in the class and a full hearing should be held for final approval of the settlement. The provisions of the settlement agreement as modified herein are preliminarily approved and the parties shall comply with each of its terms. The court also hereby finds and orders the following:

### 1. Jurisdiction

Based on the information provided by the parties to date, the court appears to have jurisdiction over the subject matter of this action and over each of the parties hereto, including under 28 U.S.C. § 1332, and venue appears proper in this district.

### 2. Settlement Administrator

The court approves the selection of ILYM, Inc. to be the settlement administrator. The settlement administrator will administer the applicable provisions of the agreement in accordance with the terms of the agreement, including, but not limited to: (1) distributing and providing the class notice; (2) receiving and examining objections; and (3) preparing, administering, and issuing all payments and disbursements required under the settlement agreement.[2]

### 3. Class Action Fairness Act

In compliance with the Class Action Fairness Act, 28 U.S.C. § 1715, and as set forth in the agreement, Defendant itself, or through its designee, is ordered to serve written notice

---

[2] As stated in the settlement agreement, the Defendant shall pay all costs and expenses in connection with giving notice as set forth herein.

of the proposed settlement on the U.S. Attorney General and the appropriate California state official, unless such notice has already been served.

### 4. Class Members

Pursuant to Rule 23(b)(2), the certification of the action is confirmed for settlement purposes as a class action on behalf of the following class members:

> Every person who was a party to any portion of a conversation between a person who was in the physical custody of a law enforcement officer or other public officer in California, and that person's attorney, on a telephone number designated or requested not to be recorded, any portion of which was eavesdropped on or recorded by Defendant Securus Technologies, Inc. by means of an electronic device during the period July 10, 2008 through June 16, 2020.

Excluded from the class are the judges to whom the action is or has been assigned and any member of the judges' staffs and immediate families.

### 5. Class Representatives and Class Counsel Appointments

For purposes of the court considering preliminary approval, the court confirms its appointment of Plaintiffs as the class representatives and Foley & Lardner LLP, the Law Offices of Ronald A. Marron, and the Law Office of Robert L. Teel as class counsel.

### 6. Distribution of Notice

The court approves the form, content and method of notice set forth in the agreement. Defendant shall provide the class list and email addresses to the settlement administrator within five (5) days of this order granting preliminary approval.

The furnishing of information by Defendant to the settlement administrator for purposes of giving notice to settlement class members or otherwise to administer the settlement is pursuant to this court's order, as relevant to any law regarding consumer reports.

No later than ten (10) days after the date of this order, the settlement administrator shall establish the settlement and notice website. No later than fifteen (15) days after the date of this order, the settlement administrator shall send by email the class notice and a

link to the settlement website to each person on the class list at their last known email address as provided by Defendant or as updated by the settlement administrator. The email will include a link to the settlement website to be maintained by the settlement administrator. In the event of an invalid email address, the settlement administrator will mail hardcopies of the notice to the address in Securus' database or as updated by the settlement administrator through the national change of address database or otherwise. The settlement administrator shall use such methods as it determines are practicable (which may include a reverse-directory lookup and/or skip tracing) to attempt to match email addresses or mail addresses and contact information to names and addresses.

As to class members whose names and addresses are not located through such methods, the settlement administrator shall provide notice by the settlement website. The settlement website shall contain the full details of the settlement. If the attempts at notice for any class member are unsuccessful, the settlement website shall constitute notice and the class member shall be deemed a member of the settlement class whose rights and claims with respect to the issues raised in this action will be determined by the court's final order approving the settlement of the class claim and this action, the judgment, and by the other rulings in the action. With their motion for final settlement approval, class counsel shall file a declaration from the settlement administrator detailing its compliance with the notice procedures set forth in the agreement.

The form, content, and method of notice set forth in the agreement and approved herein provide a means of notice reasonably calculated to apprise the class members of the pendency of the action and the proposed settlement, and thereby meet and satisfy the requirements of Rule 23(c)(2), as well as due process under the United States Constitution, and any other applicable law, and shall constitute due and sufficient notice to all settlement class members entitled thereto.

### 7. Settlement Process

The court preliminarily approves the settlement for injunctive relief only as fair, reasonable, and adequate for members of the class. The Defendant shall institute the

changes to its business practices within the time frame set forth in the agreement. The court preliminarily approves the process set forth in the agreement for the change in Defendant's business practices.

### 8. Class Certification

The court confirms that the action satisfies the applicable prerequisites for class action treatment under Rule 23 and preliminarily confirms its certification of the class and approves the class for settlement under Rule 23(b)(2).

### 9. Objections by Class Members

Any class member may object to the settlement, including without limitation, the injunctive relief to be undertaken by Defendant under the settlement, class counsels' application for attorneys' fees and litigation expenses, and the class representatives' service payments, by mailing a written objection to the settlement administrator asking the court to deny approval containing the class member's name, address, and telephone number, and a statement that he or she objects to the approval of the settlement.

The last day for class members to submit written objections shall be seventy-five (75) days after the date of this order granting preliminary approval of the settlement. Any such objections must be made in accordance with the terms set forth in the class notice and will be timely only if postmarked no later than seventy-five (75) days after the date of this order granting preliminary approval of this settlement and agreement.

Any class member who wants to appear at the final approval hearing, either personally or through counsel, must so state in his or her objection. The timeliness of objections and notices shall be conclusively determined by the postmark date. Class counsel shall file with the court any objections received with the final approval motion papers. No later than seven (7) days before the final approval hearing, the parties may file with the court replies to any objections.

Class members appearing through their own attorney are responsible for paying that attorney. All written objections and supporting papers filed with the court must clearly identify the case name and number, be submitted to the court either by mailing them to the

Clerk of the Court for the United States District Court for the Southern District of California, or by filing them in person in the United States District Court for the Southern District of California, and be filed or postmarked on or before the objection deadline. Class members who do not file their objections in the manner set forth herein will be deemed to have waived all objections.

### 10. Motion for Final Approval and Application for Attorney Fees and Costs and Service Awards.

Class counsel shall file a motion for final approval of the settlement, approval of class representatives' service payments, and an application for attorneys' fees and costs no later than sixty (60) days after the date of this order granting preliminary approval of the settlement. The motion for final approval of settlement and motion for attorneys' fees shall be posted on the settlement website by the settlement administrator so that they may be reviewed and printed out by any member of the settlement class or any other person.

### 11. Final Approval Hearing

The court will conduct a final approval hearing on Monday, *September 28, 2020* in courtroom 5D of the United States District Court for the Southern District of California, 221 West Broadway, San Diego, California 92101. The final approval hearing may be rescheduled or continued by the court without further notice to the settlement class members. At the final approval hearing, the court will consider: (1) whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23; (2) whether the settlement is fundamentally fair, reasonable, adequate, and in the best interest of the class members and should be approved by the court; (3) whether the order granting final approval of class action settlement and final judgment, as provided under the agreement, should be entered issuing the injunction, releasing the released claims, and dismissing the action with prejudice; and (4) such other issues as the court deems appropriate. Attendance by the class members at the final approval hearing is not necessary. Settlement class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.

### 12. Other Proceedings and Continuing Jurisdiction

Pending the final determination of the fairness, reasonableness, and adequacy of the proposed settlement, no class representative shall prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to any claims released against the Defendant. If the agreement is not finally approved for any reason, then this order shall be vacated, the agreement shall have no force and effect, and the parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the agreement had never been executed and this order never entered, subject to the court's discretion. The court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and implementation of the agreement.

IT IS SO ORDERED.

DATED: June 16, 2020

JEFFREY T. MILLER
United States District Judge